## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U-HAUL International, Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. _____<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL

Defendant, U-Haul International, Inc. by and through its undersigned attorneys, hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441, *et seq.* and states the following grounds in support of the removal of the above-captioned action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

1. Plaintiff instituted the above-captioned action in the Superior Court of the District of Columbia by filing a Complaint on or about July 30, 2007. The Clerk of the superior court assigned this action docket no. 0005245-07 (hereinafter referred to as the "Superior Court Action"). Copies of the superior court Summons and Complaint (the "Superior Court Pleadings") are included as Attachment A hereto and constitute all process, pleadings and orders that have been served upon Defendant.

2. Defendant received the Superior Court Pleadings by certified mail on August 31, 2007.

1

3.  Removal of the Superior Court Action is proper under 28 U.S.C. § 1441, *et seq.*, because the district courts of the United States have original jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1332(d)(2) which grants original jurisdiction over class actions where (1) any member of a class of plaintiffs is a citizen of a State different from any Defendant, or any member of a class of plaintiffs is a citizen or subject of a foreign state and any defendant is a citizen of a State, and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2)(A), (B) (2007).

4.  The named Plaintiff is a citizen of a State, or foreign state, which is different from the Defendant.  The Superior Court Action was commenced by Plaintiff, a resident of Guanajuato, Mexico, who purports to represent a class of "similarly situated purchasers in the District of Columbia."  (Complaint at 1.)  Defendant is incorporated under the laws of Nevada; its principal place of business is in Phoenix, Arizona. (Attachment B at ¶ 3, Declaration of Tim Misterek.)

5.  There also is a "reasonable probability that the stakes exceed the minimum" of $5,000,000, exclusive of interests and costs.  *Brill v. Countrywide Home Loans*, 427 F.3d 446, 449 (7th Cir. 2005).  For purposes of establishing jurisdiction, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6) (2007).

6.  The Superior Court Action alleges at least two causes of action: a violation of the D.C. Consumer Protection Procedures Act ("CPPA"), and unjust enrichment.  Based upon these causes the Superior Court Action seeks money damages, including treble

damages pursuant to D.C. Code § 28-3905(k)(1)(A), punitive damages, attorneys' fees and costs, and injunctive relief. (Complaint at 8.)

7. The Complaint appears to seek damages for any person who rented a vehicle bearing the U-Haul trademark in the District of Columbia. (Complaint at 6, ¶ 31.) Defendant estimates that as many as 69,671 trucks, trailers and towing equipment have been rented from within the District of Columbia over the past three years. (Attachment B at ¶ 3.)

8. D.C. Code § 29-3905(k)(1)(A) authorizes "treble damages, or $ 1,500 per violation, whichever is greater, payable to the consumer. . . ."

9. Given the number of transactions and the statutory penalty potentially involved, the aggregate monetary damages at issue may well exceed the $5,000,000 amount necessary to establish federal jurisdiction. In addition, the Plaintiff seeks punitive damages, attorney's' fees and costs, and injunctive relief. (Complaint at 8.)

10. Alternatively, removal of the Superior Court Action is proper under 28 U.S.C. § 1441, *et seq.,* because the district courts of the United States have original jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1332(a) which grants original jurisdiction over all civil actions where (1) the parties are citizens of different States, or where one party is a citizen of a State, and the other party is a citizen or subject of a foreign state, and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a)(1), (2) (2007).

11. The named Plaintiff is a citizen of a State, or foreign state, which is different from the Defendant. The Superior Court Action was commenced by Plaintiff, a resident of Guanajuato, Mexico, who purports to represent a class of "similarly situated

purchasers in the District of Columbia." (Complaint at 1.) Defendant is incorporated under the laws of Nevada; its principal place of business is in Phoenix, Arizona. (Attachment B at ¶ 3.)

12. There also is a "reasonable probability that the stakes exceed the minimum" of $75,000, exclusive of interests and costs when all of Plaintiff's requested relief is considered. *Brill v. Countrywide Home Loans*, 427 F.3d 446, 449 (7th Cir. 2005).

13. Plaintiff appears to seek monetary damages in an amount of $1,025.69 for unjust enrichment. (Complaint at 4, 5 ¶23.)

14. Plaintiff also seeks monetary damages, in an unspecified amount, under the CPPA which allows for "treble damages, or $ 1,500 per violation, whichever is greater, payable to the consumer. . . ." D.C. Code § 29-3905(k)(1)(A) (2007). Therefore, at a minimum, Plaintiff appears to seek $2,525.69 in monetary damages.

15. In addition to monetary damages, the Plaintiff seeks an unspecified amount of punitive damages indicating that there is a reasonable probability that the stakes exceed $75,000. *Rwanda v. Rwanda Working Group*, 150 F. Supp. 2d 1, 5 (D.D.C. 2001) (stating that "[t]he amount in controversy includes both actual and punitive damages.").

16. In addition to monetary and punitive damages, Plaintiff seeks attorney's fees and costs, which are authorized under the CPPA, further indicating that there is a reasonable probability that the stakes exceed $75,000. D.C. Code § 28-3905(k)(1)(A) (2007); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (holding that the amount in controversy includes plaintiff's reasonable estimate of attorney's fees if such fees are authorized by statute).

17.  In addition to monetary damages, punitive damages, and attorney's fees and costs, Plaintiff seeks to enjoin Defendant from engaging in its advertising practices, further indicating that there is a reasonable probability that the stakes exceed $75,000. *Committee For GI Rights v. Callaway*, 518 F.2d 466, 473 (D.C. Cir. 1975) (stating that amount in controversy includes Defendant's cost of complying with requested injunction).

18. Defendant submits this Notice of Removal without waiving any defenses to Plaintiff's claims or conceding that Plaintiff has pled any claims upon which relief may be granted.  Further, by filing this Notice of Removal, Defendant does not waive any defenses with respect to the adequacy or effectiveness of service of process.

19. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days after Defendant's receipt of copies of the Superior Court Pleadings by service of process or otherwise.

20. There are no related proceedings pending or recently filed in this Court.

21. Contemporaneous with Defendant's filing of this Notice of Removal, Defendant is filing a Notice to Superior Court of Filing of Notice of Removal with the Clerk of the Superior Court for the District of Columbia to effect the removal of this action pursuant to 28 U.S.C. § 1446(d).  No proceedings have occurred in the Superior Court Action.  Defendant intends to appear in the Superior Court Action for the limited purpose of filing the requisite Notice of Filing of Notice of Removal.

22. Defendant will give written notice to Plaintiff of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), pursuant to Defendant's Notice to Adverse Party of Removal, a copy of which is included as Attachment C.

23. Pursuant to Fed. R. Civ. P. 7.1(a) Defendant has included a Disclosure Statement as Attachment D.

**WHEREFORE**, Defendant respectfully requests that the Superior Court Action be removed from the Superior Court of District of Columbia to the United States District Court for the District of Columbia.

**DEFENDANT,**
U-HAUL INTERNATIONAL, INC.


By_____
David Zetoony (D.C. Bar No. 486456)
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)
(202) 220-7330 (fax)
David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137 (phone)
(602) 364-8137 (fax)
lgscarborough@bryancave.com

## **CERTIFICATION OF SERVICE**

I hereby certify that on September 18, 2007, a copy of the foregoing was served

by first class U.S. mail, postage prepaid, upon all counsel of record, as follows:

Steven A. Skalet
Mehri & Skalet, P.L.L.C.
1250 Connecticut Ave., N.W. Ste 300
Washington D.C. 20036
202-822-5100

*Counsel for Plaintiff Michael Margolis*

# Attachment A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
08/31/2007
Log Number 512553850

**TO:**     Steve Taub
            U-Haul International, Inc.
            2721 N. Central Avenue
            Phoenix, AZ, 85004

**RE:**     **Process Served in Arizona**

**FOR:**    U-Haul International, Inc. (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Margolis, etc., Pltf. vs. U-Haul International, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Information Sheet, Letter, Initial Order and Addendum |
| **COURT/AGENCY:** | Superior Court, Civil Division, DC<br>Case # 0005245-07 |
| **NATURE OF ACTION:** | Violation of the D.C. Consumer Protection Procedures Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/31/2007 postmarked on 08/29/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Steven A. Skalet<br>Mehri & Skalet, P.L.L.C.<br>1250 Connecticut Ave., N.W.<br>Suite 300<br>Washington, DC, 20036 |
| **REMARKS:** | Service was made by mail pursuant to D.C. Code 11-906. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791379379578<br>Email Notification, Nancy Beiley NANCY_BEILEY@UHAUL.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Loren Bates<br>2394 E. Camelback Road<br>Phoenix, AZ, 85016<br>602-277-4792 |

RECEIVED

SEP 0 4 2007

U-HAUL LEGAL DEPT.

Page 1 of 1 / LB

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Michael Margolis | 0005245-07 |

_Plaintiff_

VS.

U-HAUL International, Inc.

Civil Action No. _____

_Defendant_

## SUMMONS

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue.  N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

| | |
|---|---|
| Steven Skalet | |
| Name of Plaintiff's Attorney | By _____ |
| 1250 Connecticut Ave. NW Suite 300 | Deputy Clerk |
| Address | |
| Washington, D.C. 20036 | |
| (202) 822-5100 | Date  7/ 30/07 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-l 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MICHAEL MARGOLIS, on behalf    )
of himself and others similarly situated,    )
     Address: Paseo de la Presa 112-4    )
     Barrio La Presa, Guanajuato, Gto,    )
     Mexico,    )
                             )
     Plaintiff,    )
                             )
vs.    )
                             )
U-HAUL INTERNATIONAL, INC.,    )
     Address: 2721 North Central    )
     Avenue, Phoenix, Arizona,    )
                             )
     Defendant.    )
                             )
**Serve**: CT Corporation Systems,    )
1015 15th Street, NW, Suite 1000    )
Washington, D.C. 20005    )
                             )

Civil Action No. 0005245-07

Judge:

**JURY TRIAL DEMANDED**

RECEIVED
Civil Clerk's Office
JUL 3 0 2007
Superior Court of the
District of Columbia
Washington, D.C.

     Plaintiff Michael Margolis, by and through his attorneys, Steven A. Skalet, and the law

firm of Mehri & Skalet, PLLC, files this complaint against Defendant, on behalf of himself and

in a representative capacity for similarly situated purchasers in the District of Columbia, and

states as follows:

**PARTIES**

    1.   At the times relevant to this Complaint, Plaintiff was a resident of Greenbelt,

Maryland. Plaintiff now resides at Paseo de la Presa 112-4, Barrio La Presa, Guanajuato, Gto,

Mexico.

2.    Plaintiff brings this action on behalf of himself and all other customers who rented vehicles from Defendant in the District of Columbia, and were damaged by Defendants deceptive and unlawful practices, as set forth herein.

3.    Defendant is a corporation organized under the laws of Nevada, with headquarters at 2721 North Central Avenue, Phoenix, Arizona.

4.    Defendant's agents act on its behalf throughout the United States.

5.    The District of Columbia rental location with which Plaintiff dealt was an agent of, or directly owned by, Defendant.

## JURISDICTION

6.    This Court has jurisdiction over this action pursuant to D.C. Code §§ 11-921, 13-423, and 28-3905(k)(1).

## FACTUAL ALLEGATIONS

7.    U-Haul, through a variety of media, represents that its fleet of trucks is roadworthy and are the "[n]ewest trucks for household movers." A copy of such a representation is annexed to this Complaint as Exhibit A.

8.    Mr. Margolis had seen claims representing that U-Haul's fleet was the newest in the household moving industry.

9.    In fact, U-Haul has a policy and practice of keeping its rental vehicles on the road as long as possible. A June 2007 exposé in the Los Angeles Times documents U-Haul's practice of keeping thousands of vehicles on the road with over 200,000 miles on them. U-Haul fails to maintain or enforce any policy for retiring vehicles at a fixed mileage, age, or state of disrepair. Myron Levin and Alan C. Miller, *Danger in Tow: Upkeep Lags in U-Haul's Aging Fleet*, Los Angeles Times, June 25, 2007.

10.  U-Haul's policy of squeezing every last mile out of its fleet results in vehicles that break down and are unsafe.  The L.A. Times found that more than half of the vehicles it surveyed were overdue for a company-mandated safety certification, which included a check of brakes and tires.  *Id.*

11.  Plaintiff Michael Margolis reserved a moving truck and tow dolly from a U-Haul location in Washington, D.C., scheduled to be picked up on Wednesday, June 29, 2005.

12.  When Mr. Margolis picked up the truck, its odometer read 233,420 miles.

13.  Although Mr. Margolis' reservation included a tow dolly, the U-haul location in Washington, DC did not have one in stock when Plaintiff arrived on June 29.  Instead, Mr. Margolis was forced to drive from Washington, DC to Rockville, MD and back, to pick up a tow dolly.

14.  U-Haul rented Mr. Margolis a truck for a 7-day period, with a return date and time of Wednesday, July 6, 2005, at 11:49 a.m.

15.  U-Haul charged Mr. Margolis $1,813.90 for the truck rental, and an additional $265 for the tow dolly.

16.  On June 29, 2005, Mr. Margolis' neighbors noticed that his vehicle was leaking oil. The necessary repairs delayed his loading of the truck and his departure.

17.  On Thursday, June 30, 2005, while on his way to Texas, Mr. Margolis discovered that the truck was leaking a substantial amount of oil onto the road and that exhaust fumes were entering the cabin. He called U-Haul's roadside assistance phone number, and a U-Haul mechanic spent most of the day replacing the muffler and oil pan, as well as performing additional repairs.

18.  On Sunday, July 3, 2005, while driving through Georgia and Louisiana, Mr. Margolis realized that the exhaust problem had not been corrected and, in fact, was getting worse.  Mr. Margolis stopped at a gas station in Louisiana and discovered that the new muffler, installed by the U-Haul mechanic only days earlier, had detached and was dragging on the road. Another motorist who had observed Mr. Margolis' vehicle on the road stated that the dragging muffler had been emitting sparks.

19.  Defendant's Roadside assistance agents inspected the truck and reported that it would take several days to make the truck roadworthy again.

20.  After spending almost the entire July 4th holiday dealing with repairs and related issues, Mr. Margolis finally was given a replacement truck at approximately 6:37 p.m. A U-Haul crew transferred Mr. Margolis' goods from his broken truck to the replacement truck.  A contract for the new truck was presented.  The new contract called for Mr. Margolis to return the truck in Texas within three days, by Thursday, July 7, 2005, at approximately 6:38 p.m.

21.  On the same day, July 4, 2005, Mr. Margolis called U-Haul customer service and spoke to "Stacy" at U-haul's Maryland regional office.  He related his experience with his truck. Stacy apologized for the truck's mechanical problems and promised to refund Mr. Margolis for the truck and the one night's hotel expense he incurred as a result of the second breakdown. In order to receive the refund, Stacy instructed Mr. Margolis to fax his hotel receipts to U-Haul.

22.  Mr. Margolis arrived in McAllen, Texas on July 6, 2005, and returned the replacement truck and dolly at approximately 7:00 p.m., the same day at the drop-off location listed on the original contract. He left the truck's keys in the designated drop box.

23.  On the morning of July 7, 2005, Mr. Margolis returned to the drop-off location in order to obtain further information regarding his refund.  When he arrived at the drop-off

location, the truck was gone, and Mr. Margolis was told that his credit card had been charged an additional $1,025.69 due to the "late" return of the truck to the wrong drop-off location. Mr. Margolis was told this despite the fact that he had returned the truck on July 6, *almost 24 hours before the July 7 return date and time listed in the second contract.*

24. U-Haul also was incorrect in asserting that Mr. Margolis returned the truck to the wrong location. Mr. Margolis was never informed of a drop-off location other than the one listed on his original contract with U-Haul.

25. Mr. Margolis called Stacy at U-Haul's customer service office in Maryland seeking a refund, and to correct the incorrect billing. Stacy told Mr. Margolis she would call him back, but she never did.

## CLAIMS FOR RELIEF

### COUNT I
### (Violation of The D.C. Consumer Protection Procedures Act)

26. Plaintiff hereby incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

27. Plaintiff is a "person" and a "consumer" within the meaning of the Consumer Protection Procedures Act (hereinafter, "CPPA"), D.C. Code § 28-3901(1)-(2).

28. Defendant U-Haul, Inc. is a "person" and a "merchant" within the meaning of the CPPA, D.C. Code § 28-3901(1) & (3).

29. Trucks, accompanying gear, and road-side assistance are "goods and services" within the meaning of the CPPA, D.C. Code § 28-3901(7).

30. The rental, provision, repair, and advertisement of rental trucks are a "trade practice[s]" within the meaning of the CPPA, D.C. Code § 28-3901(6).

31. By representing that their rental trucks are the "newest trucks for household movers" when, in fact, they were not, by representing that their trucks were relatively new, when in fact they were old and deteriorated, by representing that their trucks were of a particular quality and standard, when they were not, by misrepresenting the true quality of the trucks rented, by failing to state the true nature of the truck rented, by failing to honor Plaintiff's reservation for a tow dolly, and by refusing to refund Plaintiff, Defendant U-Haul has engaged in unlawful trade practices within the meaning of the CPPA.

32. Through actions and omissions described above, Defendant U-Haul, Inc. violated the CPPA.

## COUNT II
### (Unjust Enrichment)

33. Plaintiff hereby incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

34. Plaintiff's reservation with U-Haul called for a seven-day rental commencing June 29 and ending on July 6.

35. Plaintiff was given a truck that was not roadworthy, broke down twice within four days, and required almost a day to repair after its second breakdown. As a result, Plaintiff did not have use of the truck for a full seven days.

36. Plaintiff agreed to pay $1,813.90 for rental of a truck and $265 for the tow dolly, for a total of $2,078.90. Plaintiff did not agree to pay any additional charges resulting from the breakdown and change of trucks in mid-trip.

37.  Despite timely returning the truck well before the July 7th return time, and without having had use of functioning equipment for seven days, as contracted, Plaintiff was, without any authorization, charged an additional amount for an additional day of use.

38.  This additional amount represents a benefit to which Defendant is not entitled but, nevertheless, continues to wrongfully retain.

39.  For the foregoing reasons, Defendant has been unjustly enriched at Plaintiff's expense.

### COUNT III
### (Request for An Accounting)

40.  Plaintiff hereby incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

41.  Plaintiff hereby requests an accounting.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on his own behalf prays for judgment against Defendant as follows:

a.    Monetary damages, including treble damages pursuant to D.C. Code § 28-3905(k)(1)(A);

b.    Attorneys' fees and costs for filing and litigating this suit;

c.    Punitive damages;

d.    An accounting;

e.    Such other relief as this Court may deem just and proper.

**WHEREFORE,** on behalf of the public of the District of Columbia, Plaintiff prays for judgment against Defendant as follows:

a. Injunctive relief requiring Defendant to, *inter alia*, cease making false and misleading representations concerning the quality of its fleet of trucks;

b. Monetary damages, including treble damages pursuant to D.C. Code § 28-3905(k)(1)(A);

c. Punitive damages;

d. Attorneys' fees and costs for filing and litigating this suit; and

e. Such other relief as this Court may deem just and proper.


## JURY DEMAND

Plaintiff demands trial by jury on all triable issues in this case.

Date: 7/30/07

Steven A. Skalet (Bar No. 359804)
**MEHRI & SKALET, P.L.L.C.**
1250 Connecticut Ave, N.W.
Suite 300
Washington, D.C. 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

*Counsel for Plaintiff*

# Superior Court of the District of Columbia

### CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

**0005245-07**

Michael Margolis

Case Number: _____

vs

Date: _____
7/30/07

U-HAUL International, Inc.

| | |
|---|---|
| Name: *(please print)*    Steven Skalet | Relationship to Lawsuit<br>☒ Attorney for Plaintiff |
| Firm Name:    Mehri & Skalet | ☐ Self (Pro Se)<br>Other: _____ |
| Telephone No.:   (202) 822-5100    Six digit Unified Bar No.:   359804 | |

TYPE OF CASE:   ☐ Non-Jury      ☐ 6 Person Jury      ☒ 12 Person Jury
Demand:$ _____       Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

A. CONTRACTS                              COLLECTION CASES
☐ 01 Breach of Contract    ☐ 07 Personal Property    ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty    ☐ 09 Real Property-Real Estate    ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument    ☐ 12 Specific Performance    ☐ 17 OVER $25,000
☐ 15 _____

B. PROPERTY TORTS
☐ 01 Automobile    ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion    ☐ 04 Property Damage    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102(a)

C. PERSONAL TORTS
☐ 01 Abuse of Process    ☐ 09 Harassment    ☐ 17 Personal Injury -- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection    ☐ 10 Invasion of Privacy    ☐ 18 Wrongful Death (Not malpractice)
☐ 03 Assault and Battery    ☐ 11 Libel and Slander    ☐ 19 Wrongful Eviction
☐ 04 Automobile-Personal Injury    ☐ 12 Malicious Interference    ☐ 20 Friendly Suit
☐ 05 Deceit (Misrepresentation)    ☐ 13 Malicious Prosecution    ☐ 21 Asbestos
☐ 06 False Accusation    ☐ 14 Malpractice Legal    ☐ 22 Toxic/Mass Torts
☐ 07 False Arrest    ☐ 15 Malpractice Medical (including wrongful death)    ☐ 23 Tobacco
☒ 08 Fraud    ☐ 16 Negligence-(Not Automobile, Not Malpractice)

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/April. 07

# INFORMATION SHEET,    Continued

| C. OTHERS | | |
|---|---|---|
| I. | | |
| ☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>    Under $25,000 Pltf.<br>    Grants Consent<br>☐ 08 Quite Title<br>☐ 09 Special Writ/Warrants<br>    DC Code § 11 -941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>    (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>    Vacate Arbitration Award<br>    (D.C. Co de § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>    Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>    Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>    Award (Collection Cases Only)<br>☐ 29 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| II. | | |
| ☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>    Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>    Judgment [D.C. Code §<br>    2 -1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>    42 -3301, et seq.) | ☐ 21 Petition for Subpoena<br>    [Rule 28 -I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>    (Perpetuate Testimony) |

_____
Attorney's Signature

7/30/07
_____
Date

CV -496/April. 07



CYRUS MEHRI (DC, CT)
STEVEN A. SKALET (DC, MD)
LISA M. BORNSTEIN (DC, NY)
CRAIG L. BRISKIN (NY, MA)
NICOLE M. AUSTIN-HILLERY (DC)
SANDI FARRELL (DC, MS)
ANNA M. POHL (DC, MA)

1250 CONNECTICUT AVENUE NW, SUITE 300 · WASHINGTON, DC 20036
TEL 202.822.5100 · FAX 202.822.4997 · WWW.FINDJUSTICE.COM

PAMELA COUKOS (DC, MA, NY)
WOODLEY B. OSBORNE (DC, MD)
OF COUNSEL

August 29, 2007

*By Certified Mail, Return-Receipt Requested*

CT Corporation System
2394 E. Camelback Rd.
Phoenix, AZ 85016

**Re:** *Margolis v. U-Haul International, Inc.*, Civil No. 5245-07 (D.C. Super. Court)

To whom it may concern:

   Pursuant to SCR-Civ. 4(c)(3), I have enclosed for service on you, as the registered agent for Defendant U-Haul International, Inc., the file-stamped complaint, summons, and Initial Order and Addendum in the above-referenced case.

   Please contact me with any questions or concerns.

Very truly yours,

Craig L. Briskin

Encs.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL MARGOLIS
    Vs.                                   C.A. No.      2007 CA 005245 B
U-HAUL INTERNATIONAL, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge THOMAS J MOTLEY
Date:  July 30, 2007
Initial Conference: 9:30 am, Friday, November 02, 2007
Location:  Courtroom 112
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# Attachment B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. _____ |
| U-HAUL International, Inc., | ) ) | |
| Defendant. | ) ) ) | |

**DECLARATION OF TIM MISTEREK**

     I, Tim Misterek, declare:

1.    I am employed by A&M Associates, a subsidiary of U-Haul International, Inc. ("UHI"). My title is Program Manager, Rates and Distribution.

2.    A&M Associates assists UHI in acting as a clearinghouse, for which it charges a fee, to local corporations ("Local Corporations") throughout the United States and Canada that rent or sell products bearing the U-Haul trademark. The Local Corporations are engaged in the self-moving business and rent trucks, trailers, and other equipment (and sell related moving supplies) throughout the United States and Canada. UHI itself does not rent or own rental equipment or trucks and is not a party to the agreements made between the Local Corporations and their respective customers.

3.    UHI is a Nevada corporation with its principal place of business in Phoenix, Arizona. UHI's principal function is to provide accounting, clearinghouse, technical, advisory, payroll processing, credit and debit card processing, and purchasing services for the Local Corporations.

4.    Based on my review of results from a marketing database query of the last three years, approximately 69,671 trucks, trailers and towing equipment bearing the U-Haul trademark have been rented from within the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.   Executed this 18th day of September 2007 at Phoenix, Arizona.

_____

Tim Misterek

Attachment C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Michael MARGOLIS, on behalf of himself
and others similarly situated,

        Plaintiff,

        v.

U-HAUL International, Inc.,

        Defendant.

)
)
)
)
)
)
)
) No. _____
)
)
)
)
)
)

## NOTICE TO ADVERSE PARTY OF REMOVAL

Notice is hereby given that this case has been removed to the United States District Court for the District of Columbia, and that you are to proceed no further in the Superior Court for the District of Columbia. Attached hereto is a copy of the Notice of Removal that has been filed with the United States District Court, and the Notice to Superior Court of Filing of Notice of Removal.

**DEFENDANT,**
U-HAUL INTERNATIONAL, INC.

By _____

    David Zetoony (D.C. Bar No. 486456)
    Bryan Cave LLP
    700 13th St. N.W. Ste 700
    Washington, D.C. 20005
    (202) 508-6030 (phone)
    (202) 220-7330 (fax)
    David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137 (phone)
(602) 364-8137 (fax)
lgscarborough@bryancave.com

## CERTIFICATION OF SERVICE

I hereby certify that on September 18, 2007, a copy of the foregoing was served by first class U.S. mail, postage prepaid, upon all counsel of record, as follows:

Steven A. Skalet
Mehri & Skalet, P.L.L.C.
1250 Connecticut Ave., N.W. Ste 300
Washington D.C. 20036
202-822-5100

*Counsel for Plaintiff Michael Margolis*

# Attachment D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. _____ ) |
| U-HAUL International, Inc., | ) ) ) |
| Defendant. | ) ) |

## DISCLOSURE STATEMENT ON BEHALF OF
## DEFENDANT U-HAUL INTERNATIONAL

Pursuant to Fed. R. Civ. P. 7.1, Defendant U-Haul International, Inc. certifies that it is not publicly held.   AMERCO, Inc., a public company, owns 100% of U-Haul International, Inc.

**DEFENDANT,**
U-HAUL INTERNATIONAL, INC.

By _____
David Zetoony (D.C. Bar No. 486456)
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)
(202) 220-7330 (fax)
David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137 (phone)
(602) 364-8137 (fax)
lgscarborough@bryancave.com

JS-44
(Rev.1/05 DC)

CIVIL COVER SHEET

## I (a) PLAINTIFFS

Michael Margolis, on behalf of himself and others similarly situated.

## DEFENDANTS

U-Haul International, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   99999 (non-US)
    (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Representing Plaintiff:
Steven A. Skalet
Mehri & Skalet, PLLC,
1250 Connecticut Ave., NW Ste 300
Washington D.C. 20036
(202) 822-5100

Case: 1:07-cv-01648
Assigned To : Collyer, Rosemary M.
Assign. Date : 9/19/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
    Plaintiff

○ 3 Federal Question
    (U.S. Government Not a Party)

○ 2 U.S. Government
    Defendant

◉ 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ◉ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
      Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**      OR      ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
      defendant
☐ 871 IRS-Third Party 26
      USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
      of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
      Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
      Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
      Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
      Exchange
☐ 875 Customer Challenge 12 USC
      3410
☐ 900 Appeal of fee determination
      under equal access to Justice
☐ 950 Constitutionality of State
      Statutes
☒ 890 Other Statutory Actions (if
      not administrative agency
      review or Privacy Act

| O  **G.** *Habeas Corpus/* *2255* | O  **H.** *Employment Discrimination* | O  **I.** *FOIA/PRIVACY ACT* | O  **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)** | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)** | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| O  **K.** *Labor/ERISA (non-employment)* | O  **L.** *Other Civil Rights (non-employment)* | O  **M.** *Contract* | O  **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 Americans w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding  ⊙ 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Removal under 28 U.S.C. 1441, et seq.  Please refer to Notice of Removal for basis for removal.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☒  DEMAND $ _____  Check YES only if demanded in complaint

Plaintiff filed in a representative capacity in State court.

JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE **9/19/2007**     SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.