UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> U-HAUL International, Inc., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:07-cv-01648 (R.C.) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

DEFENDANT'S MOTION TO STRIKE
CLASS ALLEGATIONS AND TO
DISMISS THE COMPLAINT

Defendant U-Haul International, Inc. ("UHI"), by their undersigned counsel, hereby moves pursuant to Rule 23(d)(4) to strike from the Complaint references by plaintiff Michael Margolis ("Margolis") indicating that he is proceeding "on behalf of . . . all other customers" and "others similarly situated," and hereby moves pursuant to Rule 12(b)(6) to dismiss the Complaint in its entirety.

In support of this motion, Defendant submits a Memorandum of Points and Authorities in Support of Defendant's Motion to Strike the Class Allegations and to Dismiss the Complaint, and a proposed order.

                    Respectfully submitted,

                    **DEFENDANT,**
                    U-HAUL INTERNATIONAL, INC.

                    By_____/s/ David A. Zetoony_____
                        David Zetoony (D.C. Bar No. 486456)
                        Bryan Cave LLP
                        700 13th St. N.W. Ste 700
                        Washington, D.C. 20005
                        (202) 508-6030 (phone)
                        (202) 220-7330 (fax)
                        David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.[*]
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137 (phone)
(602) 364-8137 (fax)
lgscarborough@bryancave.com

---

[*] Mr. Scarborough is not a member of this Court.

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 1:07-cv-01648 (R.C.) ) ) |
| U-HAUL International, Inc., | ) ) |
| Defendant. | ) ) ) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
THE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

Defendant U-Haul International, Inc. ("UHI") submits this memorandum in support of its motions (i) pursuant to Rule 23(d)(4), to strike from the Complaint references by plaintiff Michael Margolis ("Margolis" or "Plaintiff") indicating that he is proceeding "on behalf of . . . all other customers" and "others similarly situated," and (ii) pursuant to Rule 12(b)(6), to dismiss the Complaint in its entirety.[1]

**Background**

This case is an individual plaintiff's breach of contract claim masquerading as a putative class-action for damages under the District of Columbia's Consumer Protection Procedures Act ("CPPA") and a theory of unjust enrichment.  D.C. Code §§ 28-3901, *et seq.* (2007).  For purposes of its motion only, UHI accepts as true the factual allegations of the Complaint.

Mr. Margolis alleges that he contracted with a U-Haul location in Washington, D.C. for the rental of a moving truck and tow dolly for a 7-day period. [Complaint, paras. 11, 14][2]  Shortly after receiving a rental truck and tow dolly per the agreement, Mr. Margolis discovered that the truck needed repairs.  [Id., para. 17]  U-Haul mechanics tried unsuccessfully to repair the truck, so Mr. Margolis received a replacement vehicle

---

[1] For ease of reference, the Federal Rules of Civil Procedure will be referred to in this memorandum as "Rule XX."

[2] UHI submitted the Declaration of Tim Misterek (9/18/07) with its Notice of Removal.  Though not necessary to rule on this motion, the Misterek Declaration explains that UHI does not itself rent or own rental equipment or trucks and is not a party to the agreements made between local corporations and their respective customers. [Misterek Decl., para. 2]  UHI provides accounting, clearinghouse, technical advisory, payroll processing, credit and debit card processing, and purchasing services to local corporations for which it charges a fee.  [Id., para. 3]

and a new rental contract.  [Id., paras. 17, 18, 20]  Mr. Margolis alleges that, upon returning the replacement truck to a U-Haul location in McAllen, Texas, he was charged a fee for returning it to the wrong drop-off location.  [Id., para. 23]

Although the Complaint indicates that Mr. Margolis is proceeding "on behalf of himself and in a representative capacity for similarly situated purchasers in the District of Columbia," the allegations in the Complaint deal only with Mr. Margolis's contractual relationship with U-Haul.  The Complaint not only fails to conform to this Court's rules for the pleading of class actions, it also fails to include factual allegations sufficient to satisfy the numerosity, commonality, typicality or adequacy requirements of Rule 23(a).  As a result, the Complaint's references to a representative suit should be stricken.

Mr. Margolis's substantive legal theories also are infirm.  Mr. Margolis attempts to fit what is at best a contract dispute into the mold of a CPPA claim by alleging that UHI made a series of false representations concerning whether the specific truck he would receive under his rental contract would be "relatively new," "of a particular quality and standard," and would be available for pick-up at a particular U-Haul location.  [Complaint, para. 31]  But his conclusory statements of misrepresentation are not supported by the factual allegations within the Complaint.  For instance, the only public representation Mr. Margolis points to is a bullet-point in what appears to be a small telephone-book style advertisement that indicates that U-Haul has some of the "newest trucks for household movers!"  [Complaint, Ex. A]  Similarly, Mr. Margolis fails to allege any private representations by UHI that were either false or misleading.

Mr. Margolis is no more successful at fitting his contract dispute into the mold of an unjust enrichment claim inasmuch as it is well established within the District of

2

Columbia that a plaintiff may not recover on a theory of unjust enrichment when the parties have a contract which governs their relationship.

## Argument

### Prefatory Note:  The Applicable Legal Standard

Pursuant to Rule 23(d)(4), a district court may "eliminate . . . allegations as to representation of absent persons."  "A court may order deletion of portions of a complaint's class claims once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those claims."  Moore's Federal Practice § 23.145, at 23-483 (3d ed. 2007).  Moreover, this Court's local rule 23.1 and its predecessors, containing specific pleading and procedural requirements for putative class actions, "have been strictly applied in this Circuit."  Howard v. Gutierrez, 474 F. Supp. 2d 41, 53 (D.D.C. 2007) (striking class allegations when plaintiff failed to move for class certification within 90 days of filing complaint).

To survive a motion to dismiss pursuant to Rule 12(b)(6), Mr. Margolis must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1960, 1965, 1974 (2007) (holding that merely pleading "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  Under Rule 12(b)(6), a court "does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim."  Price v. Crestar Sec. Corp., 44 F. Supp. 2d 351, 353 (D.D.C. 1999).  Furthermore, "the court need not accept as true plaintiff's legal conclusions.  'Nor must [the court] accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice."  Braude & Margulies P.C. v. Fireman's Fund Ins. Co.,

468 F. Supp. 2d 190, 195 (D.D.C. 2007) (quoting Kaempe v. Myers, 367 F.3d 958, 963 (D.C. Cir. 2004)) (citation omitted).

I.   **THE COMPLAINT FAILS TO ALLEGE FACTS TO SUPPORT A CLASS ACTION.**

This Court has the power to strike plaintiff's class allegations now. Under Rule 23(c)(1), the Court "must—at an early and practicable time—determine by order whether to certify the action as a class action." A class may be certified only if the requirements of Rule 23(a) are met. A putative class member may sue as a representative on behalf of the other members "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a).[3]

This Court's local rules complement the Federal Rules of Civil Procedure by including specific pleading requirements for plaintiffs asserting class actions. Specifically, a complaint must include a "separate heading styled 'Class Action Allegations'" that (1) references the portions of Rule 23 under which the suit is "claimed properly to be maintainable as a class action" and that (2) includes allegations justifying such a claim, including (i) the size and definition of the alleged class, (ii) the basis upon which the plaintiff claims to be an adequate representative, and (iii) the alleged questions of law and fact claimed to be common to the class. LCvR 23.1.

---

[3] Defendant does not address whether plaintiff could meet the requirements of Rule 23(b) at this juncture, as plaintiff has failed to meet the prerequisite requirements of Rule 23(a). Nonetheless, defendant reserves the right to address Rule 23(b) to the extent that plaintiff believes he can satisfy any of that subsection's requirements.

4

Here, the Complaint contends (at 1 and para. 2) that "Plaintiff brings this action on behalf of himself and all other customers who rented vehicles from Defendant in the District of Columbia, and were damaged by Defendants deceptive and unlawful practices . . . ." The Complaint, however, does not include a separate Class Allegations heading. Nor does the Complaint include any of the factual allegations, required by local rule 23.1, that are necessary to evaluate whether a class action could be maintained under Rule 23. As examples, the Complaint fails to reference the portions of Rule 23 under which plaintiff contends that the suit properly can be maintained, and fails to include any information concerning the size and definition of the alleged class, the basis upon which plaintiff purports to be an adequate representative, or the questions of law and fact that allegedly are common to the class. As a result, the Complaint fails to provide the Court or UHI with "enough facts to state a claim" for class relief to be "plausible on its face." Twombly, 127 S. Ct. at 1960, 1974.

## II.  THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.  The Complaint Fails To Allege A CPPA Claim.

The CPPA enumerates thirty-one "unlawful trade practices." D.C. Code §28-3904 (a) – (ee) (2007). The Complaint does not specify which of these practices Mr. Margolis believes UHI violated. Instead, the Complaint lists a number of representations purportedly made by UHI in a public advertisement and in the parties' contract that Mr. Margolis alleges were not, in fact, true.[4] Plaintiff's allegations of misrepresentation, however, are not supported by any facts alleged in the Complaint.

---

[4] See, supra, note 2. Though not necessary to rule on this motion, UHI does not itself rent or own rental equipment or trucks and is not a party to the agreements made between local corporations and their respective customers; UHI provides accounting,

### 1. The Complaint's Characterization of the Public Advertisement Should not be Accepted as True.

The Complaint includes as Exhibit A an advertisement allegedly published by UHI. The Complaint characterizes the advertisement as (1) stating that "U-Haul's fleet was the newest in the household moving industry," (2) guaranteeing that Mr. Margolis would receive a truck that was "relatively new," and (3) guaranteeing that Mr. Margolis would receive a truck "of a particular quality and standard." [Complaint, paras. 8, 31] Based upon Mr. Margolis' characterization of the advertisement, the Complaint implies that UHI violated the CPPA by misrepresenting the true nature of the truck that Mr. Margolis received. [Id., para. 31]

For the purpose of evaluating a Rule 12(b)(6) motion, however, a court should not "accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint . . . ." Braude & Margulies P.C., 468 F. Supp. 2d at 195 (internal quotations omitted). The advertising attached to the Complaint – which appears to be a three inch by three inch telephone-book style listing – indicates in a short bullet-point only that U-Haul has some of the "Newest trucks for household movers!" [Complaint, Ex. A] Contrary to the Complaint's mischaracterization, this advertisement does not state that "U-Haul's fleet was the newest" as compared to other fleets, let alone as compared to the entire "household moving industry." [See Complaint, para. 8] Nor does this statement guarantee that every UHI customer, or that Mr. Margolis in particular, will

---

clearinghouse, technical advisory, payroll processing, credit and debit card processing, and purchasing services to local corporations for which it charges a fee. [Id.]

receive one of the newest trucks, or that every UHI customer, or that Mr. Margolis in particular, will receive a truck of a particular, ascertainable quality and standard.

As the Complaint's mischaracterizations contradict the exhibit they purport to describe, they should not be accepted as true for the purpose of evaluating whether Mr. Margolis adequately alleged a claim under the CPPA. The advertising indicates that U-Haul has some of the "Newest trucks for household movers!" Because the Complaint fails to allege that U-Haul does not maintain within its fleet some of the newest trucks available to household movers, the Complaint fails to allege that the advertisement contains a misrepresentation actionable under the CPPA.

### 2. The Complaint Fails to Allege any Other Representations by UHI.

Mr. Margolis alleges that UHI "fail[ed] to honor Plaintiff's reservation for a tow dolly" and "refus[ed]" to provide plaintiff with a refund. [Complaint, para. 31] The Complaint fails to allege any facts supporting these conclusory allegations.

First, the Complaint contains no information concerning the alleged reservation of a tow dolly except (para. 11) that Mr. Margolis "reserved a . . . tow dolly from a U-Haul location in Washington, D.C., scheduled to be picked up on Wednesday, June 29, 2005" and (para. 13) that UHI provided him with a tow dolly that same day. Thus, the Complaint does not contain any indication that UHI failed to honor any aspect of plaintiff's reservation. "Though [a] plaintiff is not required to offer proof or evidence at this stage, plaintiff is required to state facts that support [his] claim as opposed to mere conclusory allegations." Richards v. Duke Univ., 480 F. Supp. 2d 222, 239 (D.D.C. 2007) (dismissing complaint). Simply put, plaintiff failed to state any facts indicating that UHI did not honor a reservation.

Second, the Complaint contains no factual allegations indicating that UHI refused to issue a refund to Mr. Margolis. To the contrary, the Complaint admits (para. 21) that a UHI employee offered to provide Mr. Margolis with a refund and "instructed Mr. Margolis to fax his hotel receipts to U-Haul" in "order to receive the refund." The Complaint fails to include any facts to support an inference that Mr. Margolis complied with these instructions but that UHI refused him a refund.

### 3. The Complaint's Characterizations of the Public Advertisement Are Non-Actionable Puffery.

It is a well established principle that "non-measurable" qualitative advertisements constitute "puffery" which cannot form the basis for a claim of misrepresentation. Hoyte v. Yum! Brands, Inc., 489 F. Supp. 2d 24, 30 (D.D.C. 2007).[5] The Complaint characterizes the advertisement allegedly published by UHI as "representing that their trucks were relatively new, when in fact they were old and deteriorated." [Complaint, para. 31] Whether a truck is relatively new, or relatively old, is a non-measurable qualitative assessment. The subjective nature of such a claim renders it, as a matter of law, non-actionable puffery.

### 4. Plaintiff Lacks Standing to Bring a CPPA Claim.

This Court has held that, in order for a plaintiff to have standing to bring suit under the CPPA, a plaintiff must allege that he was "deceived" by the defendant's alleged

---

[5] Although it does not appear that the District of Columbia Court of Appeals has determined if puffery is a defense to claims of misrepresentation in the context of a CPPA claim, other jurisdictions frequently find that puffery is a defense to claims of misrepresentation under similar consumer protection statutes. See, e.g., Presidio Enter. v. Warner Bros. Distrib., 784 F.2d 674, 686 (5th Cir. 1986) (stating that Texas Deceptive Trade Practices Act is not violated by "puffing"); Park Rise Homeowners Ass'n v. Resource Constr. Co., 155 P.3d 427, 435 (Colo. Ct. App. 2006) (observing that many jurisdictions have evaluated puffing in the context of state consumer protection statutes and "none of them holds that a consumer protection act precludes application of the [puffery] doctrine").

8

representations.  <u>Williams v. Purdue Pharma Co.</u>, 297 F. Supp. 2d 171, 177 (D.D.C. 2003) (Collyer, J.) (dismissing complaint) (dismissing claim where complaint failed to allege that claimants were deceived by alleged advertising); <u>see</u> <u>also</u> <u>Hoyte</u>, 489 F. Supp. 2d at 28 ("plaintiff must present an actual or threatened injury-in-fact to have standing to raise his DCCPPA claims").

Nothing in the Complaint indicates that Mr. Margolis was unaware of the year, make, or model of the vehicle at the time of pick-up.  Indeed, the Complaint expressly states that, when "Mr. Margolis picked up the truck," he knew of the truck's relative age insofar as he noted that the odometer read 233,420 miles.  [Complaint, para. 12]  In addition, nothing in the Complaint indicates that Mr. Margolis was unaware of the terms and conditions of his rental contract including the guarantees, if any, concerning the location of his pick-up, and his rights, if any, for a refund of his costs.  As the Complaint fails to allege facts indicating that Mr. Margolis was deceived, the Complaint lacks "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 127 S. Ct. at 1974.

**B.   The Complaint Fails To Allege A Claim For Unjust Enrichment.**

It is a "well-established proposition" that a plaintiff may not recover on a theory of unjust enrichment "where the parties have a contract governing an aspect of the relation between themselves" because "a court will not displace the terms of that contract and impose some other duties not chosen by the parties."  <u>Emerine v. Yancey</u>, 680 A.2d 1380, 1383, 1384 (D.C. 1996) (stating that District of Columbia jurisprudence accords with New Jersey and precludes unjust enrichment action where contract exists); <u>Wilderness Soc'y v. Cohen</u>, 267 A.2d 820, 822 (D.C. 1970) (holding that recovery under unjust enrichment is unavailable where contract exists).  The Complaint references at

least one "contract" that Mr. Margolis entered governing his truck rental. [Complaint, paras. 20, 36] As a contract governs the relationship between plaintiff and UHI, plaintiff may not proceed under an unjust enrichment theory.

## Relief Requested

For the foregoing reasons, UHI respectfully asks the Court to strike the class allegations and to dismiss the Complaint.

                    Respectfully submitted,

                    **DEFENDANT,**
                    U-HAUL INTERNATIONAL, INC.

                    By_____/s/ David A. Zetoony_____
                        David Zetoony (D.C. Bar No. 486456)
                        Bryan Cave LLP
                        700 13th St. N.W. Ste 700
                        Washington, D.C. 20005
                        (202) 508-6030 (phone)
                        (202) 220-7330 (fax)
                        David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.[*]
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137 (phone)
(602) 364-8137 (fax)
lgscarborough@bryancave.com

320788 v3

---

[*] Mr. Scarborough is not a member of this Court.

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>U-HAUL International, Inc., )<br><br>Defendant. ) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv-01648 (R.C.)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED ORDER**

Upon consideration of the Defendant's Motion to Strike the Class Allegations and to Dismiss the Complaint, it is hereby **ORDERED** that Defendant's Motion be, and hereby is, **GRANTED**, and that

[ ] All references within the Complaint to Plaintiff Margolis proceeding on behalf of individuals other than himself are striken, including, but not limited to:

The reference in the caption of the Complaint to "on behalf of himself and others similarly situated;"

The reference in the introductory paragraph of the Complaint to "on behalf of himself and in a representative capacity for similarly situated purchasers in the District of Columbia;" and

Paragraph 2 of the Complaint, which states that "Plaintiff brings this action on behalf of himself and all other customers who rented vehicles from Defendant in the District of Columbia, and were damaged by Defendants deceptive and unlawful practices, as set forth herein;"

1

[   ] Count 1 of the Complaint is dismissed for failure to state a claim upon which relief can be granted; and

[   ] Count 2 of the Complaint is dismissed for failure to state a claim upon which relief can be granted.

_____     _____
Date                            The Honorable Rosemary M. Collyer
                                United States District Court for the District of Columbia


Copies to:

| | |
|---|---|
| Steven A. Skalet | David Zetoony (D.C. Bar No. 486456) |
| Mehri & Skalet, P.L.L.C. | Bryan Cave LLP |
| 1250 Connecticut Ave., N.W. Ste 300 | 700 13th St. N.W. Ste 700 |
| Washington D.C. 20036 | Washington, D.C. 20005 |
| 202-822-5100 | (202) 508-6030 (phone) |
| *Counsel for Plaintiff Michael Margolis* | *Counsel for Defendant U-Haul International, Inc.* |

321768 v1