## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL MARGOLIS,<br>on behalf of himself and others<br>similarly situated,<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br>　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:07-cv-1648-RMC

### JOINT STATUS REPORT

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Civil Rule 16.3, the parties respectfully submit this joint status report setting out their respective positions to be discussed at an initial status conference to be scheduled by the Court. Plaintiff's proposed scheduling order is attached. Defendant believes the schedule of pertinent dates should be established once the pending dispositive motion is decided.

The parties' positions on the matters described in Local Civil Rule 16.3 are as follows:[1]

**(1)　Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Defendant filed a Motion to Strike the Class Allegations and to Dismiss the Complaint (the "Motion to Dismiss") on October 17, 2007, and the Court has approved a stipulated briefing schedule under which the Motion to Dismiss will be fully briefed by November 19, 2007. (Minute Entry Order of 10/30/2007.)

---

[1]　Although this report discusses some of the issues described in LCvR 16.3, these topics are included within the report as these issues may relate to the topics described in Fed. R. Civ. P. 26(f). The parties have not met and conferred in preparation of a pretrial conference under Fed. R. Civ. P. 16 or LCvR 16.3.

Plaintiff's Position

It is unlikely the case will be disposed of by motion, and that no stay of discovery is necessary or appropriate at this time.   The federal rules contemplate no such stay of discovery, and defendant has the burden of justifying a stay of discovery while a motion to dismiss is pending.  *People with AIDS Health Group v. Burroughs Wellcome Co.,* 1991 U.S. Dist. LEXIS 14389, at *2 (D.D.C. Oct. 11, 1991).  "However, 'bare assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.'"  *Id.* (quoting *Continental Illinois Bank & Trust Co. v. Caton,* 130 F.R.D. 145, 148 (D. Kan. 1990)). Defendant offers no more than such bare assertions here, and its request for a stay should be denied.[2]

Defendant's Position[3]

Defendant believes that this case is likely to be disposed of by the Motion to Dismiss which addresses each count of the Complaint.  A grant of the Motion to Dismiss would obviate the need for any discovery in this matter and, alternatively, an opinion denying the motion may,

---

[2]    Plaintiff disputes Defendant's characterization of events regarding Plaintiff's additions to the joint letter on November 16, 2007, following a second telephone conference the parties held on discovery matters on November 13, 2007. Counsel for Plaintiff has repeatedly offered to allow Defendant more time to respond to any issues raised in the letter, most recently on November 27, 2007, offers that Defendant has not accepted.

[3]    Defendant notes that Plaintiff provided a written explication of their complete position with regard to this section the morning that this report was due.  In the interest of complying with the Court's deadline, and in avoiding the delay that would be caused by asking the Court to extend the filing of this report until after the Thanksgiving holiday, Defendant consented to the filing of this report.  Nonetheless, as Defendant did not have adequate time to address the new issues raised by the Plaintiff, Defendant respectfully reserves the right to update the Court as to Defendant's position concerning these new matters at a future time.

Although Plaintiff indicates in footnote 2 that they offered (as recently as November 27, 2007) to provide Defendant more time to respond to the new issues raised by the Plaintiff, Defendant notes that it was under the impression that the report had been filed on November 19, 2007.  Only during the Thanksgiving holiday did Plaintiff inform Defendant that its filing had been rejected by the Court.  On November 27, 2007, Plaintiff informed Defendant that it was re-filing the report to remedy stylistic defects.

In the interest of fully complying with the Court's scheduling order which required that the report be filed by November 19, 2007, Defendant indicated that the report should be re-filed as authorized and approved by the parties on that date, and recommended that the parties not make substantive edits that would necessitate re-examination by both sides and would inevitably lead to further delay.

at a minimum, narrow the issues and clarify the proper scope of discovery. Therefore, judicial economy and other factors weigh in favor of a stay of discovery pending the Court's ruling on the motion.

> **(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff does not anticipate joining any parties at this time, nor does he think that any factual or legal issues need be narrowed, while the motion to dismiss is pending. Plaintiff may submit an amended pleading as the case progresses.

> **(3)    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe that this case should be assigned to a magistrate judge.

> **(4)    Whether there is a realistic possibility of settling the case.**

The parties do not see a realistic possibility of settling the case at this time, but will continue to confer on a possible resolution.

> **(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).**

The parties do not see a likely benefit from ADR at this time.

> **(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

As described above, Defendant filed the Motion to Dismiss on October 17, 2007, and the Court has approved a stipulated briefing schedule under which Plaintiff filed a memorandum in opposition on November 7, 2007. Defendant will file a memorandum in reply no later than November 19, 2007. (Minute Entry Order of 10/30/2007)

<u>Plaintiff's Position</u>

Plaintiff believes that it is unlikely the case will be disposed of by motion. Plaintiff has proposed a schedule for discovery and summary judgment briefing, attached hereto as Exhibit A.

Defendant's Position

Defendant believes that this case is likely to be disposed of, in its entirety, by the Motion to Dismiss. In any event, Defendant believes it makes more sense to establish precise dates once the motion to dismiss has been decided, particularly since the thrust of the motion addresses, among other things, whether this is a class action, representative action or a single plaintiff's claim.

**(7)     Initial disclosures**

The parties exchanged initial disclosures on November 16, 2007.

**(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff's Position

Plaintiff has submitted a proposed scheduling order, including a provision for a protective order, attached hereto as Exhibit A.

Defendant's Position

Defendant believes that this case is likely to be disposed of, in its entirety, by the Motion to Dismiss. Defendant believes that the extent of discovery, and the length of discovery, will be dependent upon which claims, if any, survive the motion. For that reason, Defendant believes it makes more sense to establish precise dates once the motion to dismiss has been decided, particularly since the thrust of the motion addresses, among other things, whether this is a class action, representative action or a single plaintiff's claim.

**(9)     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Plaintiff's Position

Plaintiff has proposed a schedule that includes dates for exchanging expert witness reports and disclosures, attached hereto as Exhibit A.

Defendant's Position

Defendant believes that the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should not be modified. In the event that Plaintiff intends to rely upon the testimony of an expert, Defendant believes that depositions of that expert will be necessary. Defendant believes it makes more sense to establish precise dates once the motion to dismiss has been decided, particularly since the thrust of the motion addresses, among other things, whether this is a class action, representative action or a single plaintiff's claim.

**(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiff's Position

Not applicable.

Defendant's Position

Plaintiff filed a "representative action." As explained in the Motion to Dismiss, Defendant contends that the Rule 23 requirements must be followed by any party seeking to "represent" a class of persons in pursuing legal or equitable remedies resulting from alleged harm to those persons.

**(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

<u>Plaintiff's Position</u>

Plaintiff does not see any such phasing or bifurcation as necessary or appropriate in this case. Plaintiff believes that discovery should promptly commence so the case can be trial-ready at a reasonably early date. Postponing discovery now will lengthen the time necessary to bring this case to trial-ready status.

<u>Defendant's Position</u>

As described above, Defendant has filed a Motion to Dismiss. In the event that Defendant's Motion is granted, discovery will be unneeded.

Among other things, Defendant's motion seeks to strike the Complaint's reference to Plaintiff bringing this suit "on behalf of . . . all other customers who rented vehicles from Defendant in the District of Columbia, and were damaged by Defendants deceptive and unlawful practices . . . ." (Complaint at 1 and ¶ 2.) In the event that the Complaint's references to a representative capacity suit are not struck, Defendant believes this Court should hold a hearing to determine whether a representative class should be certified pursuant to Federal Rule of Civil Procedure 23. Defendant believes that discovery should be bifurcated such that discovery needed to evaluate the merits of class certification is conducted prior to any discovery needed concerning the merits of Plaintiff's case.

**(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties will further confer on a proposed schedule for a pre-trial conference.

**(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

<u>Plaintiff's Position</u>

Plaintiff proposes that the Court set a trial date at the pretrial conference.

<u>Defendant's Position</u>

Defendant believes that it is premature, in light of the outstanding Motion to Dismiss, to set a trial date.

The parties' positions on the matters to be discussed under Federal Rule of Civil Procedure 26(f)(3) are as follows:

<u>Plaintiff's Position</u>

***Defendant's Preservation Obligations***

Based on the recent discussions between the parties, Plaintiff is concerned that Defendant misconstrues its preservation obligations, and is failing to preserve and may now be destroying electronic and other data that are material and relevant in this case. Defendant has stated that because the electronic data in Defendant's possession are located on many different servers (counsel for Defendant suggested that Defendant may have over 1,000 individual servers, each with separate preservation protocols), it cannot order a preservation hold on that data, and to date, it has been unable to even identify databases containing responsive information.

Generally speaking, each party is under an obligation to preserve relevant documents, and is responsible for spoliation; it does not require any affirmative effort of the requesting party to identify the specific documents it wishes to be preserved. *See United States v. Philip Morris USA, Inc.*, 327 F. Supp. 2d 21, 23 (D.D.C. 2004) (holding that defendant had violated an initial case management order "requiring preservation of 'all documents and other records containing information which could be potentially relevant to the subject matter of this litigation.'"). The Federal Rules instruct that the parties include in their Rule 26(f) meet and confer "to discuss any

issues relating to preserving discoverable information." *See also* Advisory Committee Notes to Rule 26(f) ("Failure to address preservation issues early in the litigation increases uncertainty and raises a risk of disputes.").

U-Haul may not fully understand this obligation, as evidenced by its pattern of destroying material evidence in past litigation, often in defiance of court orders that it be preserved. The Los Angeles Times, in an independent investigation, "identified 11 instances since 1989 in which records show that U-Haul lost, altered or discarded evidence." Myron Levin and Alan C. Miller, "Key Trial Evidence Goes Missing," *Los Angeles Times*, June 26, 2007. In two of those instances, courts saw fit to impose the ultimate sanction of striking U-Haul's defense in its entirety, and entering judgment in favor of plaintiffs. Courts have sanctioned U-Haul for its failure to produce key data, such as lists of previous accidents that would show its awareness of problems with its vehicles that caused severe injuries and deaths. *See id.*; see *also Cabasso v. Goldberg*, 288 A.D.2d 116 (N.Y. App. 2001) (striking U-Haul defense for failure to preserve key evidence); In view of this history, Plaintiff is attempting to be pro-active in ensuring that relevant data and records are maintained.

Plaintiff explained his position as to Defendant's preservation obligations in letters dated October 3 and 26, 2007. The October 3 letter (attached hereto as Exhibit B) was a standard notice setting forth the electronic formats in which responsive data could exist, and which Defendant would have an obligation to preserve. At an initial meet and confer on October 24, 2007, Counsel for Defendant requested clarification about subject matters of interest to Plaintiff. As a courtesy, Plaintiff sent a second letter on October 26 (attached hereto as Exhibit C), setting out specific subject areas of information that Plaintiff will request production of in this litigation, both for purposes of preservation and to identify areas of electronic production where Defendant

should explain how its information is stored. Defendant has provided Plaintiff with its only response to these letters is in its first draft responses of this joint letter, which it sent to Plaintiff's counsel on November 9. Defendant claims that its "hold" obligation is limited to the following:

- Complaints, including written, internet, e-mail or telephone complaints, received by U-Haul Co. of Washington, D.C. centers and dealers regarding quality of rental fleet, dating from January 1, 2005 forward;

- Rental contracts held by U-Haul Co. of Washington, D.C. centers and dealers dating from January 1, 2005 forward;

- Yellow page advertisements displayed in the Washington D.C. area that relate to representations concerning the "newness" of vehicles from January 1, 2005 forward.

This hold, as described, is woefully insufficient. U-Haul is a national company, based in Phoenix, Arizona, and Plaintiff's suit clearly invokes company-wide policies and practices, not just those in franchises located in Washington, D.C. Furthermore, trucks and dollies do not have a "home" location, but rather travel across the country as they are rented and returned at various locations.

Among many other things, U-Haul does not agree that it has an obligation to preserve any internal emails, any repair records, any documents concerning advertising, or any policies related to repair or customer service. Indeed, U-Haul is not even willing to preserve advertisements that did not appear in the yellow pages! All of these items are of central importance to Plaintiff's case, yet Defendant has represented that to do any more would not be feasible, because it has no standard electronic preservation policy. In the two meet and confer discussions held to date, Defendant has attempted to shift its preservation burden on to Plaintiff, asking Plaintiff to justify the preservation of its data, without disclosing any information about where data and records are

9

located, and how they are stored. Plaintiff requests the guidance of the Court in helping to resolve this impasse.

### *Electronically Searchable Information*

F.R.C.P. 26(f)(3), as amended, requires the parties to meet and confer "to develop a proposed discovery plan that indicates the parties' views and proposals concerning . . . any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced[.]"

As Plaintiff's Counsel communicated on the second meet and confer call, Counsel for Defendant still has not provided basic data on the form and location of its electronic data, such as the name of key databases, or how they could be produced and accessed (e.g., producing a native format database in Microsoft Excel format). Similar to its statements regarding document preservation, Defendant asserts that it is not required to offer any information about its own data, and need only respond (eventually) to Plaintiff's inquiries. To date, Defendant's responses to specific requests have been met with evasive generalities. Rule 26(f)(3) does not contemplate this "Twenty Questions" approach to electronic discovery. *See* 2006 Advisory Notes to Rule 26(f) ("It may be important for the parties to discuss those [information] systems, and accordingly important for counsel to become familiar with those systems before the conference. With that information, the parties can develop a discovery plan that takes into account the capabilities of their computer systems.").

Again, Plaintiff requests the guidance of the Court in helping to resolve this impasse.

<u>Defendant's Position</u>[4]

The Plaintiff issued a letter on October 3, 2007, demanding far-reaching and limitless preservation of <u>all</u> Defendant's hard copy and electronic data, of any type, and relating to any topic. As examples, the October 3rd letter instructs the Defendant to

- Preserve <u>all</u> information from Defendant's computer systems, removable media and other locations without any limitation as to substance, or location.

- Discontinue <u>all</u> data destruction and backup tape recycling policies.

- Preserve <u>all</u> records of Internet and Web-browser generated files in electronic format.

During the parties' 26(f) conference, Defendant requested that Plaintiff amend its request to relate only to information and data that Plaintiff believes might be relevant to the allegations contained within the Complaint.

Plaintiff issued a second letter dated October 26, 2007. Instead of narrowing the scope of the documents for which Plaintiff requests preservation, the October 26, 2007, letter expands upon Plaintiff's demands by "supplement[ing] our initial letter" of October 3, 2007 "without limiting our demand that U-Haul halt business practices geared to the destruction of documents." As with the October 3, 2007, letter, the specific requests contained within the October 26, 2007, letter go well beyond the allegations contained within the Complaint, and well beyond any topic discussed in the advertisement attached to the Complaint. For example, the October 26, 2007, letter calls for the preservation of documents relating to such things as the "repair history of

---

[4]    Defendant notes that Plaintiff provided a written explication of their complete position with regard to this section the morning that this report was due. In the interest of complying with the Court's deadline, and in avoiding the delay that would be caused by asking the Court to extend the filing of this report until after the Thanksgiving holiday, Defendant has consented to the filing of this report. Nonetheless, as Defendant did not have adequate time to address the new issues raised by the Plaintiff, Defendant respectfully reserves the right to update the Court as to Defendant's position concerning these new matters at a future time.

individual vehicles," and "customer feedback and complaints concerning vehicles." Indeed, the October 26, 2007, letter goes so far as to claim that "Defendant is on notice of its obligation to preserve documents and information *for other locales*" besides those relating to the District of Columbia. (emphasis added.)

As the Complaint deals entirely with a D.C. consumer, and an alleged advertisement concerning the "newness" of U-Haul Co. of District of Columbia's vehicles, and the Plaintiff alleges that he represents only other D.C. consumers, Plaintiff's preservation requests clearly go beyond the search for documents that may lead to discoverable materials.

At this time Defendant has taken efforts to preserve documents that relate to the claims included within the Complaint including:

- Complaints, including written, internet, e-mail or telephone complaints, received by U-Haul Co. of Washington, D.C. centers and dealers regarding quality of rental fleet, dating from January 1, 2005 forward;

- Rental contracts held by U-Haul Co. of Washington, D.C. centers and dealers dating from January 1, 2005 forward;

- Yellow page advertisements displayed in the Washington D.C. area that relate to representations concerning the "newness" of vehicles from January 1, 2005 forward.

Until this Court determines whether this is a single plaintiff claim or something more, the enormous "hold" Plaintiff proposes plainly is of the type designed to burden defendants, escalate the cost of any defense and/or coerce settlement. Defendant urges the Court to permit preservation to proceed on the basis already undertaken until Plaintiff convinces the Court that this case truly implicates every facet of Defendants' nationwide business.

12

Respectfully submitted,

With regard to Plaintiff's position:

_Steven A. Skalet_/eB

Steven A. Skalet (D.C. Bar No. 359804)
Craig L. Briskin
Ellen Eardley (D.C. Bar No. 488741)
Mehri & Skalet, PLLC
1250 Connecticut Avenue N.W., Suite 300
Washington, D.C. 20036
(202) 822-5100 (phone)
(202) 822-4997 (fax)

*Counsel for Plaintiff Michael Margolis*

With regard to Defendant's position:

_David A. Zetoony_ /CLB with permission

David A. Zetoony (D.C. Bar No. 486456)
Bryan Cave LLP
700 13th St. N.W. Suite 700
Washington, D.C. 20005
(202) 508-6030 (phone)
(202) 220-7330 (fax)

*Counsel for Defendant U-Haul
International, Inc.*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

MICHAEL MARGOLIS,                    )
on behalf of himself and others      )
similarly situated,                  )
                        Plaintiff,   )
v.                                   )        Case No. 1:07-cv-1648-RMC
                                     )
U-HAUL INTERNATIONAL, INC.,          )
                                     )
                        Defendant.   )

## [PROPOSED] SCHEDULING ORDER

As stated at the initial status conference held this ____ day of _____, 2007, it is hereby **ORDERED**:

1.      The parties having exchanged initial disclosures on November 16, 2007, and fact discovery having commenced on November 19, 2007, the parties shall complete all discovery on the merits by July 21, 2008.

2.      All parties shall disclose, by July 1, 2008, the identification of retained experts, respective vitae and contractual agreements regarding the nature and scope of expert services, pursuant to Rule 26(a)2((A), Fed. R. Civ. P., and the parties shall disclose, by August 1, 2008, the identification of any retained rebuttal experts, respective vitae and contractual arrangements regarding the nature and scope of rebuttal expert services.  All parties shall exchange their expert reports by August 15, 2008, and the parties shall exchange their rebuttal expert reports by September 15, 2008.  Expert discovery shall close on September 22, 2008.

3.      The parties shall file cross-motions for summary judgment, if any, on or before October 6, 2008, with oppositions due on November 5, 2008, and replies due on November 19, 2008.

4.      Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order.

SO ORDERED.


_____        _____
Date                                   ROSEMARY M. COLLYER
                                       United States District Judge

# Exhibit B



CYRUS MEHRI (DC, CT)
STEVEN A. SKALET (DC, MD)
LISA M. BORNSTEIN (DC, NY)
CRAIG L. BRISKIN (NY, MA)
NICOLE M. AUSTIN-HILLERY (DC)
SANDI FARRELL (DC, MS)
ANNA M. POHL (DC, MA)

PAMELA COUKOS (DC, MA, NY)
WOODLEY B. OSBORNE (DC, MD)
OF COUNSEL

# MEHRI & SKALET PLLC

1250 CONNECTICUT AVENUE NW, SUITE 300 · WASHINGTON, DC 20036
TEL 202.822.5100 · FAX 202.822.4997 · WWW.FINDJUSTICE.COM

October 3, 2007

David A. Zetoony, Esq.
Bryan Cave LLP
700 13th St. NW
Suite 700
Washington, DC 20005

Re: *Margolis v. U-Haul International, Inc.*, 1:07-cv-01648 (DDC) (RC)

Dear Mr. Zetoony,

As you are aware, Plaintiff Michael Margolis has filed the above-captioned litigation against U-Haul International, Inc. ("U-Haul" or "Defendant"), in which Plaintiff alleges that U-Haul has misrepresented the quality of its rental vehicles. In addition to information existing in hard copy documents, electronically stored information ("ESI") is an important and irreplaceable source of discovery and/or evidence in this case. Printed copies of information from computer-based documents do not include all of the relevant and discoverable information in electronic files, and therefore do not suffice to preserve the evidence. The lawsuit requires preservation of all hard copy information, and all information from Defendant's computer systems, removable electronic media, and other locations. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and network access information.

Defendant should also preserve the following platforms in the possession of Defendant, and/or in the possession of a third party under the control of Defendant: databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail).

All of the information set out in this letter should be preserved for the period from January 1, 2000 to the present.

Please be advised that Plaintiff regards all U-Haul outlets, retailers, franchisees and any other location where U-Haul vehicles may be rented to be under the possession, custody and/or control of Defendant, and fully subject to the preservation obligations of the Federal Rules of

Civil Procedure, as further set out in this letter. If your position as to this matter differs, you should inform us immediately.

## PRESERVATION OBLIGATIONS

The laws and rules prohibiting destruction of evidence apply to ESI in the same manner that they apply to other evidence. Due to its format, ESI is easily deleted, modified or corrupted. Accordingly, Defendant must take every reasonable step to preserve this information until the final resolution of this matter.

This includes, but is not limited to, the following:

- Discontinue all data destruction and backup tape recycling policies;

- Preserve and do not dispose of relevant hardware unless an exact replica of the file (a mirror image) is made;

- Preserve and do not destroy passwords, decryption procedures (and accompanying software), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software;

- Maintain all other pertinent information and tools need to access, review, and/or reconstruct all requested or potentially relevant electronic data.

## DESCRIPTION OF DATA SOUGHT

This lawsuit requires preservation of all information from Defendant's computer systems, removable electronic media, and other locations relating to rental records for U-Haul vehicles. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information.

I.  **Electronic Files**. You have an obligation to preserve all digital or analog electronic files in electronic format, regardless of whether hard copies of the information exist. This includes the following:

   A.  Active data (i.e., data immediately and easily accessible on the client's systems today);

   B.  Archived data (i.e., data residing on backup tapes or other storage media);

   C.  Deleted data (i.e., data that has been deleted from a computer hard drive but is recoverable through computer forensic techniques); and

   D.  Legacy data (i.e., data created on old or obsolete hardware or software).

2

E.    Defendant must preserve active, archived and legacy data including but not limited to:

    1.    Word-processed files, including drafts and revisions;

    2.    Spreadsheets, including drafts and revisions;

    3.    Databases;

    4.    CAD (computer-aided design) files, including drafts and revisions;

    5.    Presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint);

    6.    Graphs, charts and other data produced by project management software (such as Microsoft Project);

    7.    Animations, images, audio, video and audiovisual recordings, MP3 players, and voicemail files.

    8.    Data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes);

    9.    Data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada; Cassiopeia or other Windows CE-based or Pocket PC devices;

    10.    Data created with the use of document management software; and

    11.    Data created with the use of paper and electronic mail logging and routing software.

F.    Defendant must preserve media used by Defendant computers including but not limited to:

    1.    Magnetic, optical or other storage media, including the hard drives or floppy disks used by Defendant's computers;

    2.    Backup media (i.e., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMs) and the software necessary to reconstruct the data contained on the media; and

    3.    Archived media (you should retain a mirror image copy of any media no longer in service but used any time since January 1, 2000.

II.    **Hardware**. Defendant has an obligation to preserve all electronic processing systems, even if they are replaced. This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, and other electronic processing devices. Defendant should retain copies of any hardware no longer in service but used at any time from January 1, 2000 to the present.

III.    **Emails**. Defendant has an obligation to preserve all potentially relevant internal and external emails that were sent or received. Email must be preserved in electronic format, regardless of whether hard copies of the information exist.

IV.    **Internet Web Activity**. You have an obligation to preserve all records of Internet and Web-browser generated files in electronic format, regardless of whether hard copies of the information exist. This includes Internet and web browser-generated history files, caches and "cookies" files stored on backup media or generated by an individual employed at U-Haul.

V.    **Activity Logs**. Defendant must preserve all hard copy or electronic logs documenting computer use by Defendant.

VI.    **Supporting Information**. Defendant must preserve all supporting information relating to the requested electronic data and/or media including codebooks, keys, data dictionaries, diagrams, handbooks, or other supporting documents that aid in reading or interpreting database, media, email, hardware, software, or activity log information.

VIII.    **Other Relevant Information**

    A.    Documents relating to computer systems, programs, software, hardware, materials, tools or information that Defendant uses or used to track or monitor vehicle condition and/or status.

    B.    From January 1, 2000 to the present, all documents that relate to any software or hardware computer changes affecting your rental of vehicles.

## DESCRIPTION OF DOCUMENTS AND MEDIA THAT SHOULD BE PRESERVED

I.    **Data Preservation**. Defendant should immediately preserve all data and information about the data (i.e., backup activity logs and document retention policies) relating to documents maintained in the ordinary course of business for the employees listed below. This includes, but is not limited to, the information listed below.

    A.    Email and any relevant metadata, including message contents, header information, and email system logs.

    B.    All active and deleted copies of any word processing files, spreadsheets, and PowerPoint presentations.

4

C.    Databases and any information about the databases.

D.    All paper and/or electronic logs of computer system and network activity that pertain to electronic data storage

E.    All active and deleted copies of any electronic calendars or scheduling programs, including programs maintained on PDAs.

F.    All active, archived, legacy, and deleted copies of any other electronic data.

II.    **Data Storage Devices**

A.    Online Data Storage. If Defendant use(s) online storage and/or direct access storage devices, they must immediately cease modifying or deleting any electronic data unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation.

B.    Offline Data Storage. Offline data storage includes, but is not limited to, backup and archival media, floppy diskettes, magnetic, magneto-optical, and/or optical tapes and cartridges, DVDs, CD ROMs, and other removable media. Defendant should immediately suspend all activity that might result in destruction or modification of all of the data stored on any offline media. This includes overwriting, recycling or erasing all or part of the media. This request includes, but is not limited to, media used to store data from personal computers, laptops, mainframe computers, and servers.

C.    Data Storage Device Replacement. If Defendant replace(s) any electronic data storage devices, Defendant may not dispose of the storage devices.

D.    Preservation of Storage Devices. Defendant may not modify, delete or otherwise alter (i.e., by data compression, disk de-fragmentation, or optimization routines) any electronic data unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation. The expert must make a mirror image of active files, restored versions of deleted files, and restored versions of deleted file fragments, hidden files, and directory listings. This includes, but is not limited to, preserving electronic data (stored on online or offline storage devices) that came from the following hardware or software applications:

1.    Fixed drives on stand-alone personal computers or laptops;
2.    Network servers and workstations; and
3.    Software application programs and utilities.

5

## PRESERVATION COMPLIANCE

I.     **Activity Log**. In order to show preservation compliance, Defendant must maintain a log, documenting all alterations or deletions made to any electronic data storage device or any electronic data processing system. The log should include changes and deletions made by supervisors, employees, contractors, vendors, or any other third parties.

II.    **Mirror Images**. Defendant must secure a mirror image copy (a bit-by-bit copy of a hard drive that ensures the computer system is not altered during the imaging process) of all electronic data contained on the personal computers and/or laptops of the individuals listed below. The mirror image should include active files, deleted files, deleted file fragments, hidden files, directories, and any other data contained on the computer. Defendant must also collect and store any offline or online storage devices that contain data from any electronic processing devices.

III.   **Chain of Custody**.  For each piece of media that Defendant preserve(s), Defendant must document a complete chain of custody. A proper chain of custody will ensure that no material changes, alterations or modifications were made while the evidence was handled. Chain of custody documentation must indicate where the media has been, whose possession it has been in, and the reason for that possession.

IV.    **Electronic Data Created After Receipt of This Letter**.  For any electronic data created after receipt of this letter, or for any electronic processing systems used after the receipt of this letter, Defendant must take the proper steps to avoid destroying potentially relevant evidence.

Compliance with your preservation obligations includes forwarding a copy of this letter to all individuals and organizations that are responsible for any of the items referred to in this letter, and all individuals and organizations whose discoverable information is within your possession, custody or control.  If any of the requirements set out in this correspondence is in any respect unclear, please contact me immediately.

Sincerely,

Craig L. Briskin
*Counsel for Plaintiff*

cc:  Office of General Counsel

6

# Exhibit C



CYRUS MEHRI (DC, CT)
STEVEN A. SKALET (DC, MD)
LISA M. BORNSTEIN (DC, NY)
CRAIG L. BRISKIN (NY, MA)
NICOLE M. AUSTIN-HILLERY (DC)
SANDI FARRELL (DC, MS)
ANNA M. POHL (DC, MA)

PAMELA COUKOS (DC, MA, NY)
WOODLEY B. OSBORNE (DC, MD)
OF COUNSEL

**MEHRI & SKALET**
PLLC

1250 CONNECTICUT AVENUE NW, SUITE 300 · WASHINGTON, DC 20036
TEL 202.822.5100 · FAX 202.822.4997 · WWW.FINDJUSTICE.COM

October 26, 2007

*By electronic mail*

David A. Zetoony, Esq.
Bryan Cave LLP
700 13th St. NW
Suite 700
Washington, DC 20005

**Re: *Margolis v. U-Haul International, Inc.*, 1:07-cv-01648 (DDC) (RC)**

Dear Mr. Zetoony,

     I am writing in follow up to our meet and confer session on October 23, 2007, in which we discussed Defendant U-Haul International, Inc.'s ("U-Haul") preservation of electronically stored information ("ESI"). You requested that I set out specific information that Plaintiff is interested in. I am glad to do so, without limiting our demand that U-Haul halt business practices geared to the destruction of potential evidence. In other words, this letter supplements our initial letter of October 3, 2007. It is U-Haul's duty to preserve potentially discoverable information, whether or not set forth herein, and to ensure that communications about its preservation obligations reach every custodian of discoverable data.

     As the complaint sets forth, Plaintiff alleges that U-Haul's rental trucks are old, in poor repair, and unsafe, contrary to its advertising claims. Thus, the subject matter Plaintiff will seek to discover includes, but is not limited to, the following:

     1.    Records for all vehicles rented in the District of Columbia;

     2.    Research and other information on the age and quality of the vehicles of U-Haul and/or its competitors, including but not limited to such information on which U-Haul advertising claims are based;

     3.    Repair history of individual vehicles;

     4.    Policies, procedures, practices and communications concerning repair, maintenance, replacement and safety assessment of vehicles, including cost analyses;

     5.    Customer feedback and complaints concerning vehicles, and how they were addressed by U-Haul;

David A. Zetoony, Esq.
October 26, 2007
Page 2 of 2

    6.     Refund policies and practices, and all documents concerning refunds requested, granted or denied to customers; and

    7.     Governmental investigations of or information requests to U-Haul concerning the safety or quality of U-Haul vehicles.

    The claims set forth in this case likely involve specific departments and personnel of U-Haul involved in the subject matter set forth herein, including but not limited to those with responsibility for monitoring and setting policy concerning the maintenance, safety and quality of U-Haul vehicles, customer satisfaction and customer relations, and U-Haul advertising. Thus, to the extent that such personnel maintain ESI on personal computers or other individual systems, U-Haul has an obligation to preserve these sources. Plaintiff is particularly interested in email sent by or sent to such personnel. Please identify the system or systems for this email, how it is stored, and for how long. Plaintiff is also interested in any electronic systems used by such personnel in the regular course of business. Please identify any and all such systems, how the information is stored, and for how long.

    Because Plaintiffs have yet to conduct any discovery, they cannot know all of the discoverable sources of information, and personnel who would have responsibility for the subject matter set forth herein. Pursuant to F.R.C.P. 26(f)(3), we request that you inform us on the nature of the ESI set forth herein in the possession, custody and control of U-Haul, including the forms in which it is stored, how it will be produced so as to preserve metadata, and any problems you foresee in the production of this information.

    Although Plaintiff has filed a representative action in the District of Columbia, his complaint concerns practices that appear to be nationwide, as documented by a recent exposé in the Los Angeles Times (referenced in the complaint). Therefore, Plaintiff's position is that Defendant is on notice of its obligation to preserve documents and information for other locales as well. Let us know if your understanding of U-Haul's preservation obligation differs in any way. In particular, let us know immediately if U-Haul has destroyed, is destroying or will destroy any of the ESI set forth in this letter.

    Sincerely,

    Craig L. Briskin
    *Counsel for Plaintiff*

cc: Colleen Reddan, Esq.