UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 1:07-cv-01648 (R.C.) |
|  | ) |
| U-HAUL International, Inc., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant U-Haul International, Inc. ("UHI"), by its undersigned counsel, hereby moves pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order that stays discovery in this action pending this Court's disposition of UHI's outstanding and fully briefed Motion to Strike the Class Allegations and Dismiss the Complaint.

In support of this Motion, UHI submits the accompanying Memorandum of Points and Authorities in Support of Defendant's Motion to Stay Discovery, the declarations of Thomas Coffee and Mike Matlock and a proposed form of order.

Pursuant to Local Rule of Civil Procedure 7(m), UHI requested Plaintiff's consent to this Motion. Plaintiff indicated that it would oppose this Motion.

Respectfully submitted,

DEFENDANT,
U-HAUL INTERNATIONAL, INC.


By_____/s/_____
          David Zetoony (D.C. Bar No. 486456)
          Bryan Cave LLP
          700 13th St. N.W. Ste 700
          Washington, D.C. 20005
          (202) 508-6030 (phone)
          (202) 220-7330 (fax)
          David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.*
Jason K. Reed, Esq.
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7000 (phone)
(602) 364-7070 (fax)
lgscarborough@bryancave.com

---

* Mr. Scarborough and Mr. Reed are not members of this Court.

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:07-cv-01648 (R.C.) |
| U-HAUL International, Inc., | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY**

Defendant U-Haul International, Inc.'s ("UHI") dispositive motion to strike and dismiss the Complaint (the "Motion to Dismiss") is fully briefed. Since briefing that motion, Plaintiff has propounded expansive and burdensome requests for depositions, interrogatories and documents concerning UHI's nationwide operations over the past eight years.

In the event this Court grants the Motion to Dismiss for any one of the multiple grounds explained within the Motion to Dismiss, the need for any discovery would be obviated. As a result, a protective order staying discovery until the Motion to Dismiss is decided would promote judicial economy by ensuring that UHI does not incur the heavy burden of responding to invasive requests for discovery, and this Court does not have to evaluate any requests for protection against Plaintiff's invasive discovery that goes far beyond the scope of the Complaint. Furthermore, a protective order staying discovery until the Motion to Dismiss has been decided will not prejudice Plaintiff.

**Background**

Plaintiff alleges that UHI violated the D.C. Consumer Protection Procedure Act ("CPPA") by including within a telephone-book style advertisement the phrase "newest trucks for household movers!" Plaintiff claims that this advertisement caused him personal damage. Plaintiff also claims that he is entitled to recover the damages of other D.C. consumers who rented trucks, and that he is entitled to do so outside of the class action mechanism.

UHI filed a Motion to Dismiss on October 17, 2007, which explained that Plaintiff's attempt to recover damages on behalf of unrepresented parties violates federal procedure and raises a host of Constitutional due process concerns. With regard to Plaintiff's individual claims, the Motion to Dismiss explained that Plaintiff lacked standing to bring suit under the CPPA, and that in any case the alleged advertisement is a paradigmatic example of puffery which is not actionable under the CPPA. Plaintiff filed his opposition to the Motion to Dismiss on November 7, 2007, and UHI filed its Reply on November 16, 2007. As a result, the Motion to Dismiss is now fully briefed.

On November 20, 2007, Plaintiff served UHI with a notice for a 30(b)(6) deposition ("the 30(b)(6) Notice"). [Attached as Exhibit A] According to the 30(b)(6) Notice, Plaintiff intends to depose UHI on 22 different topics, including the following:

1.  The identity of all employees employed by U-Haul during the period of January 1, 2000 to the present time who are or were responsible for managing and maintaining its technology infrastructure that includes, but is not limited to, servers or other network storage devices and related peripheral equipment, desktop computers, portable computers, laptop computers, personal digital assistants ("PDAs"), telephones, and other similar electronic devices. [Exhibit A at para. 1]

2.  A description of and the operation of all groups of connected computer systems used by U-Haul that permit users to share information and transfer data, including, but not limited to, local area networks ("LANs"), wide area networks ("WANs"), client-server networks, virtual private networks ("VPNs"), and storage area networks ("SANs"); including all equipment, devices, components,

and network resources that establish and maintain the network environment, including, but not limited to, routers, switches, hubs, bridges, firewalls, proxies, etc. [Id. at para. 3]

3.    A description of and the operation of the Internet and intranet connectivity of each computer system used by U-Haul, including, but not limited to, client-server communications and client-client communications facilitated through modem, network, or direct connection. [Id. at para. 6]

4.    A description of all hardware and software modifications made to the computer systems used by U-Haul from January 1, 2000 to the present time, including type and nature of each modification, dates of modifications, software and hardware titles, version numbers, contact information of person(s) performing the modification, and location of data backups made prior to modification. [Id. at para. 7]

5.    A description of the title and version number of any and all software installed or executed on each of U-Haul computer systems from January 1, 2000 to the present time. [Id. at para. 9]

Plaintiff followed its 30(b)(6) Notice with 14 requests for the production of documents and nine interrogatories. [Attached as Exhibits B and C, respectively] Among other things, these requests ask for documents and information concerning:

1.    Every "UHI Vehicle rental contract[] with any person or entity that reserved, rented, picked up or returned a UHI Vehicle" in Washington D.C., Virginia, Maryland, or West Virginia from January 1, 2000 through the present. [Exhibit B at 8, para. 2]

2.    "All documents concerning maintenance, repair or inspection for each UHI Vehicle reserved, picked up, rented or returned in" Washington D.C., Virginia, Maryland, or West Virginia from January 1, 2000 through the present. [Exhibit B at 8, para. 5]

3.    The identity of "all persons who reserved, rented or returned UHI Vehicles" and made complaints in Washington D.C., Virginia, Maryland or West Virginia. [Exhibit C at 3, para. 15 and at 7, para. 9]

As Plaintiff's discovery is extensive and far-reaching and poses a substantial burden on UHI which will likely be wasted and unnecessary if this Court dismisses all, or part of, Plaintiff's

complaint, UHI requests a protective order staying discovery pending the outcome of the Motion to Dismiss.[1]

## ARGUMENT

"[U]pon motion by a party . . . the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including that the "discovery not be had."  Fed. R. Civ. P. 26(c).  It is "settled that entry of a protective order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's jurisdiction" and that a "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance, 201 F.R.D. 1, 2 (D. D.C. 2001) (internal citations omitted).  Moreover, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Id. (internal citations omitted).

Courts have examined three factors when granting a stay of discovery pending the outcome of a dispositive motion: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it;

---

[1] In addition to Plaintiff's 30(b)(6) Notice, document  requests, and interrogatories, Plaintiff has instructed UHI to (1) preserve all information from defendants' computer systems, removal media and other locations without any limitation as to substance or location; (2) discontinue all data destruction and backup tape recycling policies; and (3) preserve all records of internet and web browser generated files electronic format.  [Attached as Exhibit D]  On October 26, 2007, plaintiff supplemented its October 3 letter and notified UHI that, because UHI's "practice[s] . . . appear to be nationwide," plaintiff wants UHI to preserve documents and information "for other locales," including those outside of the District of Columbia and otherwise irrelevant to this action.  [Attached as Exhibit E]  These demands exemplify the expansive and unreasonable scope of plaintiff's intended discovery considering plaintiff's claims, even if true, relate only to "purchasers in the District of Columbia."  [Complaint at 1]

and (3) the risk of unfair prejudice to the party opposing the stay.  See Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).  All of these factors weigh in favor of granting a stay.

## I.    A DISMISSAL WOULD OBVIATE THE NEED FOR DISCOVERY.

This Court has held that "discovery is generally inappropriate" where a motion that would be thoroughly dispositive of the claims in the Complaint is pending.    Chavous, 201 F.R.D. at 2; Maljack Prods., Inc. v. Motion Picture Ass'n, 1990 U.S. Dist. LEXIS 13284 (D.D.C. Oct. 3, 1990) ("avoidance of potentially unnecessary discovery warranted" where motion to dismiss is pending).

As is explained in greater detail in the briefing relating to the Motion to Dismiss, Plaintiff's claims are without legal merit.  Specifically, Plaintiff's claim that he is entitled to recover damages on behalf of unrepresented parties outside of the Rule 23 class action mechanism violates federal procedural rules and raises grave Constitutional concerns inasmuch as Plaintiff proposes to extinguish unrepresented parties' rights or permit duplicative recovery against UHI.

Plaintiff's individual claims also are specious. Plaintiff lacks standing to bring suit under the CPPA and, even if Plaintiff had standing, the complained of advertising is a paradigmatic example of puffery which is non-actionable under the CPPA.  Plaintiff's claim of unjust enrichment also is precluded under D.C. law as Plaintiff admits that a contract governs the parties' relationship.  As a result, if this Court grants the Motion to Dismiss, the parties will not need to conduct any discovery.[2]

---

[2] Even if the Court grants only UHI's motion to strike, the parties and the Court will still enjoy substantial benefit because the remaining scope of discovery will be narrowed

## II.   DISCOVERY AT THIS TIME IMPOSES A SUBSTANTIAL BURDEN THAT SURELY WILL LEAD TO ADDITIONAL MOTION PRACTICE.

Plaintiff has propounded 22 deposition topics, 14 requests for production, and nine interrogatories to UHI.

Although the allegations in the Complaint revolve around a single alleged transaction, Plaintiff's discovery goes far beyond those allegations.  For instance, Plaintiff has requested "all documents concerning maintenance, repair or inspection for each UHI vehicle reserved, picked up, rented or returned in" Washington D.C., Virginia, Maryland or West Virginia.  [Exhibit B at 8, para. 2]  Moreover, although the single transaction alleged in the Complaint occurred in 2005, Plaintiff requests documents and information for a period of nearly eight years between 2000 and the present.  [Compare Complaint at 3, para. 11 with attached Exhibit A 1 – 5; Exhibit B at 8, para. 12; Exhibit C at 6, para. 5]

UHI estimates that complying with plaintiff's requests related exclusively to maintenance and repair would involve the search and production of hundreds and thousands of printed pages relating to potentially 76,250 vehicles.  [Declaration of Thomas Coffee, paras. 5 and 7, attached as Exhibit F]  Not surprisingly, complying with all of Plaintiff's requests can be expected to entail a significant amount of time, energy, and expense.

Indeed, Plaintiff's requests are designed to go far beyond the search for documents that may lead to relevant information.  For instance, although Plaintiff purports to represent

_____

significantly.  Instead of conducting discovery on a national basis for a class that has not been properly pleaded, discovery would be limited to the facts associated with the Plaintiff presently before the Court.  Staying discovery until UHI's motion is resolved will save the Court and the parties time, money, and resources.  Chesney, 236 F.R.D. at 116 ("By waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated, as to certain named defendants here"); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (Where the granting of a motion to dismiss may eliminate or significantly ease the burden of discovery on the Court and the parties, the motion to dismiss should be decided first).

"purchasers in the District of Columbia," he has requested documents and information not only concerning rentals that were made within Washington D.C., but rentals that were made from Virginia, Maryland, and West Virginia. Plaintiff also has asked for documents and information concerning vehicles that were returned in Washington D.C., Virginia, Maryland and West Virginia. The reservations, and contracts, for these vehicles may have been made **in any state**. There is no logical reason to assume that documents and information relating to a vehicle reserved and rented in California for a one-way trip to West Virginia will lead to relevant information.

Plaintiff also seeks extensive discovery concerning UHI's information technology systems (the computer systems described in Plaintiff's Notice of Taking Deposition Pursuant to Rule 30(b)(6)). For instance, Plaintiff has requested information concerning all UHI employees and contractors who were responsible for managing and maintaining UHI's servers, desktop computers, portable computers, and laptops during the past eight years. Plaintiff also has requested a description of **all** of UHI's computer systems, including, among other things, a description of all networks [Exhibit A at 2, para. 3], software installed on each and every computer system [Exhibit A at 3, para. 9], hardware and software modifications made to each and every computer system [Id. at 3, para. 6], and back-up policies and procedures for each computer system [Id. at 3, para. 12]. Plaintiff not only requests such information for currently existing systems, but requests such information for each and every computer that UHI used during the past eight years. [Id.]

UHI's information technology infrastructure is de-centralized such that the computer systems described in the 30(b)(6) Notice exist in at least 1,400 locations and include hundreds of departments. [Declaration of Mike Matlock, para. 4, attached as Exhibit G] As a result,

although UHI estimates that it currently maintains or uses more than 1,800 servers, 10,000 desktop and laptop computers, and 250 portable electronic devices such as a blackberry or cell phone, it does not maintain, as part of its normal business practices, a complete or thorough inventory of these assets.  [Id., paras. 6 and 7]  UHI estimates that it would require on the order of 40 people—none of whom resides within the District of Columbia—for UHI to provide Plaintiff with the requested information concerning UHI's current information technology infrastructure as defined by Plaintiff's 30(b)(6) Notice.  [Id., para. 10]  As a result, presenting witnesses to testify concerning the topics indicated in the 30(b)(6) Notice will entail a significant amount of time, energy, and expense that will be obviated if this Court grants the Motion to Dismiss.

In short, a stay of discovery pending this Court's ruling on the Motion to Dismiss may obviate the need for UHI to invest substantial time, energy and resources in an effort to respond even to Plaintiff's legitimate discovery requests.[3]

## III.    PLAINTIFF WILL NOT BE HARMED BY A STAY.

Plaintiff has taken the position that UHI should preserve "all information from Defendant's computer systems, removable media and other locations" without any limitation as to substance, or location and should "discontinue all data destruction and backup tape recycling

---

[3] In addition to the time and resources that would be needed to search for and collect the documents and information requested by Plaintiff, based on the expansive and far-reaching nature of Plaintiff's requests, UHI is considering the need to request that this Court enter protections from abusive discovery propounded by Plaintiff.  As UHI expects that the Plaintiff will object to a motion for protection, a stay of discovery pending this Court's ruling on the Motion to Dismiss may obviate the need for the parties, and this Court, to invest time, energy, and expense to brief and evaluate what may turn out to be moot requests for protection as well.

policies." [Exhibit D at 1 and 2] Presumably, Plaintiff believes that it will be harmed **if any** information is deleted from UHI's computer systems.[4]

Plaintiff's preservation demand effectively would shut-down UHI's ability to continue its normal business operations as the 10,000 personal computers and 1,400 servers constantly modify data during the normal course of business. Furthermore, the cessation of all back-up recycling policies would impose an enormous burden on UHI. Indeed, UHI estimates that there are at least 100 different back-up polices and procedures in place for various computer systems identified by Plaintiff's 30(b)(6) Notice. [Exhibit G, para. 5] An indefinite hold on the recycling of any back-up media from any of these systems would impose a significant investment of time and resources on UHI's part.

A corporation has no duty to "preserve every shred of paper, every e-mail or electronic document, and every backup tape[.] . . . [I]t is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 217 (S.D.N.Y. 2003). Here, UHI already has taken affirmative steps to preserve documents that **reasonably relate to the claims in the Complaint**. This includes preserving complaints, including written internet, e-mail or telephonic complaints, received by U-Haul Co. of Washington, D.C. centers and dealers regarding quality of the rental fleet dating from January 1, 2005; rental contracts held by U-Haul Co. of Washington, D.C. centers and dealers dating from

---

[4] Despite UHI's request that Plaintiff narrow the scope of these omnibus requests, Defendant has only added preservation requests intended to "supplement" not "limit[]" his blanket preservation demands. [See Exhibit E at 1]

January 1, 2005; and yellow page advertisements displayed in the Washington, D.C. area that relate to representations concerning the "newness" of vehicles from January 1, 2005 forward.

As adequate steps have been undertaken to preserve relevant documents, Plaintiff will suffer no prejudice by a stay of discovery until the Motion to Dismiss has been decided.

### Relief Requested

U-Haul respectfully requests this Court to enter a protective order staying all discovery until the resolution of the Motion to Dismiss.

Respectfully Submitted,

DEFENDANT,
U-HAUL International, Inc.


By_____/s/_____
    David Zetoony (D.C. Bar No. 486456)
    Bryan Cave LLP
    700 13th St. N.W. Ste 700
    Washington, D.C. 20005
    (202) 508-6030 (phone)
    (202) 220-7330 (fax)
    David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq. [*]
Jason K. Reed, Esq.
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7000
lgscarborough@bryancave.com
jason.reed@bryancave.com

---

[*] Mr. Scarborough and Mr. Reed are not members of this Court.

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:07-cv-01648 (R.C.) |
| U-HAUL International, Inc., | ) ) |
| Defendant. | ) ) ) |

**PROPOSED ORDER**

Upon consideration of the Defendant's Motion to Stay Discovery, it is hereby **ORDERED** that Defendant's Motion be, and hereby is, **GRANTED**, and that all discovery in this matter is stayed until Defendant's Motion to Strike the Class Allegations and Dismiss the Complaint is adjudicated.

_____
Date

_____
The Honorable Rosemary M. Collyer
United States District Court for the District of
Columbia

Copies to:

Steven A. Skalet
Craig Briskin
Ellen Eardly
Mehri & Skalet, P.L.L.C.
1250 Connecticut Ave., N.W., Suite 300
Washington, D.C.  20036
(202) 822-5100
Counsel for Plaintiff Michael Margolis

David Zetoony (D.C. Bar No. 486456)
Bryan Cave LLP
700 13th Street, N.W., Suite 700
Washington, D.C.  20005
(202) 508-6030
Counsel for Defendant U-Haul International,
Inc.

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL MARGOLIS,<br>on behalf of himself and others<br>similarly situated,<br>                Plaintiff,<br>v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No. 1:07-cv-1648-RMC<br>)<br>)<br>)<br>)<br>) |

### Notice of Taking Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)

TO:  DEFENDANT U-HAUL INTERNATIONAL, INC.

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), the deposition of Defendant U-Haul International, Inc. ("U-Haul") will be taken on January 22, 2007 at 9:30 A.M. for the purposes of discovery or as evidence in this action at the offices of Mehri & Skalet, PLLC, 1250 Connecticut Avenue N.W., Suite 300, Washington, DC, 20036, before a court reporter authorized to administer oaths. The deposition will be recorded by stenographic means.

The above-named corporation, pursuant to Fed. R. Civ. P. 30(b)(6), shall designate an individual or individuals with personal knowledge to appear and attend at the time and place specified for the purpose of testifying to the following:

1.      The identity of all employees employed by U-Haul during the period of January 1, 2000 to the present time who are or were responsible for managing and maintaining its technology infrastructure that includes, but is not limited to, servers or other network storage devices and related peripheral equipment, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), telephones, and other similar electronic devices.

2.      The identity of all nonemployee consultants, consulting firms, contractors, or similar entities retained by U-Haul during the period of January 1, 2000 to the present time who are or were responsible for installing, servicing, managing, or maintaining its technology infrastructure that includes, but is not limited to, servers or other network storage devices and related peripheral equipment, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), telephones, and other similar electronic devices.

3.      A description of and the operation of all groups of connected computer systems used by U-Haul that permit users to share information and transfer data, including, but not limited to, local area networks (LANs), wide area networks (WANs), client-server networks, virtual private networks (VPNs), and storage area networks (SANs); including all equipment, devices, components, and network resources that establish and maintain the network environment, including, but not limited to, routers, switches, hubs, bridges, firewalls, proxies, etc.

4.      A description of and the operation of all available third-party connectivity between the computer systems and network environment used by U-Haul, including the type of information that is shared, the manner in which the information is transferred, and the identity of any individuals who have authorization to transfer information into or out of the network environment.

5.      A description of the types of individual personal computer systems that are or have been used by employees of U-Haul for the period of January 1, 2000 to the present time that includes, but is not limited to, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), telephones, and other similar electronic devices, including descriptions of equipment and any peripheral technology attached to the computer system.

6.     A description of and the operation of the Internet and intranet connectivity of each computer system used by U-Haul, including, but not limited to, client-server communications and client-client communications facilitated through modem, network, or direct connection.

7.     A description of all hardware or software modifications made to the computer systems used by U-Haul from January 1, 2000 to the present time, including type and nature of each modification, dates of modification, software and hardware titles, version numbers, contact information of person(s) performing the modification, and location of data backups made prior to modification.

8.     A description of all operating systems, including, but not limited to, Microsoft Windows, Linux, Unix, DOS, Solaris, etc., installed on each of U-Haul's computer systems from January 1, 2000 to the present time.

9.     A description of the title and version number of any and all software installed or executed on each of U-Haul computer systems from January 1, 2000 to the present time.

10.     A description of all technology infrastructure, computer systems and software as used and/or required to be used by U-Haul retail outlets and/or franchisees, and policies concerning such use.

11.     A description of policies and procedures governing the use of removable media, such as CD-ROMs, Zip disks, floppy disks, tape drives, removable hard drives, etc., associated with U-Haul computer systems or network from January 1, 2000 to the present time.

12.     A description of policies and procedures used for performing backups on all computer systems and a description of any hardware or software used to perform such backup from January 1, 2000 to the present time.

13.    A description of all e-mail accounts used by U-Haul and its employees from January 1, 2000 to the present time.

14.    A description of policies and procedures used to perform backups or for archiving e-mail messages and a description of any hardware or software used to perform such backups or archiving from January 1, 2000 to the present time.

15.    A description of any e-mail-based encryption used by U-Haul or its employees from January 1, 2000 to the present time.

16.    A description of the components and design implementation or distribution of U-Haul telephone and voice messaging systems, including all hardware, software, and third-party service providers used from January 1, 2000 to the present time.

17.    A description of policies and procedures used for performing backups or for archiving any and all voice messaging records and a description of any hardware or software used to perform such backups or archiving from January 1, 2000 to the present time.

18.    A description of all policies and procedures governing employee use of Internet newsgroups, chat rooms, or instant messaging on your computer systems from January 1, 2000 to the present time.

19.    A description of any and all cell phones, PDAs, digital convergence devices, or other portable electronic devices, whether owned by U-Haul or by others, used by any U-Haul employees in the performance of his or her employment from January 1, 2000 to the present time.

20.    A description of all policies and procedures pertaining to data retention and destruction from January 1, 2000 to the present time and a description of all hardware or

software used to facilitate the deletion of data subject to any data retention and destruction policies and procedures.

21.    A description of any and all servers or other network storage devices, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), telephones, and other similar electronic devices that have had their hard drives reformatted, wiped, or replaced from January 1, 2000 to the present time.

22.    A description of any and all information relevant to this legal matter that was deleted, physically destroyed, corrupted, damaged, lost, or overwritten, and whether this information was lost pursuant to the data retention and destruction policies.

Date: _November 20, 2007_

_Craig L. Briskin_

Steven A. Skalet (DC No. 359804)
Craig L. Briskin
Ellen L. Eardley (D.C. Bar No. 488741)
MEHRI & SKALET, PLLC
1250 Connecticut Ave., N.W., Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile:  (202) 822-4997

**_Attorneys for Plaintiff_**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2007, a copy of the foregoing Plaintiff's Notice of

Taking Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) was provided to the following counsel of

record via electronic transmission:

David Zetoony
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)
Email: David.Zetoony@BryanCave.com

Of Counsel:
Lawrence G. Scarborough, Esq.
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7137 (phone)
Email: William.Luzader@BryanCave.com

Craig L. Briskin

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MICHAEL MARGOLIS, on behalf of himself and others similarly situated, <br>                Plaintiff, <br> v. <br><br> U-HAUL INTERNATIONAL, INC., <br><br>                Defendant. | Case No. 1:07-cv-1648-RMC |

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff requests that the Defendant produce the documents requested herein in accordance with the instructions and definitions below. Plaintiff requests that the documents be made available to Plaintiff's counsel for inspection and copying within 30 days. Plaintiff also requests that the documents be produced at the law offices of Mehri & Skalet, PLLC, 1250 Connecticut Ave., NW, Suite 300, Washington, D.C., 20036.

### **Definitions**

1.      The term "UHI" as used herein, shall mean and refer to defendant, its affiliates, franchises, agents, employees, servants, representatives, officers, directors, affiliates, advisors, attorneys, predecessors and successors in interest, subsidiaries, A&M Associates, components, dealerships, the Local Corporations that rent vehicles and equipment bearing the U-Haul trademark (as described in the September 18, 2007 declaration of Tim Misterek), and all other persons acting or purporting to act on their behalf.

2.      The term "Local Corporation" and "Local Corporations" as used herein shall mean and refer to local corporations as described in the September 18, 2007 Declaration of Tim Misterek.

3.      The terms "you", "your" and "yourself" as used herein, shall mean UHI.

4.      The term "person" and "persons" as used herein, shall include without limitation any natural person or business, legal or governmental entity or association.

5.      The term "document" or "documents" is used in these requests in the broad and liberal sense and means without limitation any written, typed, printed, recorded, graphic, computer generated or other matter of any kind from which information can be derived regardless of how such information is stored or was created. "Document" and "Documents" shall include without limitation any information located on, contained in, retrievable from, or stored on paper, cards, tape, film, electronic and/or computer storage devices (such as hard drives, electronic mail, servers, diskette, flash drive, zip file, networks, back-up tapes). It includes information contained in any computer or electronic form though not printed or otherwise reproduced. It also includes information kept as audio or audio visual recordings (such as photograph, photographic negative, audiotape, cassette tape, phonograph recording, transcript or log of such recording, projection, videotape, DVD, film, and microfiche).

"Document" or "Documents" includes without limitation any binder, certificate, letter, correspondence, memorandum, book, record, table, chart, database, exhibit, index, analysis, graph, schedule, report, evaluation, test, study, note, list, appointment book, diary, log, calendar, facsimile, message, bulletin, questionnaire, bill, purchase order, contract, agreement, assignment, blueprint, drawing, diagram, rules, regulations,

guidelines, policies, decisions, rulings, orders, procedures, standards, instructions, directives, inquiries, petitions, memoranda, notices, forms, summaries or records of meetings and conferences, reports, notes, instruments, motion, petition, complaint, answer, response, reply, protest, verified statement, hearing transcript, attachment, filing submission, pleadings, data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, notations of conversations, notations of telephone calls, and notations of any other type of communications.

The term "document" or "documents" as used herein shall also include each copy that is not identical to the original and the preliminary drafts of any document or working paper related thereto.  It includes all information that is in your actual or constructive possession, custody or control, or the existence of which you have knowledge and, whether prepared, published or released by you or any other person.

6.    The terms "concerning" or "relating to" as used herein shall be construed in their broadest sense and shall mean evidencing, having any relationship or connection to, commenting on, responding to, consisting of, referring to, describing, discussing, constituting, containing, mentioning, concerning, pertaining to, citing, summarizing, showing, reflecting, comprising, analyzing or bearing any logical or factual connection with the matter discussed.

7.    The term "and" as used herein shall be construed to mean "or" and the term "or" as used herein shall be construed to mean "and" when necessary to bring within

the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.    The term "each" as used herein shall be construed to mean "all" and the term "all" as used herein shall be construed to mean "each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.    The use of the singular shall include the plural and the use of the plural herein shall include the singular.

10.    The use of the masculine form of any word herein shall include the feminine and the use of the feminine form of any word herein shall include the masculine.

11.    The term "communication" as used herein shall mean the transmission of any information in the form of facts, ideas, inquiries or otherwise.

12.    The term "Media" as used herein shall mean any outlet for advertisements or marketing, including without limitation, television, telephone book, pamphlet, website, internet, e-mail, newspaper, magazine, flier, radio, billboard, sign, insert, mailing, coupon, and sponsorship of events.

13.    The term "Vehicle" as used herein shall include any automobile, truck, van, trailer, and tow dolly.

14.    The term "UHI Vehicle" as used herein shall include any "Vehicle" that bears the U-Haul trademark.

15.    The term "D.C. Metropolitan Area" as used herein shall mean the entire Washington-Arlington-Alexandria, DC-VA-MD-WV Metropolitan Statistical Area, as

defined by the U.S. Office on Management and Budget Bulletin No. 05-02, which includes Washington, D.C.; Arlington, VA; Alexandria, VA; Reston, VA; Bethesda, MD; Gaithersburg, MD; Frederick, MD; Rockville, MD; Calvert County, MD; Charles County, MD; Prince George's County, MD; Arlington County, VA; Clarke County, VA; Fairfax County, VA; Fauquier County, VA; Loudoun County, VA; Prince William County, VA; Spotsylvania County, VA; Stafford County, VA; Warren County, Alexandria city, VA; Fairfax city, VA; Falls Church city, VA; Fredericksburg city, VA; Manassas city, VA; Manassas Park city, VA; Jefferson County, WV Frederick County, MD; Montgomery County, MD; and all cities, townships, villages, and entities within those areas.

### Instructions

1.      You are required to obtain and furnish all information available to you and any of your representatives, divisions, employees, agents, brokers or servants and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents or servants.

2.      Pursuant to Federal Rule of Civil Procedure 34(b), all documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive.   Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph.   For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

3.    Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

4.    Each request should be responded to separately.  However, a document, which is responsive to more than one request, may be produced and referred to in a later response, if the relevant portion is marked or indexed.

5.    All documents produced in response to this Request shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

6.    If more than one copy of a requested document (*e.g.*, a clean copy and a copy with handwritten or other notations) exists, and if one or more documents have any marks on them which differentiate them from other copies, Defendant shall produce all such copies.

7.    Any document requested herein which Defendant claims to be privileged against discovery on any ground shall be identified by giving:

(a)    the general type of document, *i.e.*, letter, memorandum, report, miscellaneous notes, etc.;

(b)    the date;

(c)    each author;

(d)    each organization, if any, with which each author was then connected;

(e)    each addressee or recipient;

(f)    each other distributee thereof;

(g)    each organization, if any, with which each addressee, recipient or

distributee was then connected;

(h)    a general summary of the subject matter;

(i)    the grounds for refusal to produce such document; and

(j)    the present location of each such document and each copy thereof

known, including the title, index number and location, if any, of

the file in which the document was removed, and the identity of

each person responsible for the filing or other disposition of the

document.

8.    If you object to part of any request, please furnish documents responsive

to the remainder of the request.

9.    If any documents requested herein have been lost or destroyed,

please indicate the date the document was lost or destroyed, the manner in which it was

lost or destroyed, and identify it using the elements set forth in Instruction 7(a)-(h).

10.    With respect to any document requested which was once in your

possession, custody or control, but no longer is, please identify the date the document

ceased to be in your possession, custody or control, the manner in which it ceased to be in

your possession, custody and control, the name and address of its present custodian, and

the elements set forth in Instruction 7(a)-(h).

11.    These document requests shall be deemed continuing in nature and,

pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant is to promptly

produce and serve supplemental documents as additional or different information

becomes known.

12.    Unless otherwise indicated, the relevant time period for each document request shall be January 1, 2000 through the present, and shall include all documents, created, prepared, dated, sent, received, altered, in effect, or which came into existence during this period, or which refers or relates to that period, regardless of when the document was created or prepared.

## DOCUMENTS TO BE PRODUCED

1.    All documents identified, mentioned, or consulted in responding to Plaintiff's First Set of Interrogatories Propounded to Defendant.

2.    All UHI Vehicle rental contracts with any person or entity that reserved, rented, picked up or returned a UHI Vehicle in the D.C. Metropolitan Area.

3.    A blank copy of any and all form contracts used by UHI for the rental of UHI Vehicles from January 1, 2000 to the present, including all addenda to such contracts, and all other documents relating to terms and conditions of UHI Vehicle rental that were reserved, rented, picked up or returned in the D.C. Metropolitan Area.

4.    All documents distributed to UHI customers concerning the operation of any rented UHI Vehicles and equipment.

5.    All documents concerning maintenance, repair or inspection for each UHI Vehicle reserved, picked up, rented or returned in the D.C. Metropolitan Area.

6.    All UHI organizational documents such as organizational charts, flow charts, diagrams, and graphs concerning:

(a)  corporate organizational structure;

(b) the relationship between and among Defendant U-Haul International, Inc. and its parent companies, subsidiaries, franchises, affiliates, retail outlets, and Local Corporations;

(c) UHI groups, units, departments, subdivisions, components, subsidiaries, franchises, affiliates, retail outlets, Local Corporations or third-party entities related to UHI's advertising/marketing; and

(d) UHI groups, units, departments, subdivisions, components, subsidiaries, franchises, affiliates, retail outlets, Local Corporations or third-party entities related to maintenance, repair and inspection of UHI's rental vehicles.

7.    All documents concerning Plaintiff, and Plaintiff's reservation and rental with UHI in July 2005, including but not limited to communications between or among Plaintiff and UHI or UHI employees, equipment reserved and rented, dates and location for pickup and return of rental equipment, rental contract, emergency service and maintenance of equipment rented, replacement equipment provided, invoices and bills to Plaintiff, and reimbursement or refunds to Plaintiff.

8.    All documents concerning UHI policies, practices, and procedures regarding:

(a) vehicle malfunction or emergency service during the duration of the rental agreement;

(b) extension of the rental period, and all other adjustments to the original rental agreement, when a UHI Vehicle malfunctions and/or requires repair;

(c) reimbursement, refund and/or all other payment to customers when UHI Vehicles malfunction, require maintenance, or do not perform adequately;

(d) charges to a customer for return of a UHI Vehicle later than the originally designated return date and time, or to a location other than the one originally designated;

(e) maintenance, inspection and repair of UHI Vehicles;

(f) ensuring that UHI Vehicles are safe and in good repair;

(g) removal of a UHI Vehicle from the UHI fleet based on its age, state of repair, or distance traveled;

(h) sale or re-sale of UHI Vehicles.

9.    All documents concerning the advertising, promotion and/or representation of the age or condition of UHI Vehicles or the UHI rental fleet, such as newness, being in good repair, and being of better quality than those of other companies that rent moving vehicles.  This request includes without limitation all UHI advertisements/marketing materials that include the phrase "newest trucks for household users" and all similar phrases or representations.

10.    For all UHI advertisements/marketing materials that include the phrase "newest trucks for household users" or similar phrases or representations, documents sufficient to identify:

      (a) the name of the company with which the advertisement was

          placed;

      (b) the Media in which the advertisement was placed;

      (c) the dates on which, or frequency with which the advertisement

          was disseminated;

      (d) target population(s) for the advertisement;

      (e) all words or text used in the advertisement, whether printed or

          oral; and

      (f) the layout and design of the advertisement, if printed.

11.    All UHI advertisements/marketing materials published in any Media in the D.C. Metropolitan Area.

12.    All documents described or identified in Defendant's initial disclosures in the following passage: "(1) Documents concerning the organization structure of UHI; (2) Documents concerning the nature of UHI's business functions; (3) Documents concerning Plaintiff's dealings, if any, with UHI; (4) Documents concerning vehicle(s) rented by Plaintiff Margolis; and (5) Documents concerning advertisements made in the Washington D.C. area since 2005."

13.    All documents relied upon as justification for advertising or representing that UHI Vehicles were the newest trucks for household users, or similar phrases or representations.

14.    All documents that Defendant will offer as exhibits at trial.

December 12, 2007

Steven A. Skalet (D.C. Bar No. 359804)
Craig L. Briskin*
Ellen L. Eardley (D.C. Bar No. 488741)
Mehri & Skalet, PLLC
1250 Connecticut Ave., N.W., Suite 300
Washington, DC  20036
(202) 822-5100
*Attorneys for the Plaintiff*
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2007, a copy of the foregoing Plaintiff's

Request for Production of Documents was provided to the following counsel of record

via electronic transmission:

David Zetoony
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)

Ellen L. Eardley

Exhibit C

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MICHAEL MARGOLIS,<br>on behalf of himself and others<br>similarly situated,<br><div align=right>Plaintiff,</div><br>v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br><div align=right>Defendant.</div> | Case No. 1:07-cv-1648-RMC |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff requests that the Defendant respond in writing to the following interrogatories within 30 days.

### Definitions

1.    The term "UHI" as used herein, shall mean and refer to defendant, its affiliates, franchises, agents, employees, servants, representatives, officers, directors, affiliates, advisors, attorneys, predecessors and successors in interest, subsidiaries, A&M Associates, the Local Corporations that rent moving equipment bearing the U-Haul trademark (as described in the September 18, 2007 declaration of Tim Misterek), and all other persons acting or purporting to act on their behalf.

2.    The term "Local Corporation" and "Local Corporations" as used herein shall mean and refer to local corporations as described in the September 18, 2007 Declaration of Tim Misterek.

3.    The terms "you", "your" and "yourself" as used herein, shall mean UHI.

4.      The term "individual" or "person" as used herein, shall include without limitation any natural person or business, legal or governmental entity or association.

5.      The term "document" or "documents" as used herein shall be defined as defined in Plaintiff's First Request for Production of Documents.

6.      The terms "concerning" or "relating to" or "relate to" or "related to" as used herein shall be construed in their broadest sense and shall mean evidencing, having any relationship or connection to, commenting on, responding to, consisting of, referring to, describing, discussing, constituting, containing, mentioning, concerning, pertaining to, citing, summarizing, showing, reflecting, comprising, analyzing or bearing any logical or factual connection with the matter discussed.

7.      The term "and" as used herein shall be construed to mean "or" and the term "or" as used herein shall be construed to mean "and" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.      The term "each" as used herein shall be construed to mean "all" and the term "all" as used herein shall be construed to mean "each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.      The use of the singular shall include the plural and the use of the plural herein shall include the singular.

10.      The use of the masculine form of any word herein shall include the feminine and the use of the feminine form of any word herein shall include the masculine.

11.     The term "communication" as used herein shall mean the transmission of any information in the form of facts, ideas, inquiries or otherwise.

12.     The term "Media" as used herein shall mean any outlet for advertisements or marketing, including without limitation, television, telephone book, pamphlet, website, internet, e-mail, newspaper, magazine, flier, radio, billboard, sign, insert, mailing, coupon, sponsorship of events and so forth.

13.     The term "Vehicle" as used herein shall include any automobile, truck, van, trailer, and tow dolly.

14.     The term "UHI Vehicle" as used herein shall include any "Vehicle" that bears the U-Haul trademark.

15.     The term "D.C. Metropolitan Area." as used herein shall mean the entire Washington-Arlington-Alexandria, DC-VA-MD-WV Metropolitan Statistical Area, as defined by the U.S. Office on Management and Budget Bulletin No. 05-02, which includes Washington, D.C.; Arlington, VA; Alexandria, VA; Reston, VA; Bethesda, MD; Gaithersburg, MD; Frederick, MD; Rockville, MD; Calvert County, MD; Charles County, MD; Prince George's County, MD; Arlington County, VA; Clarke County, VA; Fairfax County, VA; Fauquier County, VA; Loudoun County, VA; Prince William County, VA; Spotsylvania County, VA; Stafford County, VA; Warren County, Alexandria city, VA; Fairfax city, VA; Falls Church city, VA; Fredericksburg city, VA; Manassas city, VA; Manassas Park city, VA; Jefferson County, WV Frederick County, MD; Montgomery County, MD; and all cities, townships, villages, and entities within those areas.

16.   "Identify" when used in relation to documents means:

(1)  to state the date appearing on such document, and, if no date appears, then to so state and to give the date or best approximate date on which such document was prepared;

(2)  to state the general type of document (*e.g.*, form, schedule, letter, correspondence, note, memorandum, data card, data printout, etc.);

(3)  to state the number of pages and length;

(4)  to state the identity of the person having possession, custody or control of such documents;

(5) to describe the contents of the document (*e.g.*, author, sender, and subject matter contents); and

(6) to state the names of the persons known to have received copies or to have seen copies of the document.

(7)  If the document has been previously produced to Plaintiffs, only the bates number of the document need be provided.

When a document to be identified is derived from electronically stored information (such as a database), please identify the name of the database, the person who directed extraction of the information produced, the person who extracted the information produced, and the method used to extract the information that is produced.

If you are aware of any document described in any category or request that was in your possession, custody, or control, but is no longer in your possession, or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" means to state also whether any such document is:

(1)  missing or lost;

(2) destroyed;

(3) transferred to others; or

(4) otherwise disposed of, and in any such instance to set forth the surrounding circumstances of any authorization for such disposition and to state the approximate date of any such disposition, and, if known, "identify" means to state also the present location and custodian of such document.

When "Identify" is used in relation to a natural person, please state the full name, the social security number or tax identification number, home and business address, telephone number, place of employment, employment title between 2000 and the present, present title, unit or division worked in between 2000 and the present, and the years the person has been or was employed by or associated with UHI.

When "Identify" is used in relation to a business, subsidiary, unit, division, third-party, or any other component or entity, please state the full name, address, and telephone number, principal place of business, tax identification number, and primary business function.

### Instructions

1.     You are required to obtain and furnish all information available to you and any of your representatives, divisions, employees, agents, brokers or servants and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents or servants.

2.     Each interrogatory should be responded to separately.

    3.      If you object to part of any interrogatory, please respond to the remainder of the interrogatory.

    4.      These interrogatories shall be deemed continuing in nature and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant is to promptly produce and serve supplemental responses as additional or different information becomes known.

    5.      Unless otherwise indicated, the relevant time period for each interrogatory shall be January 1, 2000 through the present.

## INTERROGATORIES

1. Identify all groups, units, departments and subdivisions of UHI that are or were involved with or related to the fact finding, marketing or advertising of UHI Vehicles as "the newest trucks for household users," or any representation relating to the newness or age or quality of UHI vehicles, including in your answer the person in charge of each such group, unit, department or subdivision.

2. Identify all individuals involved in the fact finding conducted or relied upon as justification for advertising or representing that UHI Vehicles were the newest trucks for household users, or similar phrases or representations.

3. Identify and describe all policies and practices for ensuring that UHI Vehicles are safe, well-maintained, or in good repair, including but not limited to policies, practices and procedures requiring inspection of UHI Vehicles at particular times or mileage intervals.

4. Identify all UHI groups, units, departments, subdivisions, components, subsidiaries, franchises, affiliates, retail outlets, Local Corporations or third-party entities

responsible for managing and controlling maintenance, repair, and inspection of vehicles that bear the U-Haul name or trademark.

5.   Identify each UHI Vehicle picked-up, rented, or returned in the District of Columbia, including the UHI Vehicles rented by Plaintiff, by:

a)   the year, make and model;

b)   the date of UHI's acquisition of the Vehicle;

c)   the state of licensure and license plate number;

d)   the vehicle identification number (VIN);

e)   the mileage upon each rental and return;

f)   the rental contract number for each rental of the Vehicle;

g)   the location of each pick-up or rental of each UHI Vehicle; and

h)   the location of each return of each UHI Vehicle.

6.   Describe the business function, and the corporate and legal relationship among and between Defendant U-Haul International, Inc., A&M Associates, Local Corporations, UHI franchises, affiliates, retail outlets, and any other UHI subsidiary or entity.

7.   Does Defendant U-Haul International, Inc. own all UHI Vehicles?  If not, identify and describe all UHI's policies and practices concerning ownership of UHI vehicles.

8.   Identify all UHI entities, retail outlets, franchises, components, subsidiaries or Local Corporations in the D.C. Metropolitan Area.

9.   Identify all persons who reserved, rented or returned UHI Vehicles in the D.C. Metropolitan Area and made complaints whether by way of formal litigation or by any informal communications to any UHI entity concerning UHI Vehicle malfunction, maintenance, quality, or age.

December 12, 2007

_Ellen L. Eardley_
Steven A. Skalet (D.C. Bar No. 359804)
Craig L. Briskin*
Ellen L. Eardley (D.C. Bar No. 488741)
Mehri & Skalet, PLLC
1250 Connecticut Ave., N.W., Suite 300
Washington, DC  20036
(202) 822-5100
*Attorneys for the Plaintiff*
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2007, a copy of the foregoing Plaintiff's

Interrogatories Propounded to Defendant was provided to the following counsel of record

via electronic transmission:

David Zetoony
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)

_Ellen L. Eardley_
Ellen L. Eardley

Exhibit D



CYRUS MEHRI (DC, CT)
STEVEN A. SKALET (DC, MD)
LISA M. BORNSTEIN (DC, NY)
CRAIG L. BRISKIN (NY, MA)
NICOLE M. AUSTIN-HILLERY (DC)
SANDI FARRELL (DC, MS)
ANNA M. POHL (DC, MA)

**MEHRI & SKALET**
PLLC

1250 CONNECTICUT AVENUE NW, SUITE 300 · WASHINGTON, DC 20036
TEL 202.822.5100 · FAX 202.822.4997 · WWW.FINDJUSTICE.COM

PAMELA COUKOS (DC, MA, NY)
WOODLEY B. OSBORNE (DC, MD)
OF COUNSEL

October 3, 2007

David A. Zetoony, Esq.
Bryan Cave LLP
700 13th St. NW
Suite 700
Washington, DC 20005

**Re:** *Margolis v. U-Haul International, Inc.*, **1:07-cv-01648 (DDC) (RC)**

Dear Mr. Zetoony,

As you are aware, Plaintiff Michael Margolis has filed the above-captioned litigation against U-Haul International, Inc. ("U-Haul" or "Defendant"), in which Plaintiff alleges that U-Haul has misrepresented the quality of its rental vehicles. In addition to information existing in hard copy documents, electronically stored information ("ESI") is an important and irreplaceable source of discovery and/or evidence in this case. Printed copies of information from computer-based documents do not include all of the relevant and discoverable information in electronic files, and therefore do not suffice to preserve the evidence. The lawsuit requires preservation of all hard copy information, and all information from Defendant's computer systems, removable electronic media, and other locations. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and network access information.

Defendant should also preserve the following platforms in the possession of Defendant, and/or in the possession of a third party under the control of Defendant: databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail).

All of the information set out in this letter should be preserved for the period from January 1, 2000 to the present.

Please be advised that Plaintiff regards all U-Haul outlets, retailers, franchisees and any other location where U-Haul vehicles may be rented to be under the possession, custody and/or control of Defendant, and fully subject to the preservation obligations of the Federal Rules of

Civil Procedure, as further set out in this letter. If your position as to this matter differs, you should inform us immediately.

## PRESERVATION OBLIGATIONS

The laws and rules prohibiting destruction of evidence apply to ESI in the same manner that they apply to other evidence. Due to its format, ESI is easily deleted, modified or corrupted. Accordingly, Defendant must take every reasonable step to preserve this information until the final resolution of this matter.

This includes, but is not limited to, the following:

- Discontinue all data destruction and backup tape recycling policies;

- Preserve and do not dispose of relevant hardware unless an exact replica of the file (a mirror image) is made;

- Preserve and do not destroy passwords, decryption procedures (and accompanying software), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software;

- Maintain all other pertinent information and tools need to access, review, and/or reconstruct all requested or potentially relevant electronic data.

## DESCRIPTION OF DATA SOUGHT

This lawsuit requires preservation of all information from Defendant's computer systems, removable electronic media, and other locations relating to rental records for U-Haul vehicles. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information.

I.    **Electronic Files**. You have an obligation to preserve all digital or analog electronic files in electronic format, regardless of whether hard copies of the information exist. This includes the following:

A.    Active data (i.e., data immediately and easily accessible on the client's systems today);

B.    Archived data (i.e., data residing on backup tapes or other storage media);

C.    Deleted data (i.e., data that has been deleted from a computer hard drive but is recoverable through computer forensic techniques); and

D.    Legacy data (i.e., data created on old or obsolete hardware or software).

E.   Defendant must preserve active, archived and legacy data including but not limited to:

    1.   Word-processed files, including drafts and revisions;

    2.   Spreadsheets, including drafts and revisions;

    3.   Databases;

    4.   CAD (computer-aided design) files, including drafts and revisions;

    5.   Presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint);

    6.   Graphs, charts and other data produced by project management software (such as Microsoft Project);

    7.   Animations, images, audio, video and audiovisual recordings, MP3 players, and voicemail files.

    8.   Data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes);

    9.   Data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada; Cassiopeia or other Windows CE-based or Pocket PC devices;

    10.   Data created with the use of document management software; and

    11.   Data created with the use of paper and electronic mail logging and routing software.

F.   Defendant must preserve media used by Defendant computers including but not limited to:

    1.   Magnetic, optical or other storage media, including the hard drives or floppy disks used by Defendant's computers;

    2.   Backup media (i.e., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMs) and the software necessary to reconstruct the data contained on the media; and

    3.   Archived media (you should retain a mirror image copy of any media no longer in service but used any time since January 1, 2000.

II.     **Hardware**. Defendant has an obligation to preserve all electronic processing systems, even if they are replaced. This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, and other electronic processing devices. Defendant should retain copies of any hardware no longer in service but used at any time from January 1, 2000 to the present.

III.    **Emails**. Defendant has an obligation to preserve all potentially relevant internal and external emails that were sent or received. Email must be preserved in electronic format, regardless of whether hard copies of the information exist.

IV.     **Internet Web Activity**. You have an obligation to preserve all records of Internet and Web-browser generated files in electronic format, regardless of whether hard copies of the information exist. This includes Internet and web browser-generated history files, caches and "cookies" files stored on backup media or generated by an individual employed at U-Haul.

V.      **Activity Logs**. Defendant must preserve all hard copy or electronic logs documenting computer use by Defendant.

VI.     **Supporting Information**. Defendant must preserve all supporting information relating to the requested electronic data and/or media including codebooks, keys, data dictionaries, diagrams, handbooks, or other supporting documents that aid in reading or interpreting database, media, email, hardware, software, or activity log information.

VIII.   **Other Relevant Information**

      A.     Documents relating to computer systems, programs, software, hardware, materials, tools or information that Defendant uses or used to track or monitor vehicle condition and/or status.

      B.     From January 1, 2000 to the present, all documents that relate to any software or hardware computer changes affecting your rental of vehicles.

## DESCRIPTION OF DOCUMENTS AND MEDIA THAT SHOULD BE PRESERVED

I.      **Data Preservation**. Defendant should immediately preserve all data and information about the data (i.e., backup activity logs and document retention policies) relating to documents maintained in the ordinary course of business for the employees listed below. This includes, but is not limited to, the information listed below.

      A.     Email and any relevant metadata, including message contents, header information, and email system logs.

      B.     All active and deleted copies of any word processing files, spreadsheets, and PowerPoint presentations.

C.    Databases and any information about the databases.

D.    All paper and/or electronic logs of computer system and network activity that pertain to electronic data storage

E.    All active and deleted copies of any electronic calendars or scheduling programs, including programs maintained on PDAs.

F.    All active, archived, legacy, and deleted copies of any other electronic data.

II.    **Data Storage Devices**

A.    Online Data Storage. If Defendant use(s) online storage and/or direct access storage devices, they must immediately cease modifying or deleting any electronic data unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation.

B.    Offline Data Storage. Offline data storage includes, but is not limited to, backup and archival media, floppy diskettes, magnetic, magneto-optical, and/or optical tapes and cartridges, DVDs, CD ROMs, and other removable media.  Defendant should immediately suspend all activity that might result in destruction or modification of all of the data stored on any offline media. This includes overwriting, recycling or erasing all or part of the media. This request includes, but is not limited to, media used to store data from personal computers, laptops, mainframe computers, and servers.

C.    Data Storage Device Replacement. If Defendant replace(s) any electronic data storage devices, Defendant may not dispose of the storage devices.

D.    Preservation of Storage Devices. Defendant may not modify, delete or otherwise alter (i.e., by data compression, disk de-fragmentation, or optimization routines) any electronic data unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation. The expert must make a mirror image of active files, restored versions of deleted files, and restored versions of deleted file fragments, hidden files, and directory listings. This includes, but is not limited to, preserving electronic data (stored on online or offline storage devices) that came from the following hardware or software applications:

1.    Fixed drives on stand-alone personal computers or laptops;
2.    Network servers and workstations; and
3.    Software application programs and utilities.

## PRESERVATION COMPLIANCE

I.     **Activity Log**. In order to show preservation compliance, Defendant must maintain a log, documenting all alterations or deletions made to any electronic data storage device or any electronic data processing system. The log should include changes and deletions made by supervisors, employees, contractors, vendors, or any other third parties.

II.    **Mirror Images**. Defendant must secure a mirror image copy (a bit-by-bit copy of a hard drive that ensures the computer system is not altered during the imaging process) of all electronic data contained on the personal computers and/or laptops of the individuals listed below. The mirror image should include active files, deleted files, deleted file fragments, hidden files, directories, and any other data contained on the computer. Defendant must also collect and store any offline or online storage devices that contain data from any electronic processing devices.

III.   **Chain of Custody**.  For each piece of media that Defendant preserve(s), Defendant must document a complete chain of custody. A proper chain of custody will ensure that no material changes, alterations or modifications were made while the evidence was handled. Chain of custody documentation must indicate where the media has been, whose possession it has been in, and the reason for that possession.

IV.    **Electronic Data Created After Receipt of This Letter**.  For any electronic data created after receipt of this letter, or for any electronic processing systems used after the receipt of this letter, Defendant must take the proper steps to avoid destroying potentially relevant evidence.

        Compliance with your preservation obligations includes forwarding a copy of this letter to all individuals and organizations that are responsible for any of the items referred to in this letter, and all individuals and organizations whose discoverable information is within your possession, custody or control.  If any of the requirements set out in this correspondence is in any respect unclear, please contact me immediately.

                                                Sincerely,

                                                Craig L. Briskin
                                                *Counsel for Plaintiff*


cc:  Office of General Counsel

Exhibit E



CYRUS MEHRI (DC, CT)
STEVEN A. SKALET (DC, MD)
LISA M. BORNSTEIN (DC, NY)
CRAIG L. BRISKIN (NY, MA)
NICOLE M. AUSTIN-HILLERY (DC)
SANDI FARRELL (DC, MS)
ANNA M. POHL (DC, MA)

**MEHRI & SKALET**
PLLC

1250 CONNECTICUT AVENUE NW, SUITE 300 · WASHINGTON, DC 20036
TEL 202.822.5100 · FAX 202.822.4997 · WWW.FINDJUSTICE.COM

PAMELA COUKOS (DC, MA, NY)
WOODLEY B. OSBORNE (DC, MD)
OF COUNSEL

October 26, 2007

*By electronic mail*

David A. Zetoony, Esq.
Bryan Cave LLP
700 13th St. NW
Suite 700
Washington, DC  20005

**Re:  *Margolis v. U-Haul International, Inc.*, 1:07-cv-01648 (DDC) (RC)**

Dear Mr. Zetoony,

I am writing in follow up to our meet and confer session on October 23, 2007, in which we discussed Defendant U-Haul International, Inc.'s ("U-Haul") preservation of electronically stored information ("ESI").  You requested that I set out specific information that Plaintiff is interested in.  I am glad to do so, without limiting our demand that U-Haul halt business practices geared to the destruction of potential evidence.  In other words, this letter supplements our initial letter of October 3, 2007.  It is U-Haul's duty to preserve potentially discoverable information, whether or not set forth herein, and to ensure that communications about its preservation obligations reach every custodian of discoverable data.

As the complaint sets forth, Plaintiff alleges that U-Haul's rental trucks are old, in poor repair, and unsafe, contrary to its advertising claims.  Thus, the subject matter Plaintiff will seek to discover includes, but is not limited to, the following:

    1.    Records for all vehicles rented in the District of Columbia;

    2.    Research and other information on the age and quality of the vehicles of U-Haul and/or its competitors, including but not limited to such information on which U-Haul advertising claims are based;

    3.    Repair history of individual vehicles;

    4.    Policies, procedures, practices and communications concerning repair, maintenance, replacement and safety assessment of vehicles, including cost analyses;

    5.    Customer feedback and complaints concerning vehicles, and how they were addressed by U-Haul;

David A. Zetoony, Esq.
October 26, 2007
Page 2 of 2

     6.     Refund policies and practices, and all documents concerning refunds requested, granted or denied to customers; and

     7.     Governmental investigations of or information requests to U-Haul concerning the safety or quality of U-Haul vehicles.

     The claims set forth in this case likely involve specific departments and personnel of U-Haul involved in the subject matter set forth herein, including but not limited to those with responsibility for monitoring and setting policy concerning the maintenance, safety and quality of U-Haul vehicles, customer satisfaction and customer relations, and U-Haul advertising. Thus, to the extent that such personnel maintain ESI on personal computers or other individual systems, U-Haul has an obligation to preserve these sources. Plaintiff is particularly interested in email sent by or sent to such personnel. Please identify the system or systems for this email, how it is stored, and for how long. Plaintiff is also interested in any electronic systems used by such personnel in the regular course of business. Please identify any and all such systems, how the information is stored, and for how long.

     Because Plaintiffs have yet to conduct any discovery, they cannot know all of the discoverable sources of information, and personnel who would have responsibility for the subject matter set forth herein. Pursuant to F.R.C.P. 26(f)(3), we request that you inform us on the nature of the ESI set forth herein in the possession, custody and control of U-Haul, including the forms in which it is stored, how it will be produced so as to preserve metadata, and any problems you foresee in the production of this information.

     Although Plaintiff has filed a representative action in the District of Columbia, his complaint concerns practices that appear to be nationwide, as documented by a recent exposé in the Los Angeles Times (referenced in the complaint). Therefore, Plaintiff's position is that Defendant is on notice of its obligation to preserve documents and information for other locales as well. Let us know if your understanding of U-Haul's preservation obligation differs in any way. In particular, let us know immediately if U-Haul has destroyed, is destroying or will destroy any of the ESI set forth in this letter.

                      Sincerely,

                      Craig L. Briskin
                      *Counsel for Plaintiff*

cc: Colleen Reddan, Esq.

# Exhibit F

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>U-HAUL International, Inc.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv-01648 (R.C.)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF THOMAS COFFEE

I, Thomas Coffee, have first been duly sworn, state under oath as follows:

1.    I am Director of Repair, Analysis & Support for U-Haul International, Inc. ("UHI") as part of its contractual relationship with the separate corporate entities that rent equipment bearing the U-Haul trademark ("U-Haul Vehicles"). In that capacity, I am the custodian of the repair database maintained by UHI on behalf of various corporate entities in North America, including entities in Washington D.C., Virginia, Maryland and West Virginia.

2.    I have managed the repair database since May of 1995.

3.    I make this Declaration of my own personal knowledge and am authorized to execute same.

4.    As part of my responsibilities at UHI, I have knowledge of the data contained in the repair database.

5.    UHI estimates that approximately 76,250 U-Haul Vehicles from January 1, 2000 to December 26, 2007 were repaired in the geographic area comprising Washington D.C., Virginia, Maryland, and West Virginia.

6.    Each U-Haul Vehicle could be repaired, whether minor, major and/or as part of a scheduled maintenance, more than once at any of the different repair facilities and/or centers in Washington D.C., Virginia, Maryland and West Virginia during the period of January 1, 2000 to December 26, 2007.

7.     The electronic repair history of each U-Haul Vehicle could include hundreds and thousands of printed pages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___7___ day of January, 2008, in *PHOENIX* , *ARIZONA*

_____
Thomas Coffee

Exhibit G

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>U-HAUL International, Inc.,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv-01648 (R.C.)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF MIKE MATLOCK

I, Mike Matlock, have first been duly sworn, state under oath as follows:

1.    I am Director of Computer Support Services at U-Haul International, Inc. ("UHI"), which provides certain services as part of its contractual relationship to the separate corporate entities that rent equipment bearing the U-Haul trademark.

2.    I have worked at UHI for 14 years.  I have been in my current position for 9 months.

3.    As part of my responsibilities at UHI, I have knowledge of UHI's information technology infrastructure.

4.    UHI's information technology infrastructure, i.e., the computer systems purportedly described in Plaintiff's Notice of Taking Deposition Pursuant to Rule 30(b)(6), is decentralized.  UHI's information technology infrastructure is known to exist in at least 1,400 locations and includes hundreds of departments.

5.    Because UHI's information technology infrastructure is decentralized, UHI estimates that there are at least 100 different back-up policies and procedures in place for various computer systems.  UHI is unable to modify all of these different back-up policies from a single location.

6.    As part of its information technology infrastructure, UHI estimates that it maintains or uses approximately 1,800 servers, 10,000 desktop and laptop computers, and 250 portable electronic devices—located in 1,400 locations, including hundreds of departments.

7.    UHI does not maintain, as part of its normal business practices, a compete inventory of the servers, desktop and laptop computers, and portable electronic devices.

8.    UHI's communication infrastructure, i.e., the telephone systems purportedly described in Plaintiff's Notice of Taking Deposition Pursuant to Rule 30(b)(6), is decentralized. UHI's communications infrastructure is known to exist in the same 1,400 locations, including the same hundreds of departments.

9.    As part of its communications infrastructure, UHI estimates that it maintains or uses approximately 1,400 telephone systems, 24,000 telephones, and 1,350 cellular telephone devices—in 1,400 locations, including hundreds of departments.

10.    UHI estimates that it would require on the order of 40 people in order for UHI to respond to plaintiff's Notice of Taking Depositions Pursuant to Rule 30(b)(6).  None of these individuals resides in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of January, 2008, in Phoenix, AZ.

_____
Mike Matlock