IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL MARGOLIS, on behalf of himself and others similarly situated, Plaintiff, v. U-HAUL INTERNATIONAL, INC., Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:07-cv-1648-RMC |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO STAY ALL DISCOVERY

Plaintiff Michael Margolis respectfully submits his Opposition to Defendant U-Haul International's Motion for a protective order to stay all discovery pending resolution of Defendant's Motion to Dismiss. Defendant's motion is untimely, overbroad, and contrary to the Federal Rules of Civil Procedure.

### Procedural and Factual Background

On July 30, 2007, Plaintiff filed this action in the Superior Court for the District of Columbia on behalf of himself and similarly situated consumers alleging violations of D.C. Consumer Protection Procedures Act. Defendant U-Haul International (UHI) removed the case to this Court. On October 3, 2007, Plaintiff sent Defendant a standard preservation letter to which Defendant objected. On October 17, 2007, Defendant filed a Motion to Dismiss, which was fully briefed by both parties.

Throughout the Rule 26(f) meet and confer process, Defendant resisted Plaintiff's efforts to ensure the preservation of evidence and understand Defendant's electronically searchable

information. Defendant interprets its preservation obligation very narrowly and has restricted preservation to three categories of documents. Federal Rule 26(f)(3) requires the parties to discuss issues relating to the discovery of electronically stored information, but Defendant has refused to share information about the names of key databases and how they could be produced or accessed.

After the Rule 26(f) joint status report was filed,[1] on November 20, 2007, Plaintiff served a notice of deposition pursuant to F.R.C.P. 30(b)(6) set for January 22, 2008, requesting Defendant to designate a person or persons knowledgeable about UHI's storage of electronic information. This deposition is necessary because Defendant failed to provide meaningful information in the Rules 26(f) and 16.3 meet and confer conferences. Defendant served no objections or other responses to this notice. On December 12, 2007, Plaintiff served Interrogatories and Document Requests on Counsel for Defendant. Defendant was required to serve its responses and objections no later than January 14, 2008. Defendant has served no answers or responses to the Document Requests or Interrogatories. Nor did Defendant's counsel contact Plaintiff's counsel to request an extension of time to respond. Instead, on January 10, 2008, Defendant filed a Motion for a Protective Order to Stay Discovery in an untimely, last-ditch effort to stall Plaintiff's preparation of this case.

## Argument

### I.     Defendant's Motion is Untimely

Defendant's motion for a protective order barring discovery is untimely because the motion will not be fully briefed until January 25, 2008, which is *after* the scheduled date of the deposition (as well as after its written discovery responses are due). An order precluding

---

[1] The joint status report was originally filed on the docket on November 19, 2007. (Docket No. 14). It was re-filed on November 27, 2007 due to a technical error. (Docket No. 15).

discovery should be obtained *prior* to the date set for discovery.  Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964) (the party objecting to discovery carries the burden of obtaining an order and may not just make a motion for an order that the discovery not be had: "it is for the Court, not the deponent or his counsel, to relieve him of the duty to appear"); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2035 (2d. ed. 1994).  Defendant has had notice of the deposition since November 20, 2008, but waited nearly two months to take any action.  Moreover, Defendant had Plaintiff's Request for Production of Documents and Interrogatories for over a month, but did not file this motion until several days before its responses were due.  Defendant should not be permitted to stall the discovery process by filing a dilatory Motion for a Protective Order at the eleventh hour.  See Brittain v. Stoh Brewery, Co., 136 F.R.D. 408, 414-415 (M.D.N.C. 1991) (adjusting fees and costs and sanctioning Defendant's delay tactics even though motion for protective order was technically timely).

## II.     Defendant's Motion is Overly Broad

Defendant's Motion is unreasonable and disingenuous insofar as it asserts that it would be excessively burdensome to produce *any* documents or submit to any depositions.  Such a protective order is overly broad.  See Jennings v. Family Management, 201 F.R.D. 272, 275 (D.D.C. 2001) (complete prohibition on deposition is an "extraordinary measure which should be resorted to only in rare occasions"); Cockrum v. Welch, 917 F.Supp. 479, 482 (E.D.Tex. 1996) (holding that a total prohibition on discovery is rare and "less drastic measures" should be considered first).

Moreover, Defendant gives no indication in its Motion of what measures might ameliorate its concerns or how it could comply at least partially with Plaintiff's discovery

requests; rather, it just makes a blanket statement that producing anything at all would be costly and burdensome, and implies that based on its self-serving arguments no discovery at all should be required of it. Conclusory allegations regarding the expense of discovery cannot meet a moving party's burden to demonstrate particular harm that warrants a protective order. Alexander v. FBI, 186 F.R.D. 71, 75 (D.D.C. 1998) ("The party requesting a protective order must make a *specific demonstration of facts* in support of the request") (emphasis added); Univ. of Mass. v. Roslin Inst., 437 F. Supp. 2d 57, 61 (D.D.C. 2006) ("a mere showing that discovery may involve inconvenience and expense" does not satisfy movant's burden to establish good cause). Moreover, the movant's specific demonstration of facts "must be sufficient to overcome plaintiff['s] legitimate and compelling need in trial preparation." Alexander, 186 F.R.D. at 75.

Defendant has not met this burden. Plaintiff's discovery requests comply with Federal Rule 26(b)(1), and they are reasonably calculated to lead to admissible evidence. Plaintiff has asked for information about UHI's organizational structure, UHI's electronic documents and technology systems (information that Defendant refused to disclose during 26(f) discussions), UHI's misleading advertising campaign, the vehicles that UHI rented to plaintiff, and UHI vehicles rented, obtained, or returned in the D.C. Metropolitan Area.[2] The requests are well within the scope of Plaintiff's Complaint, which alleges violations of the D.C. Consumer Protections Procedures Act on behalf of himself and those similarly situated.

---

[2] Defendant would have the Court believe that Plaintiff requested information relating to all U-Haul transactions in D.C., Virginia, Maryland, or West Virginia. To the contrary, Plaintiff requested information relating to the rental, pick-up, or return of UHI vehicles in the D.C. Metropolitan Area, which includes portions of Virginia, Maryland, and West Virginia as defined by the U.S. Office on Management and Budget. Such discovery may lead to relevant information about deceptive business practices within the scope of the D.C. Consumer Protection Procedures Act. See Williams v. First Gov't Mortg. & Investors Corp., 175 F.3d 1062 (D.C. Cir. 1999) (the D.C. Consumer Protection Procedures Act applied to a transaction involving property in the D.C. even when the defendant was not a D.C. corporation, its offices were located in Maryland, relevant meetings took place in Maryland, and payments went to a loan office in Maryland).

## III.    A Discovery Stay Would Prejudice the Plaintiff

Defendant's arguments in support of its Motion to Stay are eerily reminiscent of its equally meritless Motion to Dismiss arguments, which suggests that Defendant's Motion for Stay is primarily an effort to hinder and delay the prompt adjudication of Plaintiff's claims. Defendant's dilatory tactics thwart Plaintiff's efforts to pursue his case and frustrate Plaintiff from discovering any additional facts that may require Plaintiff to amend his Complaint. See Fed. R. Civ. P. 15 (a) (allowing a party to amend a pleading once as a matter of course at any time before a responsive pleading is served); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (plaintiff may amend complaint once as a matter of course without leave of court); 2 James Wm. Moore et al., Moore's Federal Practice, ¶ 12.34[5] (noting that a motion to dismiss is not a responsive pleading).

Because there is a high risk of spoliation in this case, a discovery stay would prevent Plaintiff from obtaining fresh evidence. Defendant's assertions that it has taken steps to preserve documents do not alleviate Plaintiff's concerns. Moreover, Plaintiff seeks deposition testimony and answers to interrogatories, not just documents. More importantly, Defendant has only promised to preserve documents that it believes "reasonably relate to the claims in the Complaint." (Def.'s Mot. at 9-10.) Defendant asserts that its "hold" obligation is limited to the following:

- Complaints, including written, internet, e-mail or telephone complaints, received by U-Haul Co. of Washington, D.C. centers and dealers regarding quality of rental fleet, dating from January 1, 2005 forward;
- Rental contracts held by U-Haul Co. of Washington, D.C. centers and dealers dating from January 1, 2005 forward;
- Yellow page advertisements displayed in the Washington D.C. area that relate to representations concerning the "newness" of vehicles from January 1, 2005 forward.

Id.

Defendant has interpreted its preservation obligation extremely narrowly. Plaintiff's suit clearly invokes company-wide policies and practices, not just those in franchises located in Washington, D.C. Defendant is a national company, headquartered in Phoenix, with vehicles that travel across the country – in and out of the D.C. Metropolitan Area – as they are rented and returned at various locations. Additionally, Defendant has only agreed to preserve evidence involving "Yellow Pages" advertisements in the D.C. Area, despite the fact that Plaintiff's claims involve all forms of advertisements.

By severely limiting its preservation efforts and failing to disclose basic information about electronically stored information, Defendant has refused to agree that it will not destroy relevant evidence. Thus, because the risk of spoliation is high, it is important for discovery to proceed without further procedural delays.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion for a protective order to stay all discovery.

Plaintiff also requests that this Court ORDER Defendant to confer with Plaintiff within 10 days and agree to a date certain for the 30(b)(6) deposition within 30 days.

Respectfully submitted,

January 18, 2008

Steven A. Skalet (D.C. Bar No. 359804)
Craig L. Briskin*
Ellen L. Eardley (D.C. Bar No. 488741)
Mehri & Skalet, PLLC
1250 Connecticut Ave., N.W., Suite 300
Washington, DC 20036
(202) 822-5100
*Attorneys for the Plaintiff*
*Admitted Pro Hac Vice*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing was electronically filed with

the Court and the following Counsel of Record this 18th day of January, 2008:

David Zetoony
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)

_____
Ellen L. Eardley

7

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

MICHAEL MARGOLIS,
on behalf of himself and others
similarly situated,

                Plaintiff,

v.

U-HAUL INTERNATIONAL, INC.,

                Defendant.

Case No. 1:07-cv-1648-RMC

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY ALL DISCOVERY AND ORDERING DEFENDANT TO CONFER WITH PLAINTIFF TO SCHEDULE RULE 30(B)(6) DEPOSITION

This matter having coming before the Court on Defendant's Motion for a Protective Order to Stay All Discovery, and the Court having reviewed the Motion and supporting Memorandum and the Plaintiff's Response in Opposition, and for good cause shown:

**IT IS SO ORDERED** that Defendant's Motion for a Protective Order is hereby **DENIED**;

IT IS FURTHER ORDERED that Defendant's Counsel must confer with Plaintiff's Counsel within 10 days of this Order and agree to a date certain for the Rule 30(b)(6) deposition within 30 days of this Order.

Dated: This _____ day of _____, 2008.

_____
U.S.D.J.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing was electronically

filed with the Court and Counsel of Record this 18th day of January, 2008:

David Zetoony
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)

_____
Ellen L. Eardley