UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>U-HAUL International, Inc.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv-01648 (R.C.)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY**

U-Haul International, Inc.'s ("UHI") Motion to Stay Discovery ("Motion to Stay") should be granted because UHI should not be subjected to overly expansive and burdensome discovery requests unless and until Plaintiff's complaint survives UHI's Motion to Strike the Class Allegations and Dismiss the Complaint (the "Motion to Dismiss").

**Introduction**

Plaintiff disputes little of UHI's Motion to Stay, which underscores the propriety of a discovery stay until the pending Motion to Dismiss is adjudicated. For example, Plaintiff does not dispute that UHI is likely to succeed on its Motion to Dismiss. Nor does Plaintiff dispute that its discovery requests clearly exceed the scope of relevant discovery. Moreover, Plaintiff has not demonstrated that it will be unfairly prejudiced or that the Motion to Stay was filed for any improper purpose.

Because UHI has satisfied each of the three elements often used by courts to assess identical requests for relief, there is no reason, and certainly no good reason, to undertake the

burdensome discovery propounded by plaintiff at this present time. UHI therefore requests the Court to enter a protective order that stays discovery until the Motion to Dismiss is resolved.

## Argument

### I. PLAINTIFF CONCEDES THAT UHI SATISFIES ALL BUT ONE ELEMENT FOR ENTERING A STAY.

Courts examine three factors when granting a protective order that stays discovery pending the outcome of a dispositive motion:

1. Whether defendant has made a strong showing that plaintiff's claim is unmeritorious;

2. The breadth of discovery and the burden of responding to it; and

3. The risk of unfair prejudice to the party opposing the stay.

See Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

UHI discussed each of the elements in its Motion to Stay, along with the reasons justifying the relief sought. Plaintiff failed to respond to, much less refute, UHI's arguments related to the first two elements. In so failing, Plaintiff has conceded (1) that UHI has made a strong showing that its Motion to Dismiss should be granted and (2) that Plaintiff's proposed discovery requests are overbroad and unduly burdensome.

These two elements alone weigh heavily in favor of granting the present motion. Indeed, if any portion of the Motion to Dismiss is granted, either the class allegations will be stricken from the Complaint or the Complaint will be dismissed in its entirety. Under either scenario, discovery either will be narrowed significantly or rendered completely unnecessary. On that basis, UHI should not be subjected to burdensome discovery until the Motion to Dismiss is adjudicated. Chavous v. Dist. Of Columbia Fin. Responsibility & Mgmt. Assistance, 201 F.R.D.

1, 2 (D.D.C. 2001) (a stay of discovery pending the determination of a dispositive motion "prevent[s] wasting the time and effort of all concerned") (internal citations omitted).

## II.    NOR HAS PLAINTIFF ESTABLISHED A RISK OF UNFAIR PREJUDICE.

Plaintiff's remaining attempts to oppose the motion through conclusory references to supposed prejudice are either a distortion of controlling law or an argument based on baseless accusations.

First, Plaintiff tries to distort the purpose of UHI's Motion to Stay by incorrectly implying that the motion will preclude Plaintiff from <u>ever</u> conducting any discovery in this case. The two cases cited by Plaintiff each involved motions to preclude certain forms of discovery at any point in those cases. <u>See</u> <u>Jennings v. Family Management</u>, 201 F.R.D. 272, 275 (D.D.C. 2001) (denying plaintiff's motion to preclude all depositions of plaintiff regardless of timing); <u>Cockcrum v. Welch</u>, 917 F. Supp. 479, 482 (E.D.Tex. 1996) (granting in part, and denying in part, motion to protect certain written materials from discovery). Neither <u>Jennings</u> nor <u>Cockrum</u> relates to a motion to stay discovery, let alone UHI's narrowly tailored motion which requests a mere stay only until the fully briefed dispositive motion is decided. If Plaintiff's Complaint survives the Motion to Dismiss, Plaintiff will have an opportunity to conduct relevant discovery. Until that time, however, Plaintiff should not be empowered to conduct irrelevant, extremely broad, and unduly burdensome discovery in an attempt to impose expense on UHI that is or may well be unnecessary.

Second, Plaintiff makes baseless accusations that UHI has engaged in evidence spoilation. Plaintiff's own opposition, however, undermines its own argument. For example, in referring to the inclusion of interrogatories and depositions as components of Plaintiff's many discovery requests (Opposition at 5), it is hard to see how such evidence can be "spoiled" when Plaintiff seeks only to elicit this type of evidence and/or testimony. As to Plaintiff's requests for

production, Plaintiff fails to justify why UHI should be required to produce documents from its national operations. Plaintiff's Complaint (which provides context for the scope of relevant discovery) implicates a violation of a District of Columbia statute. Plaintiff offers no argument why the assertion of a local statute should justify Plaintiff's efforts to conduct discovery on a national scope. Here, UHI has undertaken appropriate steps to preserve relevant documents and electronically stored information. Should UHI's Motion to Dismiss be denied, Plaintiff will have an opportunity to conduct relevant discovery related to this information.

In sum, Plaintiff's inability to establish any inkling of real, unfair prejudice supports the entry of a protective order staying discovery until the pending dispositive motion is adjudicated.

## III.  PLAINTIFF'S OTHER ARGUMENTS ARE EQUALLY BASELESS.

Finally, Plaintiff's arguments that UHI's Motion to Stay is somehow untimely or overbroad also fail.

First, Plaintiff's own case (Opposition at 3) makes clear that a motion for a protective order is timely filed if it is filed <u>prior</u> to the date the discovery is due. <u>Brittain v. Stroh Brewery Co.</u>, 136 F.R.D. 408, 413 (M.D.N.C. 1991) ("A motion for protective order is timely if made prior to the date set for producing discovery"). Here, Plaintiff concedes that UHI's Motion to Stay was filed several days before the discovery requests were due, thus confirming a filing in a timely manner. [Opposition at 3 (UHI "file[d] this motion . . . several days before its responses were due")]

To the extent Plaintiff argues that UHI improperly delayed in filing its Motion to Stay, UHI advised Plaintiff as early as the joint status conference that it planned to move for a protective order that stayed discovery until the Motion to Dismiss was adjudicated. Moreover, UHI required time to identify how much time and effort it would require to respond to Plaintiff's requests. As evidenced by the declarations supporting the Motion to Stay, responding to the

discovery requests discussed in the motion would have required UHI to produce documents relating to 76,250 U-Haul Vehicles (as that term was defined in the declarations), to produce on the order of 40 individuals for depositions, and to spend a significant number of person hours visiting many multiple locations where documents and information relating to Plaintiff's discovery requests may be located.  [Motion to Stay, Ex. F, paras. 5 and 7; Motion to Stay, Ex. G, paras. 6 and 10]  The Federal Rules of Civil Procedure do not require the expenditure of such resources in the circumstances of this litigation.

Second, UHI has no obligation to redraft Plaintiff's discovery requests so that they are non-objectionable.  Plaintiff is responsible for that task subject to reasonable meet-and-confer participation by UHI.  As it currently stands, however, Plaintiff's discovery requests are overly broad and burdensome and exceed the scope of relevancy in this case.

## Relief Requested

For the aforementioned reasons, UHI respectfully requests this Court to enter a protective order that stays discovery until the resolution of the pending Motion to Dismiss.

        Respectfully submitted,

        DEFENDANT,
        U-HAUL INTERNATIONAL, INC.


        By_____/s/_____
           David Zetoony (D.C. Bar No. 486456)
           Bryan Cave LLP
           700 13th St. N.W. Ste 700
           Washington, D.C. 20005
           (202) 508-6030 (phone)
           (202) 220-7330 (fax)
           David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.[*]
Jason K. Reed, Esq.
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7000 (phone)
(602) 364-7070 (fax)
lgscarborough@bryancave.com

---

[*] Mr. Scarborough and Mr. Reed are not members of this Court.