IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL MARGOLIS,                   )
on behalf of himself and others     )
similarly situated,                 )
                        Plaintiff,  )
v.                                  )   Case No. 1:07-cv-1648-RMC
                                    )
U-HAUL INTERNATIONAL, INC.,         )
                        Defendant.  )
_____)

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
RELATED TO ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff brought this case on behalf of himself and the general public, alleging violations of the District of Columbia's Consumer Protections and Procedures Act (CPPA). On October 17, 2007, Defendant filed a Motion to Dismiss and to Strike Class Allegations ("Motion to Dismiss"). (Docket No. 6). Plaintiff opposed this motion. (Docket No. 11). Defendant's motion is currently *sub judice*. A recent decision by the District of Columbia Court of Appeals, *Snowder v. District of Columbia*, 2008 D.C. App. Lexis 261, No. 06-CV-959, (D.C. June 5, 2008), supports Plaintiff's position that Defendant's motion should not be granted.

In its Motion to Dismiss, Defendant argues that Plaintiff's complaint should be dismissed because, in Defendant's view, in order to have standing to bring a CPPA claim, Plaintiff must have suffered actual injuries that flow directly from relying on deceptive or misleading consumer practices. Defendant argues that Plaintiff was not deceived by U-Haul's deceptive advertising, which boasted: "Newest trucks for household users." In his opposition brief, Plaintiff Margolis asserts that an individual need not actually be deceived by unfair consumer practices, so long as the complaint alleges specific injuries in fact. Pl.'s Opp. Br. at

14-16 (citing *Wells v. Allstate Insurance Co.*, 210 F.R.D. 1 (D.D.C. 2002)).  Moreover, the plain language of the statute does not require a plaintiff to allege reliance on deceptive advertising.

  The D.C. Court of Appeals' recent decision in *Snowder* supports Plaintiff's position that he has standing under the CPPA regardless of whether he alleges reliance on U-Haul's deceptive advertising.  *Snowder* reiterates that individuals have standing under the CPPA to bring claims on behalf of the general public.  D.C. Code § 28-3905(k).

  In *Snowder*, the plaintiffs alleged various common law and CPPA claims against the District of Columbia and towing companies for imposing substantial towing and storage service fees on stolen vehicles that were recovered.  The Court of Appeals held that even though the plaintiff did not own the vehicle when fees were assessed, this did not bar her CPPA claim: "Though she did not own the vehicle at the time of the alleged injury, she can bring a CPPA claim on behalf of the general public." *Snowder*, 2008 D.C. App. Lexis 261, n.10.

  Therefore, Plaintiff Margolis, who was actually injured by U-Haul's dilapidated equipment, has standing to bring his own CPPA claim, as well as a claim on behalf of the general public.

Dated: June 25, 2008

            Respectfully Submitted,
            /s/ Ellen L. Eardley
            Steven A. Skalet (D.C. Bar No. 359804)
            Craig L. Briskin (D.C. Bar No. 84126)
            Ellen L. Eardley (D.C. Bar No. 488741)
            Mehri & Skalet, PLLC
            1250 Connecticut Ave., N.W., Suite 300
            Washington, DC  20036
            (202) 822-5100
            *Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the forgoing Plaintiff's Notice of Supplemental Authority was electronically filed with the Court and the following Counsel of Record this 25th day of June, 2008:

David Zetoony
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)

/s/ Ellen L. Eardley
Ellen L. Eardley