UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
|  | ) Civil Action No. 1:07-cv-01648 (R.C.) |
| v. | ) ) |
| U-HAUL International, Inc., | ) ) |
| Defendant. | ) ) ) |

## UHI MOTION FOR LEAVE
## TO FILE REPLY

Defendant U-Haul International, Inc. ("UHI") requests leave to file the attached response to plaintiff's "Notice of Supplemental Authority Related to [Plaintiff's] Opposition to Defendant's Motion to Dismiss."

In support of this Motion, defendant submits the attached memorandum of points and authorities, and a proposed order.

Respectfully submitted,

                                                  **DEFENDANT,**
                                                  U-HAUL INTERNATIONAL, INC.

                                                  By_____/s/_____
                                                     David Zetoony (D.C. Bar No. 486456)
                                                     Bryan Cave LLP
                                                     700 13th St. N.W. Ste 700
                                                     Washington, D.C. 20005
                                                     (202) 508-6030 (phone)
                                                     (202) 220-7330 (fax)
                                                     David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.[*]
Jason Reed[*]
Bryan Cave LLP

Dated: July 11, 2008.

---

[*] Messrs. Scarborough and Reed are not members of this Court.

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | |
|  | ) | Civil Action No. 1:07-cv-01648 (R.C.) |
| v. | ) ) ) | |
| U-HAUL International, Inc., | ) ) | |
| Defendant. | ) ) ) | |

**POINTS AND AUTHORITIES IN SUPPORT OF
UHI'S MOTION FOR LEAVE TO FILE REPLY**

On October 17, 2007, defendant, U-Haul International, Inc. ("UHI") filed a Motion to Strike Class Allegations and to Dismiss the Complaint (the "Motion to Dismiss"). [Docket No. 6]

On November 7, 2007, plaintiff filed a memorandum in opposition to the Motion to Dismiss (the "Opposition"). [Docket No. 11]

On November 16, 2007, the Motion to Dismiss became fully briefed with UHI's filing of a memorandum in reply (the "Reply"). [Docket No. 13]

On June 25, 2008, plaintiff filed a supplemental memorandum in opposition to the Motion to Dismiss titled "Supplemental Authority Related to its Opposition to Defendant's Motion to Dismiss" (the "Supplemental Brief"). [Docket No. 20] Plaintiff

did not seek leave of court, or confer with UHI, prior to filing his Supplemental Brief. As the Supplemental Brief contends that <u>Snowder v. District of Columbia</u>, 2008 D.C. App. Lexis 261, No. 06-CV-959 (D.C. June 5, 2008), a recent decision by the District of Columbia Court of Appeals, supports plaintiff's argument that the Motion to Dismiss should be denied, UHI requests that the Court permit UHI to file the attached response to the Supplemental Brief.

Pursuant to L. R. Civ. 7.1(m), UHI's counsel has conferred in good faith with counsel for Plaintiff who stated that they take "no position" on this Motion.

        Respectfully submitted,

        **DEFENDANT,**
        U-HAUL INTERNATIONAL, INC.

        By_____/s/_____
        David Zetoony (D.C. Bar No. 486456)
        Bryan Cave LLP
        700 13th St. N.W. Ste 700
        Washington, D.C. 20005
        (202) 508-6030 (phone)
        (202) 220-7330 (fax)
        David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.[*]
Jason Reed, Esq.[*]
Bryan Cave LLP

Dated: July 11, 2008.

---

[*] Messrs. Scarborough and Reed are not members of this Court.

DC/333826

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | |
|  | ) | Civil Action No. 1:07-cv-01648 (R.C.) |
| v. | ) ) | |
| U-HAUL International, Inc., | ) ) | |
| Defendant. | ) ) ) | |

**<u>PROPOSED ORDER</u>**

Upon consideration of UHI's Motion for Leave to File Reply, it is hereby

**ORDERED** that Defendant's Motion is, **GRANTED**.

_____     _____
Date                                           The Honorable Rosemary M. Collyer
                                                United States District Court for the District of Columbia

Copies to:

Steven A. Skalet
Craig Briskin
Ellen Eardley
Mehri & Skalet, P.L.L.C.
1250 Connecticut Ave., N.W. Ste 300
Washington D.C. 20036
202-822-5100

David Zetoony (D.C. Bar No. 486456)
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)

*Counsel for Plaintiff Michael Margolis*     *Counsel for Defendant U-Haul International, Inc.*

DC/333826

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U-HAUL International, Inc.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv-01648 (R.C.)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RELATED TO ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff's Supplemental Authority Related to Its Opposition to Defendant's Motion to Dismiss (the "Supplemental Brief") emphasizes the impropriety of plaintiff's complaint and validates the arguments in U-Haul International, Inc.'s ("UHI") Motion to Strike the Class Allegations and Dismiss the Complaint (the "Motion to Dismiss").

Specifically, plaintiff argues that he may proceed with this suit without alleging or proving that he suffered an actual injury. The single case cited in plaintiff's Supplemental Brief, however, does not (and cannot) waive the jurisdictional requirements of this Court that an actual case or controversy exist. Without a concrete and palpable injury, plaintiff has no standing to assert a claim in this Court.

**Argument**

I. **THE CPPA CANNOT MODIFY THE JURISDICTIONAL REQUIREMENTS OF THIS COURT.**

In order to have standing to bring a claim, a plaintiff must have "suffered an 'injury in fact'—an invasion of a legally protected interest," which, among other things, is "concrete and particularized." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Here, plaintiff claims that a single footnote in Snowder v. District of Columbia, No. 06-CV-959, 2008 D.C. App. LEXIS 261 at * 28 n.10 (D.C. June 5, 2008), which references the CPPA, supports his claim that he need not have been injured, or deceived, in order to have standing to bring suit. [Supp. Brief at 1, 2].

Snowder involved a putative class action brought against the District of Columbia and several towing companies for allegedly towing and storing vehicles without providing adequate notice to vehicle owners. Snowder, 2008 D.C. App. LEXIS 261 at *2. The plaintiffs in Snowder asserted various legal theories including breach of bailment, conversion of property, civil conspiracy, unjust enrichment and violation of the CPPA. Id. After affirming the trial court's dismissal of the common law claims advanced by one of the plaintiffs on the ground that she was not in possession of her vehicle at the time of the alleged event, the District of Columbia Court of Appeals remarked in a footnote that, "though she did not own [her] vehicle at the time of the alleged injury, she can bring a CPPA claim on behalf of the general public." Snowder, 2008 D.C. App. LEXIS 261 at *28 n.10. According to plaintiff, this footnote proves that he can proceed under the CPPA even though he has suffered no injury from UHI's alleged misrepresentation.

The District of Columbia Court of Appeals has consistently found that the D.C. Code requires that a "case or controversy" and an "injury in fact" exist "in every case." Friends of

Tilden Park, Inc. v. District of Columbia, 806 A.2d 1201, 1206 (D.C. 2002); D.C. Code § 11-705 (2008). Nothing in Snowder indicates that the District of Columbia Court of Appeals intended to overturn this standing requirement – indeed, the court did not address the interaction between the CPPA and the case or controversy requirement, nor did the parties in Snowder brief the issue. See Brief for Appellee Perry's Towing & Storage, Inc., Snowder, 2008 D.C. App. LEXIS 261 (No. 06-CV-959) (submitted on December 7, 2006). It is highly unlikely that the District of Columbia Court of Appeals intended to wash away that court's well-established requirement that a case or controversy exist "in every case" in a one-line footnote.

In any case, Snowder does not apply in this Court. At most, Snowder involves the statutory case or controversy requirement applicable to the District of Columbia's municipal courts. The case or controversy requirement in **federal** court is firmly rooted in the Constitution, and its applicability to all cases (including cases brought under the CPPA) is beyond doubt. U.S. Const. art. III, § 2; Lujan, 504 U.S. at 560 ("the core component of standing is an essential and unchanging part of the case-or-controversies requirement of Article III"); Williams v. Purdue Pharma Co., 297 F. Supp. 2d 171, 177 (D.D.C. 2003) (Collyer, J.) (dismissing CPPA claim where complaint failed to allege that claimants were injured in fact). Plaintiff cites no authority, and provides no argument, to indicate that Snowder has overturned the Constitution's protections against unwarranted litigation.[1]

---

[1] This is not the first time that plaintiff's position has raised serious Constitutional concerns. As discussed in greater detail in UHI's Reply Memorandum, plaintiff's argument that he be allowed to represent and recover for "all other customers who rented vehicles from [UHI] in the District of Columbia" outside of the class action mechanism raises due process concerns for both absent third parties and for UHI. [Docket No. 13 at 6, 7 n.2] If plaintiff is not required to satisfy Fed. R. Civ. P. 23 prior to asserting claims on behalf of an absent class, UHI would be subject to "repeated and potentially inconsistent adjudications" by multiple plaintiffs for the exact same claim raised by plaintiff. 5 Moore's Federal Practice § 23.02 (3d ed. 2007).

Here, plaintiff was never deceived as to the rented truck's relative age. Indeed, plaintiff concedes that he had read the odometer at the time he rented the truck. Plaintiff therefore suffered no actual injury. Because plaintiff lacks standing to assert his claims, dismissal is appropriate.[2]

### Relief Requested

For the aforementioned reasons, UHI respectfully requests this Court to enter an order dismissing the Complaint or, at a minimum, striking any class allegations from the Complaint.

Respectfully submitted,

DEFENDANT,
U-HAUL INTERNATIONAL, INC.


By_____/s/_____
  David Zetoony (D.C. Bar No. 486456)
  Bryan Cave LLP
  700 13th St. N.W. Ste 700
  Washington, D.C. 20005
  (202) 508-6030 (phone)
  (202) 220-7330 (fax)
  David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.[*]
Jason K. Reed, Esq.[*]
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7000 (phone)
(602) 364-7070 (fax)
lgscarborough@bryancave.com

---

[2] Snowder also does not affect the other grounds for dismissing the Complaint. Indeed, even if the Complaint alleges sufficient injury to satisfy standing requirements, the Complaint complains of advertising that, at its worst, amounts to puffery; the Complaint also facially mischaracterizes the exhibit attached to the Complaint. [Docket No. 6 at 5-9]

[*] Messrs. Scarborough and Reed are not members of this Court.