UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL MARGOLIS,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-1648 (RMC) |
| **U-HAUL INTERNATIONAL, INC.,** | ) ) ) | |
| Defendant. | ) ) | |

## ORDER TO SHOW CAUSE

Michael Margolis moved from Washington, D.C., to McAllen, Texas, after renting an old U-Haul moving truck. The truck began to leak exhaust fumes into the cabin on the way to Texas and could not be repaired. Mr. Margolis finally got another U-Haul moving truck and reached his destination. He complains that U-Haul International, Inc. ("U-Haul") violated the District of Columbia's Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 *et seq.* (2007), because it advertised that it provides the "[n]ewest trucks for household movers." Mr. Margolis sues for monetary and injunctive relief for himself and as a representative of other U-Haul customers in the District of Columbia to remedy the alleged deceptive advertising and misrepresentations regarding truck rental policies. This case was initially filed in the Superior Court of the District of Columbia and was removed by Defendant to this Court on September 19, 2007 based on diversity jurisdiction.

This Court lacks subject-matter jurisdiction over this case if the amount in controversy is less than "the sum or value of $75,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(a)(1), (2) (2007). In its Notice of Removal, Defendant stated that there is "a

reasonable probability that the stakes exceed the minimum of $75,000 . . . when all of Plaintiff's requested relief is considered." *See* Notice of Removal [Dkt. # 1] ¶ 12. In support, Defendant explains:

> (1) At a minimum, Plaintiff seeks $2,525.69 in monetary damages; this consists of the $1,025.69 sought for unjust enrichment and monetary damages under the CCPA. The CCPA allows for "treble damages, or $1,500 per violation, whichever is greater, payable to the consumer. . . ." *See id*. ¶ 14 (citing D.C. Code § 29-3905(k)(1)(A) (2007)).
>
> (2) Plaintiff seeks an unspecified amount of punitive damages "indicating that there is a reasonable probability that the stakes exceed $75,000." *Id*. ¶ 15.
>
> (3) Plaintiff seeks attorney's fees and costs, "further indicating that there is a reasonable probability that the stakes exceed $75,000." *Id*. ¶ 16.
>
> (4) Plaintiff seeks to enjoin Defendant from engaging in its advertising practices in question, "further indicating that there is a reasonable probability that the stakes exceed $75,000." *Id*. ¶ 17.

Although Plaintiff is bringing this action purportedly on behalf of others similarly situated and the general public, the actual and statutory damages, including punitive damages, to similarly situated individuals other than Plaintiff, are not aggregated in determining the amount in controversy. *See Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 103-04 (D.D.C. 2008) (rejecting the defendant's request that the court aggregate actual and statutory damages to all consumers in determining the amount in controversy where the plaintiff brought a non-class action matter on behalf of the general public under the CPPA) (citing *Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1, 1-2 (D.D.C. 2004)).

Defendant's contention that the amount of monetary damages in controversy is, at a minimum, $2,525.69, does not support a reasonable probability that the total amount in controversy exceeds $75,000.

Defendant speculates that Plaintiff's request for punitive damages indicates that the total amount in controversy may exceed $75,000. Speculation without a factual basis does not satisfy Defendant's burden of establishing this Court's jurisdiction. *See Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 155 (D.D.C. 2007) ("Because this completely speculative estimate is factually unsupported, and the burden is on UAL to establish removal jurisdiction, punitive damages will not be included in determining the amount in controversy.") (citing *Your Girl Friday, LLC v. MGF Holdings*, No. 06-0385, 2006 U.S. Dist. LEXIS 20665, at *8 (D.D.C. Apr. 18, 2006)).

Defendant further speculates that the injunctive relief requested by Plaintiff indicates that the amount in controversy will exceed $75,000. While the cost of complying with an injunction may be part of the amount in controversy, *see Wexler*, 496 F. Supp. 2d at 153-54, the Defendant must provide evidentiary support for the cost of such an obligation. *Id*. Here, Defendant does not proffer any substantive support for the cost it may incur in complying with an injunction.

Removal is appropriate only when the case might have originally been brought in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal subject-matter jurisdiction exists. *Wexler*, 496 F. Supp. 2d at 152; *Breakman*, 545 F. Supp. at 101. Given the substantial federalism concerns raised by a federal court's exercise of jurisdiction over a removed case, *Your Girl Friday*, 2006 U.S. Dist. LEXIS 20665, at *7, any ambiguities regarding the existence of removal jurisdiction must be resolved in favor of remand. *Wexler*, 496 F. Supp. 2d at 152; *Breakman*, 545 F. Supp. 2d at 101. Accordingly, it is hereby

**ORDERED** that Defendant shall show cause no later than August 15, 2008, why this case should not be remanded to Superior Court; and it is

**FURTHER ORDERED** that Plaintiff may file a response to Defendant's submission

no later than September 5, 2008; and it is

**FURTHER ORDERED** that the Court will defer ruling on Defendant's Motion to Strike Class Allegations and Motion to Dismiss the Complaint [Dkt. # 6] pending resolution of this Order.

**SO ORDERED**.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date: July 14, 2008