UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael MARGOLIS, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br>v.<br>U-HAUL International, Inc.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv-01648 (R.C.)<br>)<br>)<br>)<br>)<br>) |

**UHI'S RESPONSE TO
ORDER TO SHOW CAUSE
CONCERNING CAFA JURISDICTION**

The Class Action Fairness Act ("CAFA") confers federal jurisdiction over "class actions" that involve diverse parties where the amount in controversy exceeds $5 million. The Plaintiff in this case carefully avoids using the term "class action" when discussing his claim; instead, he calls his case a "representative action" in which he proceeds on behalf of all others "similarly situated" to recover monetary damages for the absent and unrepresented parties. "That which we call a rose, by any other name would smell as sweet."[1] Similarly, under CAFA, that which we call a class action, by any other label, including the label of a "non-class representative action," is still a class action. Because he seeks to represent, and recover monetary damages on behalf of, thousands of absent parties, Plaintiff's suit resembles a class action and fits squarely within CAFA.

---

[1] Romeo and Juliet (II, ii, 1-2).

**Standard of Review**

When jurisdiction is based on CAFA, the removing party bears the burden of demonstrating that an action is governed by CAFA. At the same time, the non-removing party bears the burden of proving that any of CAFA's exceptions apply. Hart v. FedEx Ground Package Sys., 457 F.3d 675, 680 (7th Cir. 2006); S. Rep. No. 109-14, at 44 (stating that drafting Committee's intention "with regard to each of these exceptions" was that the "party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption").

**Argument**

With respect to CAFA jurisdiction in this case, defendant U-Haul International, Inc. ("UHI") has asserted, and Plaintiff has not refuted, that facts exist to meet CAFA's diversity and amount in controversy requirements. On its own motion, the Court has inquired as to whether Breakman v. AOL LLC, 545 F. Supp. 2d 96 (D.D.C. 2008), a case recently remanded to superior court, suggests that jurisdiction likewise should not exist in this Court.

For several reasons, Breakman erred in holding that an action in which one party seeks to represent and recover on behalf of "each individual District of Columbia consumer in the form of actual damages, treble damages, reasonable attorneys' fees, [and] punitive damages" is not a "class action" under CAFA. First, Breakman incorrectly deferred to the plaintiff's label of his action as something other than a class action. A court should not defer to a plaintiff's characterization of his suit, but should independently determine whether the suit resembles a class action insofar as the real parties in interest are absent and unrepresented. Second, Breakman incorrectly held that a representative action for monetary damages under the CPPA is a separate and distinct procedural vehicle from a class action. Third, Breakman applied an exemption which applies only to a "mass action." In this case, the Plaintiff's action falls under the definition of "class action," not under the definition of "mass action." As a result, any mass-

action exemption to CAFA jurisdiction is inapplicable. Finally, Breakman violates CAFA's purpose to provide out-of-state defendants access to federal courts when defending large-scale representative actions for monetary damages. Needless to say, this Court is not bound by its sister court's erroneous reasoning. In re Executive Office of the President, 215 F.3d 20, 24 (D.C. Cir. 2000) ("District Court decisions do not establish the law of the circuit, nor, indeed, do they even establish 'the law of the district'"); FC Investment Group LC v. Lichtenstein, 441 F. Supp. 2d 3, 10 n.3 (D.D.C. 2006) ("one district court decision is not binding on another district court"); Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1371 (3d Cir. 1991) (the "doctrine of stare decisis does not compel one district court judge to follow the decision of another" "[w]here a second judge believes that a different result may obtain").[2]

## I.      CAFA Confers Subject Matter Jurisdiction.

Congress significantly expanded federal court jurisdiction as it relates to class actions in 2005 with the passage of CAFA. Pub. Law No. 109-2 (Feb. 18, 2005). CAFA imparts to federal courts original jurisdiction over class actions where there is simple diversity and an amount in controversy exceeding $5,000,000. 28 U.S.C. § 1332(d)(2)(A), (B) (2008).

UHI's Notice of Removal informed the Court that jurisdiction in this case is based upon CAFA and set forth facts supporting both CAFA's diversity and amount in controversy requirements. [Docket # 1 at ¶¶ 3 – 9] Specifically, the named plaintiff, Margolis, is a citizen of a state or country different from UHI, and the amount in controversy exceeds $5,000,000 as

---

[2] One explanation for Breakman's erroneous holding is that the defendant in that case primarily argued in favor of district court jurisdiction based on traditional diversity principles. Although the defendant argued that CAFA applied as an alternative ground supporting jurisdiction, the Court (and the parties) appear to have focused their attention mainly on issues relating to traditional diversity. Breakman, 545 F. Supp. 2d at 101 (stating that defendant "admits" and "presumes" that plaintiff was not pursuing class action relief); see also Def. Opp. to P. Amd. Mot. To Remand, Case No. 1:08-cv-00246-JDB, Docket # 17 (Mar. 12, 2008).

Margolis seeks, in addition to treble and/or statutory damages for his own injury, treble and/or statutory damages on behalf of each person who rented a vehicle bearing UHI's trademark within the District of Columbia. [Id. at ¶ 7] UHI estimates that as many as 69,671 such trucks, trailers, and towing equipment items have been rented within the District of Columbia over the three years preceding the Complaint. [Id.] The Plaintiff has neither sought remand nor challenged the facts upon which CAFA removal was based.

## II.     This Court Should Not Follow Breakman.

The Order to Show Cause inquires as to whether this case is a class action subject to CAFA or a traditional diversity action. [Docket # 22 at 1] The Order points to Breakman v. AOL LLC, 545 F. Supp. 2d 96 (D.D.C. 2008), as possible authority suggesting that this case should be viewed solely from the standpoint of traditional diversity.

In Breakman, the plaintiff alleged that AOL engaged in unlawful practices under the CPPA by failing to disclose material facts regarding its pricing plans. Id. at 99. The plaintiff claimed to represent not only himself, but "each individual District of Columbia Consumer" and asked for monetary damages for every injured consumer. Id. at 100. The plaintiff alleged that he was entitled to seek, and receive, such damages outside of the class action mechanism. Id. at 100.

The defendant removed the case to federal court primarily based on traditional diversity and, alternatively, based on CAFA. Amended Notice of Removal at ¶¶ 6-24, Breakman (No. 1:08-cv-00246) (Feb. 21, 2008). The plaintiff moved to remand, which the court granted on April 17, 2008. Breakman, 545 F. Supp. 2d 96.

In its remand order, the court focused on the plaintiff's stated desire to bring a "representative action" and "not a class action." Id. at 101. Based on the plaintiff's stated desire

to avoid the class action mechanism, the court assumed that the plaintiff was proceeding under "a separate and distinct procedural vehicle" "authorized by District of Columbia statute." Id. at 101. The order did not discuss CAFA's definition of "class action" or analyze whether the suit fell within its ambit. Instead, the order discussed the concept of a "mass action" and found that the suit could not be characterized as such. Based on a traditional diversity analysis, the court found that the amount in controversy had not been satisfied. Id. at 102-108.

This Court should decline to follow Breakman for four reasons. First, the Breakman order incorrectly deferred to the plaintiff's conclusory characterization of his action as "not a class action." Second, the Breakman order incorrectly held that a representative action for monetary damages under the CPPA has a procedural vehicle separate and distinct from the class action mechanism. Third, the Breakman order evaluated whether the suit fell within the definition of a "mass action" and never whether the suit fell within CAFA's definition of a "class action." Finally, the Breakman order contravenes CAFA's express purpose to ensure that out-of-state parties defending an action that resembles a class action have access to a federal forum.

      **A.    The Substance Of An Action, Not Its Label, Determines Whether It Is A "Class Action" Under CAFA.**

CAFA defines a "class action" broadly as "any civil action" that has been filed under Rule 23, that has been filed under a "similar state statute" to Rule 23, or that has been filed under any other "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332 (2008). By stating that CAFA applies to "rule[s] of judicial procedure" other than Rule 23 and other state analogs to Rule 23, Congress intended the scope of CAFA "to be interpreted liberally." S. Rep. No. 109-14, at 35 (2005). Specifically, Congress did not intend in any way to limit CAFA to suits formally labeled by plaintiffs as "class actions":

> [The definition of class action] should not be confined solely to lawsuits that are labeled "class actions" by the named plaintiff or the state rulemaking authority. Generally speaking, <u>lawsuits that resemble a purported class action should be considered class actions for the purposes of applying these provisions</u>.

S. Rep. No. 109-14, at 35 (2005) (emphasis added).

Other courts have recognized that CAFA jurisdiction cannot be destroyed by a plaintiff characterizing his suit as a representative action instead of as a class action. In <u>Caldwell v. Allstate Ins.</u>, 2008 U.S. App. LEXIS 15275 at 9, 11 (5th Cir. 2008) (pending publication), the State of Louisiana, along with a number of private law firms, filed an antitrust action seeking treble damages on behalf of individual insurance policyholders. <u>Id.</u> at 7. The plaintiffs styled their case as a "<u>parens patriae</u> action" instead of as a class action. <u>Id.</u> When the defendants removed the case alleging that it was a class action subject to CAFA, the plaintiffs responded that they had not pled a class action and were proceeding under a separate procedural mechanism that allowed them to bring representative claims. <u>Id.</u> at 13.

The Fifth Circuit acknowledged that the "words 'class action' or 'mass action' [did] not appear" in the Complaint, but held that "it is well-established that in determining whether there is jurisdiction, federal courts look to the substance of the action and not the labels that the parties may attach." <u>Id.</u> at 11, 12. The Fifth Circuit concluded that, despite the plaintiffs' characterization of the suit as a non-class action proceeding under a state procedural device distinct from Rule 23, "the narrow issue before this court is who are the real parties in interest." <u>Id.</u> at 26. The court determined that the real parties in interest were the unrepresented third parties who suffered the alleged harm, on whose behalf the plaintiffs sought recovery, and for

whom the future right to recover on their own behalf might be extinguished. Id. at 24-27. As a result, the court held the suit governed by CAFA. Id.[3]

Margolis, like the plaintiffs in Caldwell, labeled his suit a "representative action" brought as a "private attorneys general" and contends that "this is not a class action." [Docket #11 at 1, 6, 7] Despite such self-serving labeling, the substance of the dispute directly affects the rights and interests of absent parties. For instance, Margolis brings suit on behalf of "other consumers who rented vehicles from Defendant in the District of Columbia, and were damaged by Defendants deceptive and unlawful practices." [Complaint ¶ 2 (emphasis added)] Margolis seeks to recover for other consumers' alleged injuries in the form of "monetary damages, including treble damages," and "punitive damages." [Complaint, Prayer of Relief] The real parties in interest are the thousands of people that Margolis proposes to represent, for whose injury Margolis proposes to recover monetary damages, and for whom the right to bring future suit will be extinguished if Margolis is allowed to proceed on their behalf. Despite the label Margolis attaches, this suit "resemble[s] a purported class action" and, therefore, "should be considered [a] class action" under CAFA. S. Rep. No. 109-14 at 35 (2005). The Breakman order nowhere considered CAFA's legislative history or the case law addressing actions resembling class actions.

### B. A Representative Action Seeking Monetary Damages Must Follow The Procedural Mechanism Of A Class Action.

Breakman assumes that the CPPA creates a "separate and distinct procedural vehicle from a class action." Breakman, 545 F. Supp. 2d at 101. As discussed above, CAFA applies to

---

[3] The court determined that the suit fell under CAFA's definition of "mass action" and did "not address" whether the suit would also fall under CAFA's definition of "class action." Caldwell, 2008 U.S. App. LEXIS 15275 at 31. As explained in greater detail below, this action falls within CAFA's definition of class action and is not a mass action.

any suit that resembles a class action and expressly applies to state "rule[s] of judicial procedure" other than Rule 23 authorizing representative actions and including any state analogs. 28 U.S.C. § 1332 (2008). As a result, even if Breakman is correct that a separate and distinct procedural vehicle exists, CAFA still confers jurisdiction. Beyond that, Breakman's assumption that a separate and distinct procedure exists is incorrect as it contradicts the plain meaning of the CPPA, the procedural framework established by the D.C. City Council, and courts' historical treatment of representative actions.

> 1. **The Plain Meaning of the CPPA Establishes a Right of Action, Not A Separate Procedural Mechanism.**

The CPPA states that "a person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter." D.C. Code § 28-3905(k)(1) (2008). By its terms, this provision creates a private right of action or, put another way, the right to "bring an action." Id. The provision does not speak to the procedural mechanism which a plaintiff must follow once an action has been brought to ensure proper case management, the protection of the defendant, and the protection of absent third parties.

> 2. **The Procedural Framework Established by the D.C. City Council and the D.C. Court Of Appeals for All Representative Suits Is the Class Action Mechanism.**

The D.C. City Council and the D.C. Court of Appeals have codified the procedural mechanisms which apply to "all suits of a civil nature" in the Superior Court Rules of Civil Procedure ("Superior Court Rules"). Superior Court Rule 1. The Superior Court Rules provide a single mechanism for pursuing a representative suit for monetary damages on behalf of others who are similarly situated – the class action mechanism of Rule 23. Superior Court Rule 23. Nothing within the text of the CPPA purports to repeal, amend, modify, or otherwise change the

procedural mechanisms within the Superior Court Rules or purports to exempt actions brought under the CPPA from the requirements of Rule 23.[4]

Indeed, both this Court and the superior court have applied the requirements of Rule 23 to previous CPPA actions in which a plaintiff has sought to recover damages on behalf of absent parties. E.g., Williams v. Purdue Pharma Co., 297 F. Supp. 2d 171 (D.D.C. 2003); Ford v. Chartone, Inc., 908 A.2d 72 (D.C. 2006) (considering class certification for suit under CPPA); District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714 (D.C. 2003) (adjudicating CPPA claims of class of cable television subscribers).

The court in Breakman attached significance to the fact that the CPPA authorizes a "private attorney general suit" without any specific "reference to class action requirements." Breakman, 545 F. Supp. 2d at 101. The absence of a specific reference to Rule 23 when authorizing private rights of action is not unusual. Federal and state laws often grant individuals the right to proceed as private attorneys general and, when doing so, rarely refer to class action requirements. See, e.g., Clayton Act, 15 U.S.C. § 15(a) (2008) (authorizing individuals to act as private attorneys general to enforce federal antitrust laws without referring to Rule 23 or its requirements). Nonetheless, courts consistently apply the class action procedural mechanism when one party attempts to represent absent parties. The Supreme Court has made clear that the class action mechanism is not only consistent with statutes that provide for private attorney

---

[4] Had the D.C. City Council or the D.C. Court of Appeals intended to establish a separate procedural mechanism for claims under the CPPA, they could easily have done so. For instance, the D.C. City Council has exempted certain civil actions, such as cases involving landlords and tenants, from the general Superior Court Rules, and has enacted separate procedural mechanisms for enforcing rights relating to such issues. In each such situation, the D.C. City Council and the D.C. Court of Appeals expressly excluded the cause of action from the scope of the Superior Court Rules (e.g., "these rules govern the procedure in all suits of a civil nature . . . with the exception of cases in the Landlord and Tenant Branch") and formally codified separate procedural mechanisms. Superior Court Rule 1 (emphasis added); see, e.g., Superior Court Rules of Procedure for the Landlord and Tenant Branch.

general suits, but is "analogous to the private attorneys general" concept. United States Parole Comm'n v. Geraghty, 445 U.S. 388, 403 (1980); Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326, 337 (1980).

### 3. Rule 23 Was Designed to Apply to All Large-Scale "Representative Actions."

Breakman's assumption that a representative action under the CPPA should proceed under a procedural mechanism distinct from Rule 23 contradicts Rules 23's history and purpose. First, the term "class action" under Rule 23 refers generically to "representative suits" which are brought "on behalf of groups of persons similarly situated." Newberg on Class Actions, § 1:1 (2002). Second, the synonymous treatment of the term class action with the term representative suit has a long tradition.

Historically, courts followed the general rule that "all persons legally or beneficially interested in the subject-matter of a suit should be made parties." Joseph Story, Commentaries on Equity Pleadings, and The Incidents Thereof, According to The Practice of the Courts of Equity, of England and America, Equity Pleading § 77 (4th Ed., Little & Brown 1848); Moore and Cohn, Federal Class Actions, 32 Ill. L. Rev. 307, 308 (1937). Prior to the enactment of Rule 23, there were only a limited number of exceptions in which an individual could bring a representative suit without all other interested parties appearing before a court. Story, Equity Pleading at § 77, et seq. When jurist James William Moore created the original version of Rule 23, his intent was to ensure that equal standards and procedures were applied in all representative suits regardless of the theory under which they were brought, or whether they were brought under law or equity. Moore, Federal Class Actions, at 308. While Moore used the term "class action" instead of "representative action" when drafting Rule 23, this decision merely reflected the historical trend around the turn of the century to refer to "representations of large numbers"

of people, either in state or federal courts, as "class suits" or "class actions." Note, Action Under the Codes Against Representative Defendants, 36 Harv. L. Rev. 89 (1922). Although Rule 23 has been revised to address evolving constitutional and due process jurisprudence, it remains the codification of the procedural requirements necessary to bring any suit in which one party purports to represent a large number of absent and unrepresented parties in order to obtain monetary damages on their behalf.[5]

### C. CAFA's Mass Action Provision Does Not Apply To This Case.

The court in Breakman did not analyze whether the suit in that case fell under CAFA's definition of "class action." Instead, the court discussed CAFA's definition of "mass action" and determined that, if the suit before it were a mass action, it would fall under one of CAFA's exceptions to the removal of mass actions. Breakman, 545 F. Supp. 2d at 101.

Breakman's discussion of "mass actions" is irrelevant to this case for one simple reason: Margolis has not brought a mass action. A mass action is defined as an action "in which the monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. 1332(d)(11)(B) (2008). Although mass actions are "deemed to be a class action" for purposes of analyzing federal jurisdiction (28 U.S.C. 1332(d)(11)(A) (2008)), they differ in one key respect from class actions: Mass actions do not involve the representation of absent parties; rather, they are "suits that are brought on behalf of numerous named plaintiffs" where "100 or more named parties seek

---

[5] Prior to the enactment of Rule 23, there was uncertainty within the federal courts as to whether representative suits could proceed at law. Moore, at 308 n.17. Besides codifying the procedure for bringing representative suits in equity, Rule 23 resolved this dispute and allowed representative suits to seek damages as well. See Carl C. Wheaton, Representative Suits Involving Numerous Litigants, 19 Cornell L. Q. 399, 402-05 (1933) (explaining divergence in state and federal treatment of representative or class action suits at law prior to enactment of Rule 23).

to try their claims . . . together." S. Rep. No. 109-14, at 46 (emphasis added); see, e.g., <u>Lowrey v. Alabama Power Co.</u>, 483 F.3d 1184 (11th Cir. 2007) (evaluating whether a suit in which more than four hundred plaintiffs joined in the complaint met the "mass action" amount in controversy requirement under CAFA). In contrast, class actions are suits that are brought on behalf of <u>absent</u> plaintiffs where one person attempts to represent the <u>absent</u> individuals.

This case does not involve a mass action because there is only one named plaintiff. As discussed above, this case falls under CAFA's definition of "class action" because the named plaintiff purports to represent absent real parties in interest to recover monetary damages. If this suit is permitted to proceed, the named plaintiff will extinguish the rights of the absent parties to bring separate actions. As a result, <u>Breakman</u>'s analysis of CAFA's mass action provision, and its exceptions, is inapplicable to this case.

### D.     Congress' Purpose In Enacting CAFA Supports Jurisdiction In This Matter.

One of Congress' express reasons for enacting CAFA was to prevent abuses in class actions caused by "demonstrate[d] bias against out-of-state defendants" in local courts. Pub. Law 109-2, section 2 (4)(B) (Feb. 18, 2005). Indeed, the drafting committee concluded that in state courts "the governing rules [applicable to class-type actions] are applied inconsistently" and often they are applied "in a manner that contravenes basic fairness and due process considerations." S. Rep. No. 109-14, at 4. The Committee intended CAFA to further one of the "primary historical reasons for diversity jurisdiction" which "is the reassurance of fairness and competence that a federal court can supply to an out-of-state defendant facing suit in state court" and to prevent "even the appearance of discrimination in favor of local residents" that might occur in state court. S. Rep. No. 109-14 at 5 (citations omitted).

Assuming for the sake of argument that <u>Breakman</u> is correct and D.C.'s municipal courts would allow a "separate and distinct procedural device" for pursuing representative claims under

the CPPA (a proposition that UHI vigorously contests), remanding this case to superior court would violate the purpose of CAFA and the federalism concerns that underlie it.

Rule 23 was designed to ensure that, in a representative action, the due process rights of defendants are protected from "inconsistent obligations" and that courts protect "the interests of absentees." Geraghty, 445 U.S. at 403. It is unclear whether the "separate and distinct procedural device" hypothesized in Breakman would have safeguards to ensure that these due process considerations are handled appropriately. For instance, Breakman does not indicate whether, under the "separate and distinct procedural device," plaintiff's counsel will fairly and adequately protect the interests of each of the consumers that he proposes to represent, whether individual consumers will be notified that Margolis will be pursuing relief for their claims, whether individual consumers will be provided the opportunity to select counsel of their own choosing, and whether (and on what basis) Margolis would divide and distribute the treble damages that he seeks to recover. To the extent that these concerns are not addressed in the "separate and distinct procedural device" that Breakman envisions, UHI and consumer due process rights will be violated. If, as a result of its due process infirmities, foreign courts fail to afford the "separate and distinct procedural device" that Breakman envisions res judicata effect, UHI could be subject to multiple suits and duplicative recovery from consumers who bring their own actions subsequent to this litigation.

Without assurances that the municipal court would establish procedural mechanisms to safeguard due process rights under Breakman's hypothetical "separate and distinct procedural device," remand would violate the very purpose underlying CAFA by subjecting an out-of-state defendant facing class-wide damages to the type of uncertainty that CAFA was designed to prevent.

**Conclusion**

For the foregoing reasons, UHI respectfully requests this Court to retain its original jurisdiction over this matter.

Respectfully submitted,
DEFENDANT,
U-HAUL INTERNATIONAL, INC.


By_____/s/_____
   David Zetoony (D.C. Bar No. 486456)
   Bryan Cave LLP
   700 13th St. N.W. Ste 700
   Washington, D.C. 20005
   (202) 508-6030 (phone)
   (202) 220-7330 (fax)
   David.Zetoony@bryancave.com

Of Counsel:
Lawrence G. Scarborough, Esq.[*]
Jason K. Reed, Esq.[*]
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
(602) 364-7000 (phone)
(602) 364-7070 (fax)
lgscarborough@bryancave.com

---

[*] Messrs. Scarborough and Reed are not members of this Court.