UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|   |   |
|---|---|
| MICHAEL MARGOLIS, <br> on behalf of himself and others <br> similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> U-HAUL INTERNATIONAL, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 07-cv-1648 (RMC) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Margolis filed this non-class representative action in Superior Court under the District of Columbia Consumer Protection Procedures Act ("CPPA") on behalf of himself and other consumers to further the "interests . . . of the general public." D.C. Code § 28-3905(k)(1) (LexisNexis 2008). Pursuant to the CPPA, Plaintiff Margolis is acting as a private attorney general to remedy deceptive advertising and misrepresentations by U-Haul International, Inc. ("U-Haul") regarding truck rentals. Private attorney general actions that are brought in the interest of the general public are *representative* actions that are separate and distinct from traditional "class actions," and thus they are not subject to Federal Rule of Civil Procedure 23. Recognizing the uniqueness of private attorney general actions, the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, does not allow state law private attorney general actions to be removed to federal court. 28 U.S.C. § 1332(d)(11)(B)(ii)(III) (LexisNexis 2008). Because CAFA does not apply, and because U-Haul cannot demonstrate that federal diversity jurisdiction applies, this case should be remanded to D.C. Superior Court.

I.     **Distinguishing Between Non-Class Collective Representation and Class Actions**

State and federal courts recognize numerous forms of representative actions that are not Rule 23 "class actions." In fact, the term "class action" really describes only one specific procedural mechanism for bringing a representative action. Historically, courts permitted various representative actions long before the promulgation of the original Rule 23 in 1923 and its modern iteration in 1966. Alba Conte & Herbert Newberg, Newberg on Class Actions § 1:9 (4th ed. 2002). Prior to Rule 23, common representative actions included actions such as actions on behalf of beneficiaries of a trust and on behalf of security holders. Id. § 1:9 n.12. Professor Howard Erichson has identified several forms of non-class collective actions that continue to exist today, including bankruptcy actions (creditors' committees represent and bind a group of claimants), *parens patriae* lawsuits by the government, and individual actions that are consolidated into multidistrict litigation. Howard Erichson, Beyond the Class Action: Lawyer Loyalty and Client Autonomy in Non-Class Collective Representation, 2003 U. Chi. Legal F. 519, 531 (2003).

One obvious difference between Rule 23 class actions and other representative actions is that non-class representative actions need not satisfy the Rule 23 prerequisites of numerosity, commonality, typicality, and adequacy of representation in order to represent a group. Collective actions do not have to face the hurdle of Rule 23 class certification because some other procedural mechanism or substantive right provides for group representation. For example, the Fair Labor Standards Act authorizes collective actions "by any one or more employees for and on behalf of himself or themselves and other employees similarly situation" and requires that individuals consent to the

collective action. 28 U.S.C. § 216(b) (LexisNexis 2008). Here, the CPPA provides the mechanism for group representation by authorizing litigation on behalf of the "general public" – a phrase that typically signifies private attorney general actions.

Even though Rule 23 class certification rules are not applicable to non-class representative actions, the due process safeguards embodied in Rule 23 should be part of any representative action. In overseeing non-class representative actions, the Court can ensure that absent individuals' due process rights are protected by requiring notice of a settlement or a decision and by allowing individuals to opt-out. In addition, courts can carefully apply the doctrine of *res judicata* so that individuals who do not benefit from collective actions may still pursue their own claims. See, e.g., Payne v. Nat'l Collection Sys., 111 Cal. Rptr. 2d 260 (Cal. App. 2001) (allowing 23 plaintiffs to bring a consumer fraud action even though California Attorney General obtained restitution for 60 others in similar action, because the 23 plaintiffs were not part of the Attorney General's recovery).

## II.    The CPPA Authorizes Non-Class Representative Actions

Like bankruptcy actions or *parens patriae* actions by the government, CPPA representative actions on behalf of the general public are another type of collective action that are distinct from a "class action." The CPPA relies on individuals to help carry out the purpose of the act through a representative actions that need not meet the requirements of Rule 23. D.C. Code § 28-3905(k)(1). The statute provides:

> A person, **whether acting for the interests of itself, its members, or the general public**, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia and may recover or obtain the following remedies:
> (A) treble damages, or $ 1,500 per violation, whichever is greater, payable to the consumer;
> (B) reasonable attorney's fees;
> (C) punitive damages;
> (D) an injunction against the use of the unlawful trade practice;
> (E) in **representative actions**, additional relief as may be necessary to restore to the consumer money or property, real or personal, which may have been acquired by means of the unlawful trade practice; or
> (F) any other relief which the court deems proper

Id. (emphasis added). The next provision of the CPPA states: "The remedies or penalties provided by this chapter are cumulative and in addition to other remedies or penalties provided by law." D.C. Code § 28-3905(k)(2). In Breakman v. AOL LLC, 545 F. Supp. 2d 96 (D.D.C. 2008), the D.C. District Court correctly held that the CPPA authorizes a representative action that is "a separate and distinct procedural vehicle from a class action." Id. at 101. The court acknowledged that the CPPA allows for a "representative private attorney general suit." Id.

Breakman's conclusion that the CPPA provides for non-class representative actions is consistent with the text of the statute, as well as the purpose of consumer protection laws, which is to prevent damage to consumers resulting from unfair and deceptive acts and practices. The express purposes of the CPPA are to "ensure that a just mechanism exists to remedy all improper trade practices and deter the continuing use of such practices," and to "promote, through effective enforcement, fair business practices throughout the community." D.C. Code § 28-3901(b). Consistent with its purposes, the

CPPA does not require individualized showing of reliance on fraud. The CPPA provides relief "whether or not a potential purchaser is, in fact, misled" by fraudulent misrepresentations or omissions. D.C. Code § 28-3904. The representative action provision allows for groups of consumers to obtain restitution or disgorge fraudulently obtained profits without showing individualized reliance on the fraud and without requiring that the group tackle the often significant and expensive Rule 23 class certification hurdle.

The CPPA's non-class representative action provision is similar to a provision in California's Unfair Competition Law (UCL) that authorized non-class representative actions until it was amended by a ballot initiative in 2004.[1] Cal. Bus. & Prof. Code § 17200 et seq.; see also H. Scott Leviant, Practitioner's Note: Unintended Consequences: How the Passage of Ballot Proposition 64 May Increase the Number of Successful Wage and Hour Class Actions in California, 6 U.C. Davis Bus. L. J. 183, 185-86, 198 (2006) (describing the amendments to California's UCL as eliminating non-class representative actions). Prior to its amendment, California's UCL authorized actions by "any person acting for the interests of itself, its members or the general public." Cal. Bus. & Prof. Cod § 17204 (amended 2004). Courts interpreted this provision to allow non-class representative actions, where private individuals seek disgorgement or restitution on behalf of others who were also harmed by the unlawful practice, without Rule 23 class certification. See, e.g., Boston Reed Co. v. Pitney Bowes, Inc., No. 02-01106, 2002 U.S. Dist. LEXIS 11683, *21 (N.D. Cal. June 20, 2002) (declining to

---

[1] The California ballot initiative modified the statute so that UCL representative actions are now only permitted if California procedural rules for joinder or class action are satisfied, and it now requires actual injury to the plaintiff. California Proposition 64 (Nov. 2, 2004); Cal. Bus. & Prof. Code §§ 17203, 17204 (LexisNexis 2008).

exercise federal diversity jurisdiction over representative UCL claims because non-class representative claims that involve separate and distinct claims are not aggregated).

Like California's UCL prior to 2004, the CPPA allows private individuals to seek disgorgement or restitution on behalf of the general public without complying with the requirements of Rule 23. Both CPPA and the prior UCL are "fundamentally a state-law cause of action(s)" that are intended to redress unlawful business practices within the state that should not be before a federal court. Id. at *20-21.

### III. Because Plaintiff Has Brought a Non-Class Representative Action, This Court Does Not Have Jurisdiction

In holding that a CPPA representative action is distinct from class action, the Breakman court referred to the action as a "representative private attorney general suit." Breakman, 545 F. Supp. 2d at 101. A private attorney general suit "on behalf of the general public . . . pursuant to a State statute specifically authorizing such action" is not a "mass action" under CAFA, and it is not removable to federal court via CAFA. Id. (citing 28 U.S.C. § 1332(d)). Moreover, a court cannot aggregate actual and statutory damages to determine the amount in controversy in a non-class representative action. Id. at 103-04 (citing Reigner v. Ingersoll-Rand Co., 461 F. Supp. 2d 1, 1-2 (D.D.C. 2004)); Boston Reed Co., 2002 U.S. Dist. LEXIS 11683, at *21. Thus, this Court lacks jurisdiction over Plaintiff's non-class representative action.

### IV. Conclusion

Because Plaintiff has brought a representative action under the CPPA, and because the amount in controversy does not exceed $75,000 for each claim, this case should be removed to Superior Court.

Dated: September 5, 2008               Respectfully Submitted,

                                       /s/ Ellen L. Eardley
                                       Steven A. Skalet (D.C. Bar No. 359804)
                                       Craig L. Briskin (D.C. Bar No. 84126)
                                       Ellen L. Eardley (D.C. Bar No. 488741)
                                       Mehri & Skalet, PLLC
                                       1250 Connecticut Ave., N.W., Suite 300
                                       Washington, DC  20036
                                       (202) 822-5100
                                       *Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the forgoing Response to Order to Show Cause was electronically filed with the Court and the following Counsel of Record this 5th day of September, 2008:

David Zetoony
Bryan Cave LLP
700 13th St. N.W. Ste 700
Washington, D.C. 20005
(202) 508-6030 (phone)

                                       /s/ Ellen L. Eardley
                                       Ellen L. Eardley