UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL MARGOLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1648 (RMC) |
| | ) |
| U-HAUL INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER

Michael Margolis initiated this case in the Superior Court of the District of Columbia under the District of Columbia Consumer Protection Procedures Act ("CCPA"), D.C. Code §§ 28-3901 *et seq.* (2007), on behalf of himself and as a representative of other consumers. U-Haul International, Inc. ("U-Haul International"), removed the case to this Court based on diversity jurisdiction. *See* Notice of Removal [Dkt. # 1] ¶ 12 ("there is a reasonable probability that the stakes exceed the minimum of $75,000 . . . when all of Plaintiff's requested relief is considered"). On July 14, 2008, the Court ordered U-Haul International to show cause why this case should not be remanded due to an insufficient amount in controversy. Dkt. # 22. Based on U-Haul International's filing, and Mr. Margolis's response, the Court will remand this case to Superior Court.

Removal is appropriate only when a case might have originally been brought in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal subject-matter jurisdiction exists. *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 101 (D.D.C. 2008); *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 152 (D.D.C. 2007). Given the substantial federalism concerns raised by a federal court's exercise of jurisdiction over a removed case, *Your*

*Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385, 2006 U.S. Dist. LEXIS 20665, at *7 (D.D.C. Apr. 18, 2006), any ambiguities regarding the existence of removal jurisdiction must be resolved in favor of remand.  *Breakman*, 545 F. Supp. 2d at 101; *Wexler*, 496 F. Supp. 2d at 152.

The CCPA contains a private attorney general provision, which authorizes "[a] person, whether acting for the interests of itself, its members, or the general public" to bring an action "seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia." D.C. Code § 28-3905(k)(1).  Although Mr. Margolis is bringing this action on behalf of others similarly situated and the general public, the actual and statutory damages, including punitive damages to similarly situated individuals other than Mr. Margolis, are not aggregated in determining the amount in controversy.  *See Breakman*, 545 F. Supp. 2d at 103-04 (rejecting the defendant's request that the court aggregate actual and statutory damages to all consumers in determining the amount in controversy where the plaintiff brought a non-class action matter on behalf of the general public under the CPPA) (citing *Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1, 1-2 (D.D.C. 2004)).

In its Order to Show Cause, the Court laid out this summary of the law and its specific concerns with the alleged amount of controversy in the instant case.  *See* July 14, 2008 Order at 2-3 (explaining that Defendant's contentions regarding the amount in controversy were speculative, and that speculation without a factual basis does not satisfy the Defendant's burden of establishing federal jurisdiction) (citing *Wexler*, 496 F. Supp. 2d at 155)).  In response, U-Haul International argues that this Court has jurisdiction because Mr. Margolis "seeks to represent, and recover monetary damages on behalf of, thousands of absent parties," and therefore, "Plaintiff's suit resembles a class action and fits squarely within the [Class Action Fairness Act ("CAFA"), 28

U.S.C. § 1332(d)(2)]." Defs.' Resp. to Order to Show Cause [Dkt. # 23] at 1. This argument implicitly concedes that this case may not proceed in federal court unless it may be characterized as a class action.

CAFA provides federal courts with original jurisdiction over class actions where there is simple diversity and an aggregated amount in controversy exceeding $5,000,000. 28 U.S.C. §§ 1332(d)(2)(A), (B) (2008). However, representative private attorneys general actions brought under the CCPA are distinct from class actions. *See Breakman*, 545 F. Supp. 2d at 101 (explaining that the CCPA authorizes a representative action that is "a separate and distinct procedural vehicle from a class action."); *see also* 28 U.S.C. § 1332(d)(11)(B)(ii)(III) ("when all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action," the suit will not be removable pursuant to 28 U.S.C. § 1332(d)).

Mr. Margolis contends that "the amount in controversy does not exceed $75,000 for each claim," and therefore, "this case should be [remanded] to Superior Court." *See* Pl.'s Resp. to Order to Show Cause [Dkt. # 24] at 6; *see also RWN Dev. Group, LLC v. Travelers Indem. Co. of Conn.*, 540 F. Supp. 2d 83, 89 (D.D.C. 2008) ("As a result of the plaintiffs having initiated this case in state court, 'there is a strong presumption that the plaintiff[s] [have] not claimed a large amount in order to confer jurisdiction on a federal court.'") (alterations in original) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)). Like the plaintiff in *Breakman*, Mr. Margolis "has not attempted to comply with Rule 23 of the D.C. Superior Court Rules of Civil Procedure [governing class actions], and he has not sought class certification. . . . Hence, this representative action is authorized by District of Columbia statute and is a separate and distinct

procedural vehicle from a class action." 545 F. Supp. 2d at 101.

Because this is not an action to which the CAFA applies, the total possible damages at stake is short of $75,000, the minimum amount in controversy required to maintain diversity jurisdiction. Accordingly, this matter must be remanded. It is hereby

**ORDERED** that the Court's July 14, 2008 Order to Show Cause is **DISCHARGED**; and it is

**FURTHER ORDERED** that this case is **REMANDED** to the Superior Court for the District of Columbia; and it is

**FURTHER ORDERED** that the pending Motion to Strike Class Allegations and Motion to Dismiss the Complaint [Dkt. # 6] are **DENIED** without prejudice as moot; and it is

**FURTHER ORDERED** that the Motion for Leave to File Reply [Dkt. # 21] is **DENIED** as moot.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date: September 8, 2008