# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

07-1648 RMC

**No. 08-7122**                                              **September Term, 2008**

Filed On: April 6, 2009

IN RE: U-HAUL INTERNATIONAL, INC.,
PETITIONER

On Petition for Leave to Appeal from the
United States District Court for the District of Columbia

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED   APR   6 2009

CLERK

Before: ROGERS,* GARLAND and BROWN, *Circuit Judges*.

## JUDGMENT

This petition for leave to appeal was considered on the record from the United States District Court for the District of Columbia as well as the briefs and oral arguments of counsel. It is

**ORDERED** and **ADJUDGED** that the petition for leave to appeal is hereby denied. Section 1453(c) of title 28 of the United States Code provides that "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed . . . ." The court will exercise its discretion to decline to accept an appeal from the district court's order remanding this case back to the Superior Court of the District of Columbia. U-Haul International, Inc. argues that a "private attorneys general action" brought under the D.C. Consumer Protection Procedures Act must be litigated as a class action under Rule 23. This is not clear as a matter of District of Columbia law, and the local courts should determine how this action, purported to be a non-class representative action, should proceed.

No mandate will issue because no appeal has been allowed.

*PER CURIAM*

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk

\*       The opinion of Circuit Judge Rogers dissenting from the denial of the petition for leave to appeal is attached.

ROGERS, *Circuit Judge*, dissenting from the denial of the petition for leave to appeal pursuant to 28 U.S.C. § 1453(c)(1). Although the court is in agreement that a potentially dispositive question of District of Columbia law should be decided by the District of Columbia courts, as the district court's order of remand effectively requires, we differ on how that goal is to be achieved under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA"). Because the petition for leave to appeal was timely filed and it raises questions of federal law not yet addressed by this court, the petition should be granted. However, federal court jurisdiction under CAFA depends on whether D.C. law permits a plaintiff to bring a claim on behalf of the general public as a non-class representative action. The D.C. Court of Appeals has yet to address this question, and CAFA's time limitations on appellate review prevent this court from certifying the question to that court. Therefore, I would deny the appeal and thereby afford the District of Columbia courts an opportunity to decide the key question under the D.C. Consumer Protection Procedures Act ("D.C. Consumer Act"), D.C. Code § 28-3905(k)(1).

## I.

To set the context: Michael Margolis rented a U-Haul truck that broke down twice. As a result, he filed a complaint against U-Haul International, Inc. ("U-Haul") in the Superior Court of the District of Columbia pursuant to the D.C. Consumer Act.[1]

---

[1] The D.C. Consumer Act provides, in relevant part:

> A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of

2

In addition to pursuing his own individual claims, he sued "in a representative capacity for similarly situated purchasers in the District of Columbia." Compl. at 1. Margolis describes his complaint as a non-class representative action or a private attorney general action on behalf of the general public that is provided for in the D.C. Consumer Act. He seeks, on behalf of himself and in his representative capacity on behalf of the general public of the District of Columbia, monetary damages (including statutory treble damages), punitive damages, attorneys' fees and costs, and such other relief as the court may deem proper. For himself, he also seeks an accounting. For the general public only, he seeks injunctive relief.

U-Haul removed the case to the federal district court on September 19, 2007 on the basis that the district court had jurisdiction over the complaint as a class action under 28 U.S.C. § 1332(d)(2)(A), (B), or, in the alternative, had traditional diversity jurisdiction under 28 U.S.C. § 1332(a)(1), (2). The district court, *sua sponte*, requested briefing on subject matter jurisdiction. On September 8, 2008, the district court determined it lacked subject matter jurisdiction and ordered the case be remanded to the D.C. Superior Court: the amount in controversy did not exceed $75,000 for each claim, as required for federal jurisdiction under 28 U.S.C. § 1332(a), and the

---

Columbia and may recover or obtain the following remedies: (A) treble damages, or $1,500 per violation, whichever is greater, payable to the consumer; (B) reasonable attorney's fees; (C) punitive damages; (D) an injunction against the use of the unlawful trade practice; (E) in representative actions, additional relief as may be necessary to restore to the consumer money or property, real or personal, which may have been acquired by means of the unlawful trade practice; or (F) any other relief which the court deems proper.

D.C. Code § 28-3905(k)(1).

3

complaint was not a "class action" under CAFA, 28 U.S.C. § 1332(d)(2). On September 12, 2008, U-Haul filed a petition in this court for permission for leave to appeal the order of remand pursuant to 28 U.S.C. § 1453(c), with respect to jurisdiction under section 1332(d)(2).

## II.

In CAFA, Congress set two time limits of significance here.[2] The first involves the timing of an application for

---

[2] More generally, CAFA revises class action rules and diversity jurisdiction requirements to address some concerns regarding class action practice. The legislative history in the 109th Congress, when CAFA was enacted, is extremely limited. There is no House or Conference Report, no amendments were adopted on the Senate floor, and the House adopted the Senate bill without amendment. *Compare* S. 5, 109th Cong. (as reported by S. Comm. on the Judiciary, Feb. 3 2005), *with* S. 5 (as passed by the Senate, Feb. 10, 2005); *see* 151 Cong. Rec. S1610 (daily ed. Feb. 17, 2005) (reporting that House passed S. 5 without amendment). The Report of the Senate Judiciary Committee was filed on the date that the President signed the bill into law, S. Rep. 109-14, 109th Cong. 1st Sess., at 79 (Feb. 28, 2005), reprinted in 2005 U.S.C.C.A.N. 3 (additional view of Sen. Leahy), and thus its persuasive force regarding congressional intent is problematic, *cf. Hamdan v. Rumsfeld*, 548 U.S. 557, 580 n.10 (2006); *but see Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008) (relying on S. Rep. 109-14). According to CAFA's supporters on the Senate Judiciary Committee, CAFA's three key components were designed to protect consumers, to allow federal courts to hear more interstate class actions, and to ensure that attorneys' fees were determined "in a fair and reasonable way." S. Rep. 109-14 at 5. The removal provision was designed, according to these proponents, "to prevent plaintiffs from evading federal jurisdiction by hiding the true nature of their case." *Id.* at 9. However, CAFA's proponents on the Committee understood that CAFA would leave in state court complaints filed on behalf of the

4

appellate review of a remand order. CAFA provides for such review at the discretion of the appellate court where an application for appeal is filed "not less than 7 days" after the entry of the district court's remand order. 28 U.S.C. § 1453(c)(1).[3] U-Haul filed an application for appeal 4 days after the district court entered its order remanding this case to the D.C. Superior Court. There is a circuit split with respect to whether the phrase "not less than 7 days" should be read literally or to mean "more."[4] The circuits agree, however, that an application filed prior to seven days is either timely, *see, e.g., Estate of Pew v. Cardarelli*, 527 F.3d 25, 28 (2d Cir. 2008), or may be treated as a premature application that ripens into a timely application by analogy to Rule 4(a)(2) of the Federal

---

general public under "a law like the California Unfair Competition Law, which allows individuals to bring a suit on behalf of the general public." *Id.* at 47.

[3] Section 1453(c)(1) provides, in relevant part:

> [A] court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order.

28 U.S.C. § 1453(c)(1).

[4] *Compare Estate of Pew v. Cardarelli*, 527 F.3d 25, 28 (2d Cir. 2008); *Morgan v. Gay*, 466 F.3d 276, 277–79 (3d Cir. 2006); *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc.*, 435 F.3d 1140, 1145–46 (9th Cir. 2006); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093 n.2 (10th Cir. 2005); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1326 (11th Cir. 2006); *with Spivey v. Vertrue, Inc.*, 528 F.3d 982, 983–85 (7th Cir. 2008). *See also* S. Rep. 109-14 at 49 (stating that "parties must file a notice of appeal within seven days after entry of a remand order").

5

Rules of Appellate Procedure, *see Spivey v. Vertrue, Inc.*, 528 F.3d 982, 984 (7th Cir. 2008). Thus, whether the statute is read to require filing within or after seven days, U-Haul's application would be deemed timely.

Margolis' suggestion that this court lacks jurisdiction of this appeal because the district court acted *sua sponte* and not in response to a motion to remand a class action from one of the parties is without merit. A court acting *sua sponte* acts on its "own motion." *Cf. Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 316 (2006). The district court here properly afforded the parties an opportunity to brief the question by issuing an order to show cause. In turn, Margolis argued for remand because this was a non-class representative action not subject to CAFA or Rule 23 of the Federal Rules of Civil Procedure; U-Haul argued against remand as this was a class action under CAFA. Under the circumstances, U-Haul's application for leave to appeal is properly before this court as the remand order falls within section 1453(c)(1). Upon accepting the appeal, our review of the dismissal for lack of subject matter jurisdiction is *de novo. See Nix v. Billington*, 448 F.3d 411, 414 (D.C. Cir. 2006); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007).

CAFA also sets a time limit for appellate proceedings, requiring this court to "complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed." 28 U.S.C. § 1453(c)(2).[5]

---

[5] Section 1453(c)(2) provides:

> If the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was

6

The appellate court itself may extend the period for 10 days, *id.* § 1453(c)(3), and the parties may also agree to an extension of any length, *id.* However, if the court fails to act within the time provided by CAFA, the appeal must be denied, *id.* § 1453(c)(4). As interpreted by all of our sister circuits that have addressed the issue, the 60 days does not begin to run until the appellate court grants permission to file the appeal.[6] This consensus is based on interpreting section 1453 in light of Rule 5(d)(2) of the Federal Rules of Appellate Procedure, which provides that "[t]he date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under these rules." Even assuming that this court's time to act began

---

filed, unless an extension is granted under paragraph (3).

28 U.S.C. § 1453(c)(2). Paragraph (3) provides:

The court of appeals may grant an extension of the 60-day period described in paragraph (2) if –

(A) all parties to the proceeding agree to such extension, for any period of time; or

(B) such extension is for good cause shown and in the interests of justice, for a period not to exceed 10 days.

28 U.S.C. § 1453(c)(3).

[6] *See DiTolla v. Doral Dental IPA of N.Y., LLC*, 469 F.3d 271, 274-75 (2d Cir. 2006); *Morgan v. Gay*, 471 F.3d 469, 471-72 (3d Cir. 2006); *Patterson v. Dean Morris, LLP*, 444 F.3d 365, 368-69 (5th Cir. 2006); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 678-79 (7th Cir. 2006); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 996-97 (9th Cir. 2007); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1162-63 (11th Cir. 2006).

7

to run when U-Haul's petition for permission to appeal was filed, the parties have agreed that this court's time to resolve U-Haul's appeal will not expire until April 6, 2009.

U-Haul contends on the merits that a complaint filed pursuant to the D.C. Consumer Act that includes a request for relief on behalf of the general public may proceed only as a class action under Rule 23 of the Federal Rules of Civil Procedure or Rule 23 of the D.C. Superior Court's Rules of Civil Procedure. It adopts the view that a "class action" under CAFA "includes any action which 'resemble[s]' a class action, such that the real parties in interest are absentees, even if that action is not brought under Rule 23." Petitioner-Appellant's Br. at 4 (quoting S. Rep. 109-14 at 35). Thus, U-Haul maintains, the D.C. Consumer Act establishes a right of action, but not a separate and distinct procedural mechanism for pursing an action. Margolis responds that his complaint is filed under a D.C. statute that provides "a separate and distinct procedural vehicle from a class action," *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 101 (D.D.C. 2008), and he disclaims any reliance on any D.C. rule or statute authorizing a class action.

Under CAFA, a "class action" is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons *as a class action*." 28 U.S.C. § 1332(d)(1)(b) (emphasis added). On its face this definition would appear to exclude, as the district court ruled, a complaint that is not filed as a class action. To the extent a further wrinkle is presented because CAFA defines a "mass action" as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," *id.* § 1332(d)(11)(B)(i), U-Haul did not seek removal on this ground and the parties are

8

agreed that Margolis' complaint does not state a "mass action." Were Margolis' complaint to be treated as a "mass action," it would likely be removable under CAFA to the extent it does not fall within the exclusion for "mass actions" in which "all claims" are brought on behalf of the general public. *Id.* § 1332(d)(11)(B)(ii)(III). For now, however, this court has no occasion to second guess the parties' strategic choices. *See Gavin v. AT&T Corp.*, 464 F.3d 634, 640-41 (7th Cir. 2006); *Breakman*, 545 F. Supp. 2d at 101-02; *but see Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008).

Clarification by the District of Columbia courts regarding whether Margolis' complaint may proceed as a non-class representative action under the D.C. Consumer Act could dispose of the jurisdictional issue under CAFA presented by U-Haul's appeal. Were the D.C. Consumer Act so interpreted, the complaint would not be a "class action" under CAFA. In the usual situation where an open question of District of Columbia law could be dispositive of an issue before the federal court, the question could be certified to the D.C. Court of Appeals, the District of Columbia's highest court. *See* D.C. Code § 11-723(a). Even assuming that CAFA's 60-day clock does not begin to run until this court accepts U-Haul's appeal, so as to be able to order the certification, that still would not afford sufficient time for this court to receive a response from the D.C. Court of Appeals, which has its own docket priorities.

In sum, I would hold that U-Haul's petition for leave to appeal the order remanding the case to the D.C. Superior Court was timely filed. I would grant the petition because it raises questions under CAFA that this court has not yet addressed. It further presents a question under District of Columbia law that its highest court has not addressed. Because resolution of that question could be dispositive of our jurisdiction under CAFA, I would, under these particular circumstances, deny the appeal.

Case 1:07-cv-01648-RMC   Document 27   Filed 04/06/09   Page 10 of 10

9

CAFA's time limitations on appellate review effectively prevent this court from timely obtaining the opinion of the D.C. Court of Appeals but the district court has ordered the case be remanded. Denying the appeal thus affords the District of Columbia courts the opportunity to decide whether Margolis' complaint may proceed (with or without his individual claim) as a non-class representative action under the D.C. Consumer Act.